## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MO-KAN IRON WORKERS PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>  Plaintiff,<br><br>  v.<br><br>TELIGENT, INC. and JASON GRENFELL-GARDNER,<br><br>  Defendants. | Case No. 1:19-cv-03354-VM |

**MEMORANDUM OF LAW IN SUPPORT OF OKLAHOMA POLICE PENSION FUND AND RETIREMENT SYSTEM'S MOTION FOR APPOINTMENT AS <u>LEAD PLAINTIFF AND APPROVAL OF ITS SELECTION OF LEAD COUNSEL</u>**

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL BACKGROUND ...................................................................................................... 2

LEGAL STANDARD................................................................................................................... 3

ARGUMENT................................................................................................................................. 4

    I.     OKLAHOMA POLICE IS THE PRESUMPTIVE LEAD PLAINTIFF AND SHOULD BE APPOINTED LEAD PLAINTIFF..........................................4

         A.     Oklahoma Police Filed a Timely Motion.......................................................4

         B.     Oklahoma Police Has the Largest Financial Interest in the Relief Sought by the Class.......................................................................................4

         C.     Oklahoma Police Satisfies Rule 23................................................................5

    II.    OKLAHOMA POLICE'S SELECTION OF LEAD COUNSEL SHOULD BE APPROVED .........................................................................................................7

CONCLUSION............................................................................................................................. 9

## **TABLE OF AUTHORITIES**

**P**AGE(S)

**C**ASES

*Constance Sczesny Tr. v. KPMG LLP*,
   223 F.R.D. 319 (S.D.N.Y. 2004) ........................................................................................7

*Cornwell v. Credit Suisse Grp.*,
   No. 1:08-cv-03758 (S.D.N.Y. July 20, 2011) .....................................................................8

*Maliarov v. Eros Int'l PLC*,
   No. 15-CV-8956 (AJN), 2016 WL 1367246 (S.D.N.Y. Apr. 5, 2016) ............................1, 3

*Peters v. Jinkosolar Holding Co., Ltd.*,
   No. 11 Civ. 7133(JPO), 2012 WL 946875 (S.D.N.Y. Mar. 19, 2012) ............................4, 5

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*,
   229 F.R.D. 395 (S.D.N.Y. 2004) ........................................................................................7

*Taft v. Ackermans*,
   No. 02 Civ. 7951(PKL), 2003 WL 402789 (S.D.N.Y. Feb. 20, 2003) ...............................6

*Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*,
   95 F. Supp. 3d 607 (S.D.N.Y. 2015)...................................................................................7

*In re Tronox, Inc. Sec. Litig.*,
   262 F.R.D. 338 (S.D.N.Y. 2009) ................................................................................3, 4, 6

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
   589 F. Supp. 2d 388 (S.D.N.Y. 2008).................................................................................6

**S**TATUTES, **R**ULES & **R**EGULATIONS

15 U.S.C.
   §78u-4(a)(1) ........................................................................................................................3
   §78u-4(a)(3)(A)(i) ...............................................................................................................3
   §78u-4(a)(3)(A)(i)(II)-(B)(iii)(I) .........................................................................................3
   §78u-4(a)(3)(B) ...................................................................................................................3
   §78u-4(a)(3)(B)(i) ...............................................................................................................1
   §78u-4(a)(3)(B)(iii) .............................................................................................................5
   §78u-4(a)(3)(B)(iii)(I)(aa)-(cc) .......................................................................................2, 3
   §78u-4(a)(3)(B)(iii)(I)(cc) ...................................................................................................5
   §78u-4(a)(3)(B)(iii)(II)(aa) .................................................................................................7
   §78u-4(a)(3)(B)(v) ..............................................................................................................7

Putative Class[1] member and Lead Plaintiff movant Oklahoma Police Pension Fund and Retirement System ("Oklahoma Police" or "Movant"), on behalf of itself and all others similarly situated, respectfully submits this Memorandum of Law in support of its motion: (1) appointing Oklahoma Police as Lead Plaintiff on behalf of all persons or entities who purchased or otherwise acquired Teligent, Inc. ("Teligent" or the "Company") securities on the open market during the Class Period; (2) approving Oklahoma Police's selection of Scott+Scott Attorneys at Law LLP ("Scott+Scott") as Lead Counsel for the putative Class; and (3) granting such other and further relief as the Court may deem just and proper (the "Motion").

## **PRELIMINARY STATEMENT**

Presently pending before the Court is a securities class action brought on behalf of all persons who purchased or otherwise acquired Teligent securities between May 2, 2017 and November 7, 2017, inclusive (the "Class Period").  The plaintiff alleges violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. §240.10b-5.

The Private Securities Litigation Reform Act of 1995, as amended, 15 U.S.C. §78u-4(a)(3)(B) (the "PSLRA"), provides that a court must appoint as lead plaintiff the "most adequate plaintiff."  15 U.S.C. §78u-4(a)(3)(B)(i); *see also Maliarov v. Eros Int'l PLC*, No. 15-CV-8956 (AJN), 2016 WL 1367246, at *2 (S.D.N.Y. Apr. 5, 2016).[2]  Oklahoma Police is the most adequate plaintiff because it timely moved to be lead plaintiff, has the largest financial

---

[1] The "Class" is comprised of all persons or entities other than Defendants who purchased or otherwise acquired Teligent, Inc. securities on the open market during the Class Period (defined herein).  "Defendants" collectively include Teligent, Inc. and Jason Grenfell-Gardner.

[2] Unless otherwise indicated, citations are omitted and emphasis is added.

1

interest in the litigation (with approximately $566,000 in recoverable losses),[3] and satisfies the representative requirements set forth in Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa)-(cc).

For the reasons summarized herein and discussed more fully below, Oklahoma Police's Motion should be approved in its entirety.

## FACTUAL BACKGROUND

Defendant Teligent is a specialty generic pharmaceutical company.  ¶3.[4]  The Company researches, develops, produces, supplies, and sells generic pharmaceutical products.  ¶15.  According to the Complaint, throughout the Class Period, Teligent and its President and Chief Executive Officer ("CEO") Jason Grenfell-Gardner ("Grenfell-Gardner") made materially false and misleading statements regarding the Company's business, operational, and compliance policies.  ¶¶4, 16-17.  Specifically, Defendants made false and/or misleading statements regarding, and/or failed to disclose, product non-conformities in research and development ("R&D") and non-compliance with applicable regulations.  *Id.*  As a result of these false and/or misleading statements, Teligent securities traded at inflated prices until revelation of the Company's financial struggles following the disclosure of the Company's third quarter 2017 results caused a precipitous decline in market value, thereby causing significant losses and damages to Movant and other Class members.  ¶¶5, 18-20.

On April 15, 2019, Plaintiff Mo-Kan Iron Workers Pension Fund ("Mo-Kan") filed an action in the U.S. District Court for the Southern District of New York, captioned *Mo-Kan Iron*

---

[3] Movant's certification identifying its Teligent transactions during the Class Period, as required by the PSLRA, as well as a chart identifying its losses, are attached to the Declaration of Thomas L. Laughlin, IV ("Laughlin Decl."), filed in support hereof, as Exs. B-C, respectively.

[4] All "¶__" and "¶¶__" citations refer to the Class Action Complaint for Violations of Federal Securities Laws filed in this action on April 15, 2019 (ECF No. 1) (the "Complaint").

2

*Workers Pension Fund v. Teligent, Inc*, No. 1:19-cv-03354 (the "*Mo-Kan* Action"), on behalf of purchasers of Teligent securities between May 2, 2017 and November 7, 2017, inclusive, asserting claims under §§10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder. ¶1.

## **LEGAL STANDARD**

The PSLRA establishes the procedure for appointment of the lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *id.* at (a)(3)(B). First, the plaintiff who files the first-filed action must publish a notice to the class within 20 days of filing the action informing class members of their right to file a motion for appointment as lead plaintiff (the "Early Notice"). 15 U.S.C. §78u-4(a)(3)(A)(i). Second, within 60 days after publication of the Early Notice, any member of the proposed class may apply to the court to be appointed as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i)(II)-(B)(iii)(I).

Finally, "the Court is required to appoint the 'most adequate plaintiff' as lead plaintiff." *Maliarov*, 2016 WL 1367246, at *2 (quoting 15 U.S.C. §78u-4(a)(3)(B)(i)). Under this Exchange Act provision, "the 'most adequate plaintiff' [is] determined by a two-step competitive process." *In re Tronox, Inc. Sec. Litig.*, 262 F.R.D. 338, 343 (S.D.N.Y. 2009). First, the Exchange Act provides that the court is to presume the "most adequate plaintiff" to be the class member who: (a) "has either filed [a] complaint or made a motion [for lead plaintiff] in response to a notice"; (b) "has the largest financial interest in the relief sought"; and (c) "otherwise satisfies the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(aa)-(cc); *see also Tronox*, 262 F.R.D. at 343-44. The Rule 23 element of the presumption necessitates only a "preliminary showing that [the movant] satisfies the typicality and adequacy requirements of

3

Rule 23." *Id.* at 344.  Second, so long as the presumption is not rebutted, the "most adequate plaintiff" is to be appointed the lead plaintiff.  *Id.*  As demonstrated below, Oklahoma Police meets these requirements and should be appointed to serve as Lead Plaintiff.

## ARGUMENT

I. **OKLAHOMA POLICE IS THE PRESUMPTIVE LEAD PLAINTIFF AND SHOULD BE APPOINTED LEAD PLAINTIFF**

   A. **Oklahoma Police Filed a Timely Motion**

On April 15, 2019, the same day the *Mo-Kan* Action was filed, a notice of pendency of the action was published on *BusinessWire*, a national, business-oriented newswire service.  *See* Laughlin Decl., Ex. A.  The requirements of §78u-4(a)(3)(A)(i) have, therefore, been met.  The Early Notice states that all putative class members seeking to be appointed lead plaintiff are required to move for appointment no later than 60 days from the publication of the Early Notice (*i.e.*, by June 14, 2019).  *See id.*

Oklahoma Police's motion for appointment as Lead Plaintiff is therefore timely filed.  Moreover, Oklahoma Police submits herewith a certification stating its willingness to serve as a representative party on behalf of the class and providing its Class Period transactions.  *See* Laughlin Decl., Ex. B.

   B. **Oklahoma Police Has the Largest Financial Interest in the Relief Sought by the Class**

To its knowledge, Oklahoma Police is the lead plaintiff movant with the largest financial interest in the relief sought by the Class.  "Courts in this District generally look at the following factors to determine financial interest: '(1) the total number of shares purchased during the class period; (2) the net shares purchased during the class period . . . ; (3) the net funds expended during the class period . . . ; and (4) the approximate losses suffered.'"  *Peters v. Jinkosolar*

4

*Holding Co., Ltd.*, No. 11 Civ. 7133(JPO), 2012 WL 946875, at *5 (S.D.N.Y. Mar. 19, 2012) (citing *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007)). "It is well settled that '[f]inancial loss, the last factor, is the most important element of the test.'" *Id.* (citing *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 395 (S.D.N.Y. 2008)) (alteration in original).

As evidenced by the PSLRA certification and charts detailing transactions and losses filed herewith, Oklahoma Police purchased or otherwise acquired Teligent securities during the Class Period and suffered losses as a result of Defendants' misconduct. *See* Laughlin Decl., Exs. B-C. Specifically, Oklahoma Police suffered losses of approximately $566,000. *Id.* As to the other factors courts look to, Oklahoma Police purchased 109,430 total shares of Teligent during the Class Period, sold all of its shares on November 7, 2017, and expended $916,047.87 during the Class Period. *Id.*

Oklahoma Police thus has a significant financial interest in this case. Moreover, Oklahoma Police is unaware of any other movant that has sustained greater financial losses in connection with their Teligent transactions during the Class Period. Therefore, Oklahoma Police has the "largest financial interest in the relief sought by the class." 15 U.S.C. §78u-4(a)(3)(B)(iii).

    **C.**    **Oklahoma Police Satisfies Rule 23**

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(iii), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Of the Rule 23 prerequisites, only two − typicality and adequacy − directly address the personal characteristics of the lead plaintiff movant. Consequently, in deciding a

motion to appoint lead plaintiff, the Court need only make findings as to the typicality and adequacy of the proposed lead plaintiff, and at this stage, those findings need only be "'preliminary.'" *Tronox*, 262 F.R.D. at 344. Oklahoma Police easily makes this preliminary showing.

"Typicality 'requires that the claims of the class representatives be typical of those of the class, and is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Id.* Here, the claims asserted by Oklahoma Police are typical of the claims of the other members of the putative Class because, like all other Class members, it: (a) purchased or otherwise acquired Teligent securities during the Class Period; (b) was adversely affected by Defendants' allegedly false and misleading statements; and (c) suffered damages as a result thereof. Since Oklahoma Police's claims are based on the same legal theories and arise from the same event, practice, or course of conduct that gives rise to the claims of other Class members, typicality is satisfied. *See similarly Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008); *Taft v. Ackermans*, No. 02 Civ. 7951(PKL), 2003 WL 402789, at *3 (S.D.N.Y. Feb. 20, 2003).

With respect to adequacy, a plaintiff is an adequate class representative when it possesses common interests and an absence of conflict with fellow class members and the plaintiff's attorneys are qualified, experienced, and vigorously able to conduct the litigation. *See Tronox*, 262 F.R.D. at 343. Oklahoma Police is "adequate" to serve as class representative in the instant litigation because its interests are aligned with the interests of the putative Class. Oklahoma Police, like all other members of the Class, suffered losses as a result of purchasing Teligent securities at prices that were artificially inflated due to Defendants' alleged misstatements.

Oklahoma Police will, therefore, benefit from the same relief as other Class members. Oklahoma Police has also demonstrated that it is an adequate representative by retaining competent and experienced counsel. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. LaBranche & Co.*, 229 F.R.D. 395, 413 (S.D.N.Y. 2004) (considering qualifications of proposed lead counsel in evaluating adequacy); *Constance Sczesny Tr. v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004) (same). As shown below, Scott+Scott is highly qualified, experienced, and able to conduct this complex litigation in a professional manner. Accordingly, Oklahoma Police has made a *prima facie* showing that it satisfies all of the requirements of Rule 23 for the purposes of this motion.

## II. OKLAHOMA POLICE'S SELECTION OF LEAD COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the court's approval. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). In making this determination, a court should not disturb the lead plaintiff's choice of counsel unless it is necessary to "protect the interests of the class[.]" *Id.* at (B)(iii)(II)(aa). "There is a strong presumption in favor of approving a properly-selected lead plaintiff's decision as to counsel." *Topping v. Deloitte Touche Tohmatsu CPA, Ltd.*, 95 F. Supp. 3d 607, 623 (S.D.N.Y. 2015).

Oklahoma Police has selected the law firm of Scott+Scott to represent the Class. Scott+Scott has substantial experience in the prosecution of securities fraud class actions and possesses the necessary resources to efficiently conduct this litigation. *See* Laughlin Decl., Ex.

7

D. Specifically, Scott+Scott has served as lead or co-lead counsel in many high-profile class actions and recovered hundreds of millions of dollars for victims of corporate fraud.[5]

Scott+Scott's efforts have not gone unnoticed by the courts. For instance, in *Cornwell v. Credit Suisse Grp.*, a case in which Scott+Scott served as co-lead counsel and recovered $70 million for the class, the Court stated:

> Lead Plaintiffs' counsel demonstrated that notwithstanding the barriers erected by the PSLRA, they would develop evidence to support a convincing case. Based upon Lead Plaintiffs' counsel's diligent efforts on behalf of the Settlement Class, as well as their skill and reputations, Lead Plaintiffs' counsel were able to negotiate a very favorable result for the Settlement Class. Lead Plaintiffs' counsel are among the most experienced and skilled practitioners in the securities litigation field, and have unparalleled experience and capabilities as preeminent class action specialists.

No. 1:08-cv-03758, Order Awarding Attorneys' Fees and Expenses at 3, ¶9(c) (S.D.N.Y. July 20, 2011) (ECF No. 117).

Scott+Scott currently serves as court-appointed lead or co-lead counsel in various federal securities class actions, including *In re Evoqua Water Techs. Corp. Sec. Litig.*, No. 1:18-cv-10320 (S.D.N.Y.); *Silverberg v. DryShips Inc.*, No. 2:17-cv-04547 (E.D.N.Y.); *Robinson v. Diana Containerships Inc.*, No. 2:17-cv-06160 (E.D.N.Y.); *In re SanDisk LLC Sec. Litig.*, No. 15-cv-01455 (N.D. Cal.); and *Kanugonda v. Funko, Inc.*, No. 2:18-cv-00812 (W.D. Wash.).

---

[5] Recoveries obtained by Scott+Scott, acting as lead or co-lead counsel, include: *Weston v. RCS Capital Corp.*, No. 1:14-cv-10136 (S.D.N.Y.) ($31 million); *Policemen's Annuity & Benefit Fund of the City of Chi. v. Bank of Am., N.A.*, No. 1:12-cv-02865 (S.D.N.Y.) ($69 million); *In re Priceline.com Inc. Sec. Litig.*, No. 3:00-cv-01844 (D. Conn.) ($80 million); *Thurber v. Mattel, Inc.*, No. 2:99-cv-10368 (C.D. Cal.) ($122 million); *In re Emulex Corp. Sec. Litig.*, No. 8:01-cv-00219 (C.D. Cal.) ($39 million); *In re Sprint Sec. Litig.*, No. 00-230077 (Mo. Cir. Ct., Jackson Cty.) ($50 million); *In re Nw. Corp. Sec. Litig.*, No. 4:03-cv-04049 (D.S.D.) ($61 million); *Irvine v. Imclone Sys., Inc.*, No. 1:02-cv-00109 (S.D.N.Y.) ($75 million); *Schnall v. Annuity & Life Re (Holdings) Ltd.*, No. 3:02-cv-02133 (D. Conn.) ($27 million); and *In re Wash. Mut. Mortg. Backed Sec. Litig.*, No. 2:09-cv-00037 (W.D. Wash.) ($26 million).

In light of the foregoing, the Court should approve Oklahoma Police's selection of Scott+Scott as Lead Counsel.  The Court can be assured that by approving Movant's choice of counsel, the putative Class will receive the highest caliber of representation.

## CONCLUSION

For all the foregoing reasons, Oklahoma Police respectfully requests that the Court: (1) appoint Oklahoma Police as Lead Plaintiff on behalf of the Class; (2) approve Oklahoma Police's selection of counsel, Scott+Scott, as Lead Counsel; and (3) grant such other and further relief as the Court may deem just and proper.

DATED:  June 14, 2019

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

 */s/ Thomas L. Laughlin, IV*
Thomas L. Laughlin, IV (TL-8888)
Donald A. Broggi (DB-9661)
Rhiana L. Swartz (RS-2332)
Jeffrey P. Jacobson (JJ-6773)
The Helmsley Building
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6444
Facsimile:  212-223-6334
tlaughlin@scott-scott.com
dbroggi@scott-scott.com
rswartz@scott-scott.com
jjacobson@scott-scott.com

*Proposed Lead Counsel for Lead Plaintiff Movant*
*Oklahoma Police Pension Fund and Retirement System*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 14, 2019, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

               */s/Thomas L. Laughlin, IV*
               Thomas L. Laughlin, IV (TL-8888)