UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MO-KAN IRON WORKERS PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>               Plaintiff,<br><br>    vs.<br><br>TELIGENT, INC., and JASON GRENFELL-GARDNER,<br><br>              Defendants. | Case No. 1:19-cv-03354-VM |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF CITY OF
BOCA RATON POLICE AND FIREFIGHTERS RETIREMENT SYSTEM FOR
<u>APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL</u>**

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACTS ...................................................................................................... 3

ARGUMENT ........................................................................................................................ 4

I.      BOCA RATON PFRS SHOULD BE APPOINTED LEAD PLAINTIFF ........................ 4

      A.     Boca Raton PFRS is willing to serve as a Class Representative and has timely filed this motion to be appointed Lead Plaintiff. ................................... 5

      B.     Boca Raton PFRS has the "largest financial interest" in the Action. .................... 5

      C.     Boca Raton PFRS otherwise satisfies the Requirements of Rule 23. .................... 6

II.     LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED .......... 9

CONCLUSION ................................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Aude v. Kobe Steel, Ltd.*, 17-CV-10085,
 2018 U.S. Dist. LEXIS 57591 (S.D.N.Y. Apr. 4, 2018)...........................................7

*Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*,
 141 F.R.D. 229 (2d Cir. 1992) ...............................................................................7

*Chahal v. Credit Suisse Grp. AG*, 18-CV-2268 *et al.*,
 2018 U.S. Dist. LEXIS 104185 (S.D.N.Y. June 21, 2018)......................................6

*Dookeran v. Xunlei Ltd.*, 18-cv-467 (RJS) *et al.*,
 2018 U.S. Dist. LEXIS 62575 (S.D.N.Y. Apr. 12, 2018).........................................8

*Foley v. Transocean Ltd.*,
 272 F.R.D. 126 (S.D.N.Y. 2011) .............................................................................8

*Glauser v. EVCI Career Colleges Holding Corp.*,
 236 F.R.D. 184 (S.D.N.Y. 2006) .........................................................................2, 9

*In re Braskem S.A. Sec. Litig.*, 15 Civ. 5132 (PAE) *et al.*,
 2015 U.S. Dist. LEXIS 119183 (S.D.N.Y. Sept. 8, 2015).......................................9

*In re Drexel Burnham Lambert Grp., Inc.*,
 960 F.2d 285 (2d Cir. 1992).....................................................................................7

*In re Olsten Corp. Sec. Litig.*,
 3 F. Supp. 2d 286 (E.D.N.Y. 1998) .........................................................................6

*In re Orion Secs. Litig.*, 08 Civ. 1328 (RJS),
 2008 U.S. Dist. LEXIS 55368 (S.D.N.Y. July 7, 2008) ..........................................7

*In re Oxford Health Plans, Inc. Sec. Litig.*,
 182 F.R.D. 42 (S.D.N.Y. 1998) ...............................................................................7

*In re Veeco Instruments, Inc.*,
 233 F.R.D. 330 (S.D.N.Y. 2005) .........................................................................3, 9

*Janbay v. Canadian Solar, Inc.*,
 272 F.R.D. 113 (S.D.N.Y. 2010) .............................................................................7

*Kaplan v. Gelfond*,
 240 F.R.D. 88 (S.D.N.Y. 2007) ...............................................................................7

*Kaplan v. S.A.C. Capital Advisors, L.P.*,
    311 F.R.D. 373 (S.D.N.Y. 2015) ....................................................................................9

*Lax v. First Merchants Acceptance Corp.*, Nos. 97 C 2715 *et al.*,
    1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997)....................................................6

*Micholle v. Ophthotech Corp.*, 17-CV-210 (VSB) *et al.*,
    2018 U.S. Dist. LEXIS 41120 (S.D.N.Y. Mar. 13, 2018) ...................................3, 9

*Nurlybaev v. ZTO Express (Cayman) Inc.*, 17-CV-06130 (LTS)(SN),
    2017 U.S. Dist. LEXIS 187238 (S.D.N.Y. Nov. 13, 2017) ......................................6

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
    589 F. Supp. 2d 388 (S.D.N.Y. 2008)......................................................................9

**Statutes**

15 U.S.C. § 78u-4(a)(3)(B) .............................................................................. *passim*

15 U.S.C. §§78j(b), 78t(a) .......................................................................................1, 6

Private Securities Litigation Reform Act of 1995 ....................................................1, 7

<u>**Rules**</u>

Fed. R. Civ. P. 23...................................................................................... *passim*

City of Boca Raton Police and Firefighters Retirement System ("Boca Raton PFRS") respectfully submits this Memorandum of Law in support of its motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for an Order: (1) appointing Boca Raton PFRS as Lead Plaintiff in the above-captioned action (the "Action") on behalf of all persons who purchased or otherwise acquired the common stock of Teligent, Inc. ("Teligent") between May 2, 2017 and November 7, 2017, both dates inclusive (the "Class Period"); and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP ("Pomerantz") as Lead Counsel for the Class.

## PRELIMINARY STATEMENT

It is critically important that a sophisticated institutional investor oversee the litigation of this Action by experienced legal counsel. The initial complaint in the Action alleges a very significant fraud perpetrated on the investors in Teligent, arising from the concealment of product non-conformities in research and development ("R&D") and the Company's non-compliance with applicable regulations. *See generally* Dkt. No. 1 ("Complaint"). The ability of Teligent investors to recover their losses arising from the alleged fraud rests upon the Court's appointment of the most qualified Lead Plaintiff and Lead Counsel pursuant to the procedure set forth in the PSLRA. Boca Raton PFRS is the best choice to serve as Lead Plaintiff. Its chosen counsel, Pomerantz, will devote the resources and expertise necessary to zealously prosecute this litigation, and is thus the best candidate to serve as Lead Counsel.

As the Complaint alleges, during the Class Period, Teligent and certain of its officers (collectively, "Defendants") defrauded investors, in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§78j(b), 78t(a)), and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5), by misrepresenting

1

Teligent's business and operations, particularly regarding significant R&D, production, and legal issues. Teligent investors, including Boca Raton PFRS, incurred significant losses resulting from Teligent's November 6, 2017 announcement of its financial and operating results for the third quarter of 2017, which exposed the extent of the foregoing issues. Following this news, Teligent's stock price fell $2.29 per share, or 43.2%, to close at $2.96 per share on November 7, 2017, devastating the investments by Boca Raton PFRS and the other Class Members.

Pursuant to the PSLRA, the Court is to appoint as lead plaintiff the movant that possesses the largest financial interest in the outcome of the action and that satisfies the requirements of Fed. R. Civ. P. 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Boca Raton PFRS, a sophisticated institutional investor that incurred losses of approximately $125,134 calculated on either a first-in, first-out ("FIFO") or last-in, first-out ("LIFO") basis in connection with its Class Period purchases of Teligent stock, believes that it has the largest financial interest in the relief sought in this action. *See* Declaration of Jeremy A. Lieberman in Support of Motion ("Lieberman Decl."), Ex. A.

Beyond its considerable financial interest, Boca Raton PFRS also meets the applicable requirements of Rule 23 because its claims are typical of absent class members and it will fairly and adequately represent the interests of the Class. As a sophisticated institutional investor, Boca Raton PFRS is a paradigmatic lead plaintiff under the PSLRA, and its appointment would advance the legislative purpose of "increasing the role of institutional investors in class actions" in order to "benefit shareholders and assist courts by improving the quality of representation in securities class actions." H.R. Conf. Rep. No. 104-369, at *34 (1995), *reprinted in* U.S.C.C.A.N. 730, 733. For this reason, courts in the Second Circuit strongly prefer appointment of institutional investors to lead complex securities class actions. *See, e.g.*, *Glauser v. EVCI Career*

*Colleges Holding Corp.*, 236 F.R.D. 184, 188 (S.D.N.Y. 2006) ("[T]he PSLRA was passed, at least in part, to increase the likelihood that institutional investors would serve as lead plaintiffs in actions such as this one.") (quoting *In re Veeco Instruments, Inc.*, 233 F.R.D. 330, 332-33 (S.D.N.Y. 2005)); *Micholle v. Ophthotech Corp.*, 17-CV-210 (VSB) *et al.*, 2018 U.S. Dist. LEXIS 41120, at *17 (S.D.N.Y. Mar. 13, 2018) ("[C]ourts have a preference for appointing institutional investors as lead plaintiffs.").

In order to fulfill its responsibilities as Lead Plaintiff and vigorously prosecute this action on behalf of the Class, Boca Raton PFRS has selected Pomerantz as Lead Counsel for the Class. Pomerantz is a nationally-recognized securities class action firm that has recovered billions of dollars on behalf of defrauded investors, and recently secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the fifth largest class action settlement ever achieved in the United States.  Based in New York, Pomerantz has offices in Chicago, Los Angeles, and Paris, France.

Accordingly, based on its very significant financial interest, and its commitment as a sophisticated institutional investor to overseeing this litigation, Boca Raton PFRS respectfully requests that the Court enter an order appointing it as Lead Plaintiff and approving its selection of Lead Counsel.

## STATEMENT OF FACTS

Teligent is a specialty generic pharmaceutical company.  Complaint ¶ 3.  The Company is incorporated in Delaware and headquartered in New Jersey.  *Id.* ¶ 2.  Its common stock trades on the NASDAQ under the ticker symbol "TLGT."  *Id.*

The Complaint in the Action alleges that throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational, and compliance policies.  *Id.* ¶ 4.  Specifically, Defendants made false and/or misleading statements

regarding, and/or failed to disclose, product non-conformities in R&D and non-compliance with applicable regulations.  *Id.*

Teligent continued to mislead investors until November 6, 2017, when the truth began to emerge.  *Id.* at ¶ 5.  On that day, after the market closed, Teligent issued a press release disclosing its third quarter ("Q3") 2017 results, which exposed the depths of Teligent's R&D, production, and legal issues.  *Id.*  According to the press release and the Form 10-Q filed shortly thereafter on November 9, 2017, total revenue fell to $13.7 million, a 15.4% drop from the prior year's Q3 revenue of $16.2 million.  *Id.*  The Company's revenue was also off 25.5% from its second quarter 2017 revenue of $18.4 million.  *Id.*  On this news, Teligent's stock price fell $2.29 per share, or 43.2%, to close at $2.96 per share on November 7, 2017.  *Id.* ¶ 6.  As a result, Boca Raton PFRS and other Class members suffered severe losses.  *Id.* ¶ 7.

**ARGUMENT**

## I.   BOCA RATON PFRS SHOULD BE APPOINTED LEAD PLAINTIFF

Boca Raton PFRS should be appointed Lead Plaintiff because, to the best of its counsel's knowledge, Boca Raton PFRS has the largest financial interest in the Action and otherwise strongly satisfies the requirements of Rule 23.  The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of the class action and to do so by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  15 U.S.C. § 78u-4(a)(3)(B)(i) & (ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice.  Specifically, the Court "shall" appoint the presumptively "most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

4

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

As set forth below, Boca Raton PFRS satisfies all three of these criteria and thus is entitled to the presumption that it is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### A. Boca Raton PFRS is willing to serve as a Class Representative and has timely filed this motion to be appointed Lead Plaintiff.

On April 15, 2019, counsel for the plaintiff in the Action caused a notice to be published over *Business Wire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that litigation had been filed against Defendants and which advised investors in Teligent common stock that they had 60 days—*i.e.*, until June 14, 2019—to file a motion to be appointed as Lead Plaintiff (the "Notice"). *See* Lieberman Decl., Ex. B. Boca Raton PFRS has timely filed its motion pursuant to the Notice, and it has submitted a sworn Certification executed by its Chairman, Lee Sommer, attesting that Boca Raton PFRS is willing to serve as a representative for the Class and to provide testimony at deposition and trial, if necessary. *See id.*, Ex. C. Accordingly, Boca Raton PFRS satisfies the first requirement to serve as Lead Plaintiff of the Class.

### B. Boca Raton PFRS has the "largest financial interest" in the Action.

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by

the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).  To the best of its counsel's knowledge, Boca Raton PFRS has the largest financial interest of any Teligent investor seeking to serve as Lead Plaintiff. For claims arising under Exchange Act §10(b), courts frequently assess financial interest based upon the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered.  Nos. 97 C 2715 *et al.*, 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. Aug. 6, 1997).  In accord with other courts nationwide, these *Lax* factors have been adopted and routinely applied by courts in the Second Circuit.  *See*, *e.g.*, *In re Olsten Corp. Sec. Litig.,* 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998); *accord Chahal v. Credit Suisse Grp. AG*, 18-CV-2268 *et al.*, 2018 U.S. Dist. LEXIS 104185, at *12 (S.D.N.Y. June 21, 2018); *Nurlybaev v. ZTO Express (Cayman) Inc.*, 17-CV-06130 (LTS)(SN), 2017 U.S. Dist. LEXIS 187238, at *3 (S.D.N.Y. Nov. 13, 2017).

During the Class Period, Boca Raton PFRS: (1) purchased 26,814 shares of Teligent stock; (2) expended $225,384 on purchases of Teligent stock; (3) retained 23,829 of its shares of Teligent stock; and (4) incurred losses of $125,134 calculated on either a FIFO or LIFO basis in connection with its transactions in Teligent stock during the Class Period.  *See* Lieberman Decl., Ex. A.  To the extent that Boca Raton PFRS possesses the largest financial interest in the outcome of this litigation, it is the presumptive "most adequate" plaintiff.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### C.    Boca Raton PFRS otherwise satisfies the Requirements of Rule 23.

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."

At this stage of the litigation, only a *prima facie* showing of typicality and adequacy is required. *Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007); *Aude v. Kobe Steel, Ltd.*, 17-CV-10085, 2018 U.S. Dist. LEXIS 57591, at *8 (S.D.N.Y. Apr. 4, 2018). In making its determination that a lead plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification. Instead, "[t]he parties moving for lead plaintiff are only required to make a *prima facie* showing that they meet [the requirements of] Rule 23". *Aude* 2018 U.S. Dist. LEXIS 57591, at *8; *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) ("[t]ypicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA").

The typicality requirement of Fed. R. Civ. P. 23(a)(3) "is satisfied if 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *In re Orion Secs. Litig.*, 08 Civ. 1328 (RJS), 2008 U.S. Dist. LEXIS 55368, at *12 (S.D.N.Y. July 7, 2008) (quoting *In re Drexel Burnham Lambert Grp., Inc.*, 960 F.2d 285, 291) (2d Cir. 1992)). "[T]he claims of the class representative need not be identical those of all members of the class. '[T]he typicality requirement may be satisfied even if there are factual dissimilarities or variations between the claims of the named plaintiffs and those of other class members, including distinctions in the qualifications of the class members.'" *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010) (quoting *Bishop v. N.Y. City Dep't of Hous. Pres. & Dev.*, 141 F.R.D. 229, 238 (2d Cir. 1992)).

Boca Raton PFRS's claims are typical of those of the Class. Boca Raton PFRS alleges, as do all Class members, that Defendants violated the federal securities laws by, *inter alia*, making what they knew or should have known were false or misleading statements of material

facts and/or omitting to disclose material facts concerning Teligent.  Boca Raton PFRS, as did all members of the Class, purchased or acquired Teligent common stock at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations and/or omissions that drove Teligent's stock price downward.  These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 131 (S.D.N.Y. 2011); *see also Dookeran v. Xunlei Ltd.*, 18-cv-467 (RJS) *et al.*, 2018 U.S. Dist. LEXIS 62575, at *6 (S.D.N.Y. Apr. 12, 2018) (same).

As set forth in greater detail below, Boca Raton PFRS has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submits its choice of Pomerantz to the Court for approval pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).  There is no evidence of antagonism or conflict between Boca Raton PFRS's interests and the interests of the Class.  Boca Raton has submitted a signed Certification declaring its commitment to protecting the interests of the Class (*see* Lieberman Decl., Ex. C), and the significant losses incurred by Boca Raton demonstrate that it has a sufficient interest in the outcome of this litigation to ensure vigorous prosecution of the litigation.

As noted above, Boca Raton PFRS is a sophisticated institutional investor.  As such, its appointment as Lead Plaintiff would be consistent with the PSLRA's preference for the appointment of institutional investors as class representatives in securities class actions.  *See* H.R. Conf. Rep. No. 104-369, at 34 ("increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions").  Indeed, courts strongly prefer appointment of institutional investors to lead complex securities class actions.  *See, e.g.*, *Glauser*, 236 F.R.D. at 188 ("[T]he PSLRA was passed, at least in part, to increase the likelihood that institutional investors would serve as lead plaintiffs in actions such as this one.") (quoting *In re Veeco Instruments*, 233 F.R.D. at 332-33); *Ophthotech*, 2018 U.S. Dist. LEXIS 41120, at *17 ("[C]ourts have a preference for appointing institutional investors as lead plaintiffs."); *In re Braskem S.A. Sec. Litig.*, 15 Civ. 5132 (PAE) *et al.*, 2015 U.S. Dist. LEXIS 119183, at *14 (S.D.N.Y. Sept. 8, 2015) (appointing as lead plaintiff "an institutional investor, the type of investor Congress prefers as lead plaintiff"); *Doral Fin. Corp.*, 414 F. Supp. 2d at 403 n. 8 (appointing as lead plaintiff a "large institutional investor . . . precisely the type of plaintiff envisioned under the PSLRA").

## II.     LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to Court approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).  The Court should only interfere with lead plaintiff's choice if necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).  *See also Kaplan v. S.A.C. Capital Advisors, L.P.*, 311 F.R.D. 373, 383 (S.D.N.Y. 2015) ("The PSLRA evidences a strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.") (quoting *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 398 (S.D.N.Y. 2008).

Here, Boca Raton PFRS has selected Pomerantz as Lead Counsel for the Class. Pomerantz is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors, as detailed in the firm's resume.  Pomerantz is a premiere firm in the area of securities litigation based in New York, with offices in Chicago, Los Angeles, and Paris, France. For more than 75 years, Pomerantz has represented defrauded investors.  In 2018 alone, Pomerantz secured a recovery of $3 billion on behalf of investors in the securities of Petrobras, the fifth largest class action settlement ever achieved in the United States, as well as an $80 million recovery on behalf of investors in Yahoo! securities.  *See* Lieberman Decl., Ex. D.  More recently, Pomerantz announced as Co-Lead Counsel on behalf of a class of Fiat Chrysler Automobiles N.V. investors that it had achieved a $110 million settlement on behalf of the class in that action.  *See* THE WALL STREET JOURNAL, *Fiat Chrysler to Settle Lawsuit for $110 Million*, April 8, 2019 (available at https://www.wsj.com/articles/fiat-chrysler-to-settle-lawsuit-for-110-million-11554746066).  The foregoing achievements are part of a long line of record-setting recoveries led by Pomerantz, including a $225 million settlement *in In re Comverse Technology, Inc. Securities Litigation*, No. 06-CV-1825 (E.D.N.Y.), in June 2010.  *See* Lieberman Decl., Ex. D.  Courts in this Judicial District and throughout the country have recognized Pomerantz's qualifications to serve as class counsel, and Pomerantz has recently been appointed lead counsel in actions including *In re Allergan PLC Sec. Litig.*, 18-cv-12089 (S.D.N.Y.); *Anarkat v. CVS Health Corporation*, 19-cv-01725 (S.D.N.Y.); *Schiro v. CEMEX, S.A.B. de C.V.*, 18-cv-2352 (S.D.N.Y.); *Yang v. Nobilis Health Corp.*, 19-cv-145 (S.D. Tex.); and *Costas v. Ormat Technologies, Inc.*, 18-cv-271 (D. Nev.).

In Pomerantz, Boca Raton PFRS has chosen counsel with the skill, knowledge, expertise, and experience that will enable the firm to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Boca Raton PFRS's selection of Pomerantz as Lead Counsel, the members of the class will receive the best legal representation available.

## CONCLUSION

For the foregoing reasons, Boca Raton PFRS respectfully requests that the Court issue an Order: (1) appointing Boca Raton PFRS as Lead Plaintiff for the Class; and (2) approving its selection of Pomerantz as Lead Counsel for the Class.

Dated:  June 14, 2019

Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
Jonathan D. Lindenfeld
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email: jalieberman@pomlaw.com
Email: ahood@pomlaw.com
Email: jlindenfeld@pomlaw.com

POMERANTZ LLP
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile: (312) 377-1184
Email:  pdahlstrom@pomlaw.com

POMERANTZ LLP
Jennifer Pafiti
(*pro hac vice* application forthcoming)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone:  (310) 405-7190
Email:  jpafiti@pomlaw.com

*Counsel for City of Boca Raton Police and Firefighters Retirement System and Proposed Lead Counsel for the Class*

SUGARMAN & SUSSKIND, P.A.
Robert A. Sugarman
(*pro hac vice* application forthcoming)
Pedro A. Herrera
(*pro hac vice* application forthcoming)
100 Miracle Mile, Suite 300
Coral Gables, Florida 33134
Telephone: (305) 529-2801
Facsimile: (305) 447-8115
Email:  sugarman@sugarmansusskind.com
Email:  pherrera@sugarmansusskind.com

*Additional Counsel for City of Boca Raton Police and Firefighters Retirement System*