**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| OKLAHOMA POLICE PENSION FUND AND RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>    *Plaintiff*,<br><br>v.<br><br>TELIGENT, INC. and JASON GRENFELL-GARDNER,<br><br>    *Defendants*. | Case No. 1:19-cv-03354-VM |

**TELIGENT, INC. AND JASON GRENFELL-GARDNER'S**
**ANSWER TO LEAD PLAINTIFF'S SECOND AMENDED COMPLAINT**

Teligent, Inc. ("Teligent" or the "Company") and Jason Grenfell-Gardner ("Grenfell-Gardner," together, "Defendants"), by and through their undersigned counsel, hereby respond to the allegations in Lead Plaintiff's Second Amended Complaint (the "Complaint"), filed December 9, 2019 (ECF No. 39). Defendants respond to the allegations insofar as they concern Teligent and Mr. Grenfell-Gardner. Unless expressly indicated otherwise, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning any other person identified in the Complaint. For the sake of clarity, and unless otherwise expressly stated, capitalized terms used herein have the same meaning as in the Complaint. To the extent that Defendants use terms in this Answer defined in the Complaint, that use is not an acknowledgement or admission of any characterization Lead Plaintiff may ascribe to such defined terms. Defendants expressly reserve the right to seek to amend and/or supplement this Answer as may become necessary.

AMERICAS 103097469

**GENERAL DENIAL**

Defendants deny any and all liability under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder. All allegations contained in the Complaint not expressly admitted herein, including those contained in the structural headings of the Complaint, are denied.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the introductory paragraphs of the Complaint and, on that basis, deny them.

## I.    SUMMARY OF CLAIMS

1.    Defendants admit that Lead Plaintiff Oklahoma Police Pension Fund and Retirement System ("Plaintiff") purports to pursue remedies under the Securities Exchange Act of 1934 (the "Exchange Act") on behalf of all persons or entities that purchased or otherwise acquired Teligent common stock between March 7, 2017 and November 6, 2017, inclusive (the "Class Period"). Defendants further admit that Teligent is a pharmaceutical company and that Grenfell-Gardner has served as the Company's Chief Executive Officer ("CEO"). Defendants otherwise deny the allegations in Paragraph 1.

2.    Defendants deny the allegations in Paragraph 2.

3.    Defendants deny the allegations in Paragraph 3.

4.    Defendants deny the allegations in Paragraph 4.

5.    Defendants deny the allegations in Paragraph 5.

6.    Defendants admit that Teligent submitted 11 Abbreviated New Drug Applications ("ANDA") in 2014, 15 ANDAs in 2015, 12 ANDAs in 2016, 4 ANDAs in 2017, and 3 ANDAs in 2018. Defendants further admit that, as of December 9, 2019, Teligent had not publicly announced any ANDA submissions for 2019. Defendants otherwise deny the allegations in Paragraph 6.

2

7.      Defendants deny the allegations in Paragraph 7.

8.      Defendants admit that at times, Grenfell-Gardner's direct reports included the Company's Chief Scientific Officer, Plant Manager, and Senior Vice President of Quality Control.  Defendants further admit that, in September 2016, the FDA's Division of Generic Drug Bioequivalence Evaluation performed an in-vitro bioequivalence ("BE") inspection of two in-vitro BE studies.  Defendants otherwise deny the allegations in Paragraph 8.

9.      Paragraph 9 appears to quote from or refer to statements made by Grenfell-Gardner during Teligent's presentation at the March 13, 2017 Roth Capital Conference. Defendants refer to the full audio recording of that presentation, to the extent it exists, for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 9.

10.     Defendants deny the allegations in Paragraph 10.

11.     Defendants deny the allegations in Paragraph 11.

12.     Defendants aver that the prices at which the Company's stock traded are matters of public record that speak for themselves.  Defendants otherwise deny the allegations of Paragraph 12.

13.     Defendants aver that the prices at which the Company's stock traded are matters of public record that speak for themselves.  Defendants otherwise deny the allegations of Paragraph 13.

## II.    JURISDICTION AND VENUE

14.     Paragraph 14 contains legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 14, except admit that this suit purports to pursue remedies under Sections 10(b) and 20(a) of Exchange Act, and Rule 10b-5 promulgated thereunder.

3

15.     Paragraph 15 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that United States District Courts have subject matter jurisdiction over claims properly asserted under Sections 10(b) and 20(a) of the Exchange Act.

16.     Paragraph 16 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 16.

17.     Paragraph 17 contains legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 17.

## III.   PARTIES

18.     Defendants lack knowledge or information sufficient to form a belief as to whether Plaintiff purchased Teligent common stock during the purported Class Period. Defendants deny the remaining allegations in Paragraph 18.

19.     Defendants admit that Teligent is a Delaware corporation with its principal executive offices located at 105 Lincoln Avenue, Buena, New Jersey 08310.  Defendants admit that in 2017 they published periodic filings with the SEC as required for a public company under the Exchange Act.  Defendants otherwise deny the allegations in Paragraph 19.

20.     Defendants admit that Grenfell-Gardner was President and CEO of Teligent from July 30, 2012 until February 4, 2020.  Defendants otherwise deny the allegations in Paragraph 20.

21.     To the extent that Paragraph 21 contains factual allegations to which a response is required, Defendants deny the allegations in Paragraph 21.

AMERICAS 103097469

IV.    **SUBSTANTIVE ALLEGATIONS**

A.    **Factual Background**

1.    **Overview of Defendants' Rush to Grow Teligent's Product Pipeline and Transform its Business, which Resulted in Systematic Failures to Comply with Required FDA Regulations**

22.    Defendants admit that Teligent develops generic treatments.    Defendants otherwise deny the allegations in Paragraph 22.

23.    Defendants deny the allegations in Paragraph 23.

24.    Defendants admit that Grenfell-Gardner joined Teligent as CEO in July 2012 and that, at the time, the Company was named IGI Laboratories, Inc.  Defendants further admit that, prior to 2012, Teligent historically manufactured pharmaceutical products for third-party customers.  Defendants further admit that, beginning in 2010, the Company began to develop its own topical generic pharmaceutical products.  Paragraph 24 appears to quote from or refer to statements made by Grenfell-Gardner during the Company's conference call on April 29, 2014.  Defendants refer to the full audio recording of that conference call, to the extent it exists, for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 24.

25.    Defendants admit that ANDA stands for "Abbreviated New Drug Application." Defendants otherwise deny the allegations in Paragraph 25.

26.    Defendants aver that Title 21, Chapter I of the Code of Federal Regulations ("C.F.R.") is a written regulation that speaks for itself, refer to the regulation for its content, and otherwise denies the allegations in Paragraph 26 to the extent they do not fully and accurately reflect same.

27.    Defendants aver that 21 C.F.R. §§ 210.1(a), §§210.3(b)(12), 211.160-176, 58, 58.1(a), and 320, respectively, constitute portions of a written regulation that speaks for itself,

5

AMERICAS 103097469

refer to the regulation for its content, and otherwise deny the allegations in Paragraph 27 to the extent they do not fully and accurately reflect same.

28.    Defendants aver that 21 C.F.R. §§211.100(a), 314.127(a)(1), 211.80(a), 211.160, 211.166, 58.81, 211.100(b), respectively, constitute portions of a written regulation that speaks for itself, refer to the regulation for its content, and otherwise denies the allegations in Paragraph 28 to the extent they do not fully and accurately reflect same.  Paragraph 28 appears to refer to Rules and Regulations published by the Federal Register regarding Annual Burden Estimates, to which Defendants refer for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 28.

29.    Defendants deny the allegations in Paragraph 29.

30.    Defendants admit that the Company changed its name from IGI Laboratories, Inc. to Teligent, Inc. in October 2015.  Defendants further admit that Teligent spent approximately $2.8 million on research and development ("R&D") in each of 2012, and aver that the Company spent approximately $2.7 million on R&D in 2013.  Defendants further admit that Teligent spent approximately $6.9 million on R&D in 2014, and over $17 million on R&D in 2016.  Defendants further admit that Teligent spent approximately $13.5 million on capital expenditures related to its facility expansion in 2016.  Defendants otherwise deny the allegations in Paragraph 30.

31.    Paragraph 31 appears to quote statements made by Grenfell-Gardner on the Company's Q1 2016 earnings call on April 28, 2016 and Q4 2016 earnings call on March 7, 2017.  Defendants refer to the full audio recordings of those conference calls, to the extent that they exist, for their complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 31.

6

32. Defendants admit that Teligent submitted 11 ANDAs in 2014, 15 ANDAs in 2015, and 12 in 2016. Defendants otherwise deny the allegations in Paragraph 32.

33. Defendants admit that, in September 2016, the FDA's Division of Generic Drug Bioequivalence Evaluation performed an in-vitro BE inspection of two in-vitro BE studies. Defendants otherwise deny the allegations in Paragraph 33.

34. Defendants admit that Grenfell-Gardner has served as the Company's CEO and, at times, his direct reports included Defendants deny the Company's Chief Scientific Officer, Plant Manager, and Senior Vice President of Quality Control. Defendants otherwise deny the allegations in Paragraph 34.

35. Defendants deny the allegations in Paragraph 35.

36. Defendants deny that any "systematic misconduct" was documented by the FDA. Defendants lack knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 36, related to an alleged confidential witness and, on that basis, deny the allegations.

37. Defendants lack knowledge or information sufficient to form a belief as to the statements in Paragraph 37 attributed to a confidential witness and, on that basis, deny the allegations. Defendants otherwise deny the allegations in Paragraph 37.

38. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 38 attributed to a confidential witness and, on that basis, deny the allegations. Defendants deny the remaining allegations in Paragraph 38.

39. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 39 attributed to a confidential witness and, on that basis, deny the allegations. Defendants deny the remaining allegations in Paragraph 39.

7

40.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 40 attributed to a confidential witness and, on that basis, deny the allegations.  Defendants deny the remaining allegations in Paragraph 40.

41.     Defendants deny the allegations in Paragraph 41.

42.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 42 attributed to a confidential witness and, on that basis, deny the allegations.  Defendants otherwise deny the allegations in Paragraph 42.

43.     Defendants deny the allegations in Paragraph 43.

**2.    FDA Investigations and Letters Showed that Prior to, During, and Following the Class Period, Teligent Systematically Failed to Comply with Required Regulations for Generic Producers**

44.     Defendants admit that the FDA performed inspections at Teligent's facility in Buena, New Jersey in September 2016, October 2017, April 2019, and May 2019.  Defendants otherwise deny the allegations in Paragraph 44.

45.     Defendants deny the allegations in Paragraph 45.

46.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 46 about what is set forth on the FDA's website and what FDA inspectors know and, on that basis, deny such allegations.  Defendants admit that, at some point after each of the FDA inspections in September 2016 and October 2017, the FDA sent a letter addressed to Grenfell-Gardner with an Establishment Inspection Report ("EIR") for the relevant inspection.  Defendants otherwise deny the allegations in Paragraph 46.

**a.     The FDA's September 2016 483 Letter**

47.     Defendants admit that the FDA's Division of Generic Drug Bioequivalence Evaluation, Office of Study Integrity and Surveillance, conducted an inspection at Teligent's

8

facility between September 12 and 16, 2016. Further, Defendants admit that, subsequent to the September 2016 inspection, the FDA issued a 483 Letter and, later an EIR ("September 2016 EIR"). Defendants otherwise deny the allegations in Paragraph 47.

48.     Defendants deny the allegations in Paragraph 48.

49.     Paragraph 49 appears to quote from or paraphrase observations from the September 2016 EIR, to which Defendants refer to the document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 49.

50.     Paragraph 50 appears to quote from or paraphrase observations from the September 2016 EIR, to which document Defendants refer for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 50.

51.     Paragraph 51 appears to quote from or paraphrase observations from the September 2016 EIR, to which document Defendants refer for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 51.

52.     Paragraph 52 appears to paraphrase observations from the September 2016 EIR issued by the FDA, to which document Defendants refer for its complete and accurate contents. Defendants aver that 21 C.F.R. §§ 58.105(d), 58.107, 58.195, 211.100(a), constitute portions of a written regulation that speaks for itself, refers to the regulation for its content, and otherwise denies the allegations in Paragraph 52 to the extent they do not fully and accurately reflect same.

53.     Defendants admit that Teligent sent a letter to the FDA dated October 5, 2016. Paragraph 53 appears to quote from the October 2016 letter, to which Defendants refer for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 53.

9

AMERICAS 103097469

54.    Paragraph 54 appears to quote from or paraphrase Teligent's October 5, 2016 letter to the FDA, to which Defendants refer for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 54.

55.    Paragraph 55 appears to paraphrase Teligent's October 5, 2016 letter to the FDA, to which Defendants refer for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 55.

56.    Defendants deny the allegations in Paragraph 56. Defendants further aver that Paragraph 56 appears to quote from an undated letter from the FDA that Teligent received in or around March 2017. Defendants refer to such letter for its full and complete contents.

57.    Paragraph 57 appears to quote from an undated letter from the FDA that Teligent received in or around March 2017, to which Defendants refer to the document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 57.

58.    Paragraph 58 appears to quote from the September 2016 EIR, to which Defendants refer for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 58.

### b.    The FDA's October 2017 483 Letter

59.    Defendants admit that the FDA conducted an inspection at Teligent between October 2 and October 19, 2017. Defendants further admit that following the October 2017 inspection, the FDA issued a 483 Letter and, subsequently, an EIR. Defendants otherwise deny the allegations in Paragraph 59.

60.    Paragraph 60 appears to characterize and/or quote observations from the EIR regarding the October 2017 inspection ("October 2017 EIR"), to which document Defendants

AMERICAS 103097469

refer for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 60.

61.    Paragraph 61 appears to characterize and/or quote observations from the October 2017 EIR, to which Defendants refer for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 61.

62.    Paragraph 62 appears to characterize and/or quote from the October 2017 EIR, to which Defendants refer for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 62.

63.    Paragraph 63 appears to characterize and/or reference observations from the October 2017 EIR, to which Defendants refer for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 63.

64.    Defendants deny the allegations in Paragraph 64.

65.    Defendants lack knowledge or information sufficient to form a belief as to the statements in Paragraph 65 attributed to a confidential witness, and, on that basis, deny the allegations. Defendants otherwise deny the allegations in Paragraph 65.

66.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 66 attributed to a confidential witness, and, on that basis, deny such allegations. Defendants otherwise deny the allegations in Paragraph 66.

67.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 67 attributed to a confidential witness, and, on that basis, deny such allegations. Defendants otherwise deny the allegations in Paragraph 67.

AMERICAS 103097469

68.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 68 attributed to a confidential witness, and, on that basis, deny such allegations.  Defendants otherwise deny the allegations in Paragraph 68.

69.     Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 69 attributed to a confidential witness, and, on that basis, deny such allegations.  Defendants otherwise deny the allegations in Paragraph 69.

70.     Defendants admit that Teligent wrote the FDA dated November 6, 2017. Paragraph 70 appears to characterize and/or quote from the November 6, 2017 Letter, to which Defendants refer to the document for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 70.

71.     Paragraph 71 appears to characterize and/or reference Teligent's November 6, 2017 Letter to the FDA, to which Defendants refer for its complete and accurate contents.  In the third sentence of Paragraph 71, Plaintiff appears to refer to Rules and Regulations published by the Federal Register regarding Annual Burden Estimates, to which Defendants refer for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 71.

72.     Defendants deny the allegations in Paragraph 72.

73.     Paragraph 73 appears to characterize and/or quote from the October 2017 EIR and Teligent's November 6, 2017 letter to the FDA.  Defendants refer to such documents for their complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 73.

### c.     The FDA's May 2019 483 Letter

74.     Defendants admit that the FDA conducted an inspection at Teligent's Buena Facility between April 22 and May 20, 2019.  Defendants further admit that, following such

AMERICAS 103097469

inspection, the FDA issued a Form 483 addressed to Jason Grenfell-Gardner, President/CEO (the "May 2019 483 Letter"). Defendants otherwise deny the allegations in Paragraph 74.

75. Defendants deny the allegations in Paragraph 75.

76. Paragraph 76 appears to quote from or paraphrase observations from the May 2019 483 Letter, to which Defendants refer for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 76.

77. Paragraph 77 appears to characterize and/or reference observations from the May 2019 483 Letter, to which Defendants refer for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 77.

78. Paragraph 78 appears to characterize and/or reference observations from the May 2019 483 Letter, to which Defendants refer to the document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 78.

79. Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 79 attributed to a confidential witness and, on that basis, deny the allegations. Defendants deny the remaining allegations in Paragraph 79.

80. Defendants admit that on June 4, 2019, Teligent provided a written response to the FDA regarding the May 2019 483 Letter. Paragraph 80 appears to characterize and/or reference the Company's June 4, 2019 Letter, to which Defendants refer for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 80.

81. Paragraph 81 appears to quote from or paraphrase Teligent's June 4, 2019 Letter to the FDA, to which Defendants refer to the document for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 81.

AMERICAS 103097469

3. **Teligent's Pipeline of ANDA Submissions was Undermined by Its Defective Practices, Attempts to Respond to the FDA's Findings, and Its Failure to Adequately Do so**

82.     Defendants deny the allegations in Paragraph 82.

83.     Defendants deny the allegations in Paragraph 83.

84.     Defendants deny the allegations in Paragraph 84.

85.     Defendants deny the allegations in Paragraph 85.

86.     Paragraph 86 appears to characterize and/or reference Teligent's October 5, 2016 letter to the FDA, to which Defendants refer for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 86.

87.     Defendants deny the allegations in Paragraph 87.

88.     Defendants deny the allegations in Paragraph 88.

89.     Defendants deny the allegations in Paragraph 89.

90.     Defendants admit that Teligent submitted 11 ANDAs in 2014, 15 ANDAs in 2015, 12 ANDAs in 2016, 4 ANDAs in 2017, 3 ANDAs in 2018 and 1 ANDA in 2019. Defendants further admits that, as of December 9, 2019, Teligent had not publicly announced any ANDA submissions for 2019.  Defendants otherwise deny the allegations in Paragraph 90.

91.     Defendants deny the allegations in Paragraph 91.

B.     **Defendants' Materially False and Misleading Statements During the Class Period**

92.     Defendants admit that, on March 7, 2017, Teligent issued a press release announcing its Q4 2016 and FY 2016 results.  Defendants refer to the March 7, 2017 press release for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 92.

14

AMERICAS 103097469

93.     Paragraph 93 appears to quote from the Company's March 7, 2017 press release, to which Defendants refer for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 93.

94.     Defendants admit that Teligent held a conference call on March 7, 2017. Paragraph 94 appears to quote statements made by Grenfell-Gardner during the March 7, 2017 conference call.  Defendants refer to the full audio recording of that conference call, to the extent it exists, for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 94.

95.     Paragraph 95 appears to quote statements made by Grenfell-Gardner during the Company's March 7, 2017 conference call.  Defendants refer to the full audio recording of that conference call, to the extent it exists, for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 95.

96.     Paragraph 96 appears to quote statements made by Grenfell-Gardner during the Company's March 7, 2017 conference call.  Defendants refer to the full audio recording of that conference call, to the extent it exists, for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 96.

97.     Paragraph 97 appears to quote statements made by Grenfell-Gardner during the Company's March 7, 2017 conference call.  Defendants refer to the full audio recording of that conference call, to the extent it exists, for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 97.

98.     Paragraph 98 appears to quote statements made by Grenfell-Gardner during the Company's March 7, 2017 conference call.  Defendants refer to the full audio recording of that conference call, to the extent it exists, for its complete and accurate contents.  Defendants

15

otherwise deny the allegations in Paragraph 98.

99. Paragraph 99 appears to quote statements made by Grenfell-Gardner during the Company's March 7, 2017 conference call. Defendants refer to the full audio recording of that conference call, to the extent it exists, for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 99.

100. Paragraph 100 appears to quote statements made during the Company's March 7, 2017 conference call. Defendants refer to the full audio recording of that conference call, to the extent it exists, for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 100.

101. Paragraph 101 appears to quote statements made during the Company's March 7, 2017 conference call. Defendants refer to the full audio recording of that conference call, to the extent it exists, for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 101.

102. Defendants deny the allegations in Paragraph 102.

103. Defendants admit that, on March 13, 2017, Grenfell-Gardner spoke at the Roth Capital Conference. Paragraph 103 appears to quote from statements made by Grenfell-Gardner during Teligent's presentation at the March 13, 2017 Roth Capital Conference. Defendants refer to the full audio recording of that presentation, to the extent it exists, for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 103.

104. Paragraph 104 appears to quote from statements made by Grenfell-Gardner during Teligent's presentation at the March 13, 2017 Roth Capital Conference. Defendants refer to the full audio recording of that presentation, to the extent it exists, for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 104.

AMERICAS 103097469

105.    Paragraph 105 appears to quote from statements made during Teligent's presentation at the March 13, 2017 Roth Capital Conference.  Defendants refer to the full audio recording of that presentation, to the extent it exists, for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 105.

106.    Paragraph 106 appears to quote from statements made during Teligent's presentation at the March 13, 2017 Roth Capital Conference.  Defendants refer to the full audio recording of that presentation, to the extent it exists, for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 106.

107.    Defendants deny the allegations in Paragraph 107.

108.    Defendants admit that, on March 15, 2017, Teligent filed a Form 10-K Annual Report for 2016 (the "2016 10-K").  Paragraph 108 appears to quote from the 2016 10-K, to which Defendants refer for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 108.

109.    Defendants deny the allegations in Paragraph 109.

110.    Paragraph 110 appears to quote from the 2016 10-K, to which Defendants refer for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 110.

111.    Paragraph 111 appears to quote from the 2016 10-K, to which Defendants refer for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 111.

112.    Defendants admit that, on May 2, 2017, Teligent issued a press release announcing its Q1 2017 quarterly results.  Defendants refer to the May 2, 2017 press release for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 112.

AMERICAS 103097469

113.    Defendants admit that Teligent held a conference call on May 2, 2017.  Paragraph 113 appears to quote from or paraphrase statements made by Grenfell-Gardner during the May 2, 2017 conference call.  Defendants refer to the full audio recording of that conference call, to the extent it exists, for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 113.

114.    Paragraph 114 appears to quote from or paraphrase statements made by Grenfell-Gardner during the Company's May 2, 2017 conference call.  Defendants refer to the full audio recording of that conference call, to the extent it exists, for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 114.

115.    Paragraph 115 appears to quote from or paraphrase statements made during the Company's May 2, 2017 conference call.  Defendants refer to the full audio recording of that conference call, to the extent it exists, for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 115.

116.    Paragraph 116 appears to quote from or paraphrase statements made during the Company's May 2, 2017 conference call.  Defendants refer to the full audio recording of that conference call, to the extent it exists, for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 116.

117.    Defendants deny the allegations in Paragraph 117.

118.    Defendants admit that Grenfell-Gardner spoke at the May 3, 2017 Deutsche Bank Health Care Conference.  Paragraph 118 appears to quote from or paraphrase statements made by Grenfell-Gardner at the Deutsche Bank Health Care Conference.  Defendants refer to the full audio recording of that presentation, to the extent it exists, for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 118.

18

119.    Defendants deny the allegations in Paragraph 119.

120.    Defendants admit that Grenfell-Gardner spoke at the May 16, 2017 Bank of America Merrill Lynch Healthcare Conference.  Paragraph 120 appears to quote from or paraphrase Grenfell-Gardner's statements at the Bank of America Merrill Lynch Healthcare Conference.  Defendants refer to the full audio recording of that presentation, to the extent it exists, for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 120.

121.    Paragraph 121 appears to quote from or paraphrase Grenfell-Gardner's statements at the May 16, 2017 Bank of America Merrill Lynch Healthcare Conference.  Defendants refer to the full audio recording of that presentation, to the extent it exists, for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 121.

122.    Paragraph 122 appears to quote from or paraphrase Grenfell-Gardner's statements at the May 16, 2017 Bank of America Merrill Lynch Healthcare Conference.  Defendants refer to the full audio recording of that presentation, to the extent it exists, for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 122.

123.    Paragraph 123 appears to quote from or paraphrase Grenfell-Gardner's statements at the May 16, 2017 Bank of America Merrill Lynch Healthcare Conference.  Defendants refer to the full audio recording of that presentation, to the extent it exists, for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 123.

124.    Defendants admit that a PowerPoint presentation accompanied Grenfell-Gardner's statements at the May 16, 2017.  Paragraph 124 appears to quote from such PowerPoint presentation, to which Defendants refer for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 124.

AMERICAS 103097469

125.    Defendants deny the allegations in Paragraph 125.

126.    Defendants admit that Teligent filed a form 10-Q for Q1 2017 on May 10, 2017 and a form 10-Q for Q2 2017 on August 9, 2017. Defendants further admit that both such 10-Qs incorporate by reference risk disclosures from Teligent's 2016 10-K. To the extent the allegations in Paragraph 126 refer to the allegations in Paragraphs 108 and 111 of the Complaint, Defendants repeat each and every response to those respective Paragraphs contained above with the same force and effect as though fully set forth herein. Defendants otherwise deny the allegations in Paragraph 126.

127.    Defendants admit that, on August 8, 2017, Teligent issued a press release announcing its Q2 2017 results. Defendants refer to the August 8, 2017 press release for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 127.

128.    Defendants admit that Teligent held a conference call on August 8, 2017. Defendants refer to the full audio recording of that conference call, to the extent it exists, for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 128.

129.    Paragraph 129 appears to quote statements made by Grenfell-Gardner during the Company's August 8, 2017 conference call. Defendants refer to the full audio recording of that conference call, to the extent it exists, for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 129.

130.    Paragraph 130 appears to quote and/or paraphrase statements made during the Company's August 8, 2017 conference call. Defendants refer to the full audio recording of that conference call, to the extent it exists, for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 130.

131.    Defendants deny the allegations in Paragraph 131.

AMERICAS 103097469

C.       **The Truth Emerges: Corrective Disclosures and Post-Class Period Events**

132.    Defendants admit that Teligent issued a press release on November 6, 2017, announcing its Q3 2017 results.  Defendants refer to such press release for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 132.

133.    Defendants admit that, through the first three quarters of 2017, Teligent reported filing two new submissions with the FDA.  Defendants otherwise deny the allegations in Paragraph 133.

134.    Paragraph 134 appears to refer to the Company's November 6, 2017 press release, to which Defendants refer for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 134.

135.    Paragraph 135 appears to quote from or refer to the Company's November 6, 2017 press release, to which Defendants refer for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 135.

136.    Defendants admit that Teligent held a conference call on November 6, 2017. Defendants deny that Defendants made any corrective disclosures.  To the extent Paragraph 136 purports to quote from or paraphrase statements made during the Company's November 7, 2017 conference call, Defendants refer to the full audio recording of that conference call, to the extent it exists, for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 136.

137.    Paragraph 137 appears to quote and/or paraphrase statements made during the Company's November 7, 2017 conference call.  Defendants refer to the full audio recording of that conference call, to the extent it exists, for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 137.

AMERICAS 103097469

138.    Paragraph 138 appears to quote statements made by Grenfell-Gardner during the Company's November 7, 2017 conference call.  Defendants refer to the full audio recording of that conference call, to the extent it exists, for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 138.

139.    Paragraph 139 appears to quote statements made by Grenfell-Gardner during the Company's November 7, 2017 conference call.  Defendants refer to the full audio recording of that conference call, to the extent it exists, for its complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 139.

140.    Paragraph 140 appears to quote, characterize and/or reference statements made by Grenfell-Gardner during the Company's conference calls on March 7, 2017 and on November 6, 2017.  Defendants refer to the full audio recordings of those conference calls, to the extent that they exist, for their complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 140.

141.    Paragraph 141 appears to paraphrase or reference Teligent's press release and conference call dated November 6, 2017.  Defendants refer to such press release and the audio recording of that conference call, to the extent it exists, for their complete and accurate contents.  Defendants otherwise deny the allegations in Paragraph 141.

142.    Defendants deny the allegations in Paragraph 142.

143.    Defendants deny the allegations in Paragraph 143.

144.    Defendants aver that the prices at which Teligent's stock traded are matters of public record that speak for themselves.  Defendants otherwise deny the allegations in Paragraph 144.

22

145. Defendants admit that Teligent submitted three ANDAs with the FDA in fiscal year 2018. Defendants further admit that, as of December 9, 2019, Teligent had not publicly announced any new ANDA submissions. Defendants admit that Teligent received a 483 Letter from the FDA in the spring of 2019. Defendants otherwise deny the allegations in Paragraph 145.

146. Defendants aver that the prices at which Teligent's stock traded are matters of public record that speak for themselves. Defendants otherwise deny the allegations in Paragraph 146.

### D. Additional Scienter Allegations

147. In response to Paragraph 147, Defendants repeat, re-allege, and incorporate their responses to Paragraphs 1 through 146, as if fully set forth herein.

148. Defendants deny the allegations in Paragraph 148.

149. Paragraph 149 appears to quote from or paraphrase Grenfell-Gardner's statements at the March 13, 2017 Roth Capital Conference. Defendants refer to the full audio recording of Teligent's presentation at the March 13, 2017 Roth Capital Conference, to the extent it exists, for its complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 149.

150. Defendants deny the allegations in Paragraph 150.

151. Paragraph 151 appears to quote from Teligent's historical website, to which Defendants refer for its complete and accurate contents. Defendants admit that Grenfell-Gardner began serving as Teligent's CEO in 2012. Defendants otherwise deny the allegations in Paragraph 151.

152. Defendants deny the allegations in Paragraph 152.

AMERICAS 103097469

153.    Paragraph 153 appears to quote from or paraphrase the Form 483 issued to Teligent dated October 19, 2017 and October 2017 EIR, respectively, to which Defendants refer for their complete and accurate contents.    Defendants otherwise deny the allegations in Paragraph 153.

154.    Paragraph 154 purports to quote from Guidance by the FDA published on the FDA's website, to which Defendants refer for its complete and accurate contents.    Defendants lack knowledge or information sufficient to form a belief about the accuracy of the quoted language and, on that basis, deny the allegations.    Defendants aver that 21 C.F.R. § 211.100(b) is a written regulation that speaks for itself, refers to the regulation for its content, and denies the allegations in Paragraph 154 to the extent they do not fully and accurately reflect same.    To the extent the allegations in Paragraph 154 state a legal conclusion, no response is required. Defendants otherwise deny the allegations in Paragraph 154.

155.    Defendants lack knowledge or information sufficient to form a belief as to the allegations in Paragraph 155 and, on that basis, deny such allegations.

156.    Defendants deny the allegations in Paragraph 156.

157.    Defendants deny the allegations in Paragraph 157.

158.    Paragraph 158 appears to quote from or paraphrase statements made by Grenfell-Gardner's during Teligent's presentation the March 13, 2017 Roth Capital Conference. Defendants refer to the full audio recording of that presentation, to the extent it exists, for its complete and accurate contents.    Defendants admit that Grenfell-Gardner led the acquisition of a sterile injectable facility while at West-Ward Pharmaceuticals and that Grenfell-Gardner at times posted updates on his Twitter account regarding the work being done at Teligent's facility. Defendants otherwise deny the allegations in Paragraph 158.

AMERICAS 103097469

### E. Loss Causation

159. Defendants deny the allegations in Paragraph 159.

160. Defendants deny the allegations in Paragraph 160.

161. Defendants deny the allegations in Paragraph 161.

162. Paragraph 162 appears to quote from or paraphrase statements from Teligent's November 6, 2017 conference call and press release. Defendants refer to full audio recording of that conference call, to the extent it exists, and press release, respectively, for their complete and accurate contents. Defendants otherwise deny the allegations in Paragraph 162.

163. Defendants deny the allegations in Paragraph 163.

164. Defendants aver that the prices at which Teligent's stock traded are matters of public record that speak for themselves. Defendants otherwise deny the allegations in Paragraph 164.

165. Defendants deny the allegations in Paragraph 165.

## V. CLASS ACTION ALLEGATIONS

166. The allegations in Paragraph 166 constitute a statement of Plaintiff's legal position, to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 166.

167. Defendants admit that Teligent's securities were traded on Nasdaq during the alleged Class Period. The allegations in Paragraph 167 otherwise constitute a statement of Plaintiff's legal position, to which no response is required. Defendants lack knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 167 and, on that basis, deny them.

168. Paragraph 168 contains legal conclusions to which no response is required. To the extent that a response is required, Defendant's deny the allegations in Paragraph 168.

AMERICAS 103097469

169.    Paragraph 169 contains legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 169.

170.    Paragraph 170 contains legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 170.

## VI.    APPLICABILITY OF THE FRAUD-ON-THE-MARKET AND *AFFILIATED UTE* PRESUMPTIONS OF RELIANCE

171.    Paragraph 171 contains legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 171.

172.    Paragraph 172 contains legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 172.

173.    Paragraph 173 contains legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 173, except admit that, at all relevant times during the alleged Class Period, (a) Teligent's common stock was listed on Nasdaq; (b) Teligent filed periodic public reports with the SEC and Nasdaq; (c) the Company publicly communicated with investors, including through dissemination of press releases and other public disclosures; and (d) upon information and belief, the Company was followed by securities analysts who wrote reports.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 173 and, on that basis, deny them.

174.    Paragraph 174 contains legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 174.

175.    Paragraph 175 contains legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 175.

AMERICAS 103097469

## VII.   NO SAFE HARBOR

176.   Paragraph 176 contains legal conclusions to which no response is required.  To the extent that a response is required, Defendants deny the allegations in Paragraph 176.

## VIII.   COUNTS

### FIRST COUNT
### Violation of §10(b) of the Exchange Act and
### Rule 10b-5 Promulgated Thereunder Against All Defendants

177.   In response to Paragraph 177, Defendants repeat, re-allege, and incorporate their responses to Paragraphs 1 through 176, as if fully set forth herein.

178.   Defendants deny the allegations in Paragraph 178.

179.   Defendants deny the allegations in Paragraph 179.

180.   Defendants deny the allegations in Paragraph 180.

181.   The allegations in Paragraph 181 constitute legal conclusions, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 181.

182.   Defendants deny the allegations in Paragraph 182.

183.   Defendants deny the allegations in Paragraph 183.

184.   Defendants deny the allegations in Paragraph 184.

185.   Defendants deny the allegations in Paragraph 185.

186.   Defendants deny the allegations in Paragraph 186.

187.   Defendants deny the allegations in Paragraph 187.

188.   Defendants deny the allegations in Paragraph 188.

189.   Defendants deny the allegations in Paragraph 189.

AMERICAS 103097469

## SECOND COUNT
## Violation of § 20(a) of the Exchange Act
## <u>Against Grenfell-Gardner</u>

190.    In response to Paragraph 190, Defendants repeat, re-allege, and incorporate their responses to Paragraphs 1 through 189, as if fully set forth herein.

191.    Defendants deny the allegations in Paragraph 191.

192.    The allegations in Paragraph 192 constitute a statement of Plaintiff's legal position, to which no response is required.  To the extent a response is required, Defendants deny the allegations in Paragraph 192, except admit that Grenfell-Gardner at times made statements to the market in press releases and on conference calls.

193.    Defendants deny the allegations in Paragraph 193.

194.    Defendants deny the allegations in Paragraph 194.

## <u>AFFIRMATIVE DEFENSES</u>

Without admitting any wrongful conduct on the part of Defendants, and without admitting that Plaintiff has suffered any loss, damage, or injury, Defendants allege the following affirmative defenses to the Complaint.  By setting forth these affirmative defenses, Defendants do not concede that they bear the burden of proof as to any of them, and do not waive or otherwise limit any defenses which are or may be raised by the denials, allegations, and averments.  Nothing stated herein is intended to be or shall be construed as an admission that any particular issue or subject matter is relevant to Plaintiff's allegations.  Furthermore, Defendants hereby give notice that Defendants intend to rely upon such other and further defenses as may become available or apparent during pretrial proceedings in this action and reserve their right to amend this Answer and assert any or all such defenses.

AMERICAS 103097469

### First Affirmative Defense

The Complaint fails to state a cause of action upon which relief can be granted. Among other issues, the Complaint fails to plead the elements of a Section 10(b) and Rule 10b-5 violation with particularity as required by Federal Rule of Civil Procedure Rule 9(b) and the Private Securities Litigation Reform Act ("PSLRA").

### Second Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Defendants do not have the requisite scienter.

### Third Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Defendants did not participate in any device, scheme, or artifice to defraud in connection with the purchase or sale of any security.

### Fourth Affirmative Defense

Plaintiff's claims are barred in whole or in part because Defendants did not make a false or misleading statement of material fact and did not omit any material facts that were necessary in order to make the alleged statements, not false or misleading.

### Fifth Affirmative Defense

Plaintiff's claims are barred in whole or in part because Defendants did not know of the purported inaccuracy of the alleged misstatements, did not know of any material omissions from those statements, and could not have become aware of such alleged inaccuracy.

### Sixth Affirmative Defense

Plaintiff's claims are barred in whole or in part because Defendants did not intentionally or recklessly make any misleading statements or omissions.  At all times and with respect to the

AMERICAS 103097469

matters referenced in the Complaint, Defendants acted in good faith and exercised reasonable care, and in exercising such reasonable care, did not know and could not have known of the alleged falsity and/or misstatements alleged in the Complaint.

## Seventh Affirmative Defense

Plaintiff's claims are barred in whole or in part because any alleged misrepresentations were not material as a matter of law.

## Eighth Affirmative Defense

Plaintiff's claims are barred in whole or in part because the alleged misstatements and omissions were not material to the investment decisions of a reasonable investor or to the financial statements themselves.

## Ninth Affirmative Defense

Plaintiff's claims are barred in whole or in part because this action cannot be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## Tenth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrine of assumption of risk. Plaintiff and members of the putative class purchased the relevant securities with actual or constructive knowledge of the inherent risk in investing in the securities at issue and thus assumed the risk of a decline in the value of their investments.

## Eleventh Affirmative Defense

Plaintiff's claims are barred in whole or in part because Plaintiff and the purported class members did not actually, justifiably, reasonably, or otherwise rely on the alleged misstatements or on an any disclosures allegedly rendered materially false or misleading as a result of any alleged omission.

AMERICAS 103097469

### Twelfth Affirmative Defense

Plaintiff's claims are barred in whole or in part, because any loss allegedly incurred by Plaintiff and the purported class members was not directly or proximately caused by the alleged misstatements and/or omissions in the Complaint.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred in whole or in part because the alleged depreciation in Teligent's stock price resulted from factors other than the alleged misstatements and/or omissions in the Complaint.

### Fourteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because superseding or intervening events not caused by the Defendants, caused some or all of the alleged damages.

### Fifteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because the alleged damages, if any, are speculative and because the determination and allocation of any alleged damages is impossible.

### Sixteenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because Plaintiff and members of the putative class are barred from claiming injury or damage, if any, because they failed to make reasonable effort to mitigate injury or damage, which would have prevented their injury or damages, if any.

### Seventeenth Affirmative Defense

The Complaint fails to state a cause of action upon which relief can be granted and should be dismissed to the extent the documents or statements at issue are subject to the PSLRA Safe Harbor or bespeaks caution doctrines.

31

AMERICAS 103097469

## Eighteenth Affirmative Defense

Defendants reserve their right to further supplement and amend these affirmative defenses as additional evidence becomes available.

WHEREFORE, Defendants respectfully request judgment in their favor and against Plaintiff:

1. denying all claims alleged in the Complaint and dismissing the Complaint with prejudice;

2. awarding Defendants their costs and disbursements and reasonable attorneys' fees associated with the defense of this action; and

3. granting such other and further relief that this Court may deem just and proper.

Respectfully submitted,

Date: August 17, 2020                                WHITE & CASE LLP

                                                     *s/ Douglas P. Baumstein*
                                                     Douglas P. Baumstein
                                                     Susan L. Grace
                                                     WHITE & CASE LLP
                                                     1221 Avenue of the Americas
                                                     New York, New York 10020
                                                     (212) 819-8200
                                                     dbaumstein@whitecase.com
                                                     susan.grace@whitecase.com

                                                     *Counsel for Teligent, Inc. and*
                                                     *Jason Grenfell-Gardner*

32

AMERICAS 103097469