UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OKLAHOMA POLICE PENSION FUND AND RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TELIGENT, INC. and JASON GRENFELL-GARDNER,<br><br>Defendants. | Case No.: 1:19-cv-03354-VM<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: August 25, 2020 |

**STIPULATED [PROPOSED] PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED, by and among Lead Plaintiff Oklahoma Police Pension Fund and Retirement System ("Lead Plaintiff") and Defendants Teligent, Inc. and Jason Grenfell-Gardner (collectively, "Defendants"), each of whom individually is referred to herein as a "Party," and collectively, the "Parties," by and through their undersigned counsel, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 502 of the Federal Rules of Evidence, that:

1. **PURPOSES**

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation may be warranted. Accordingly, the Parties to this action hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order"). The Parties agree to be bound by the terms of this Order pending its entry by the Court.

**2. DEFINITIONS**

2.1 <u>Challenging Party</u>: shall mean a Party that challenges the "Confidential" designation of Discovery Material under this Order.

2.2 <u>Confidential Discovery Material</u>: shall mean Discovery Material that has been designated by a Party or Non-Party as "Confidential" in accordance with this Order.

2.3 <u>Confidential Information</u>: shall mean Confidential Discovery Material, information derived therefrom, or any papers containing or revealing such information.

2.4 <u>Counsel (without qualifier)</u>: shall mean Outside Counsel and In-House Counsel, as well as their support staff.

2.5 <u>Designating Party</u>: shall mean a Party or Non-Party that designates Discovery Material in this action as "CONFIDENTIAL."

2.6 <u>Discovery Material</u>: shall mean all documents and information exchanged or otherwise disclosed by the Parties pursuant to any formal or informal request for discovery in this action, including, but not limited to, documents, electronically stored information, testimony, exhibits, interrogatory answers, responses to requests for admission, and any other materials or information produced, given, or exchanged in this action during the course of discovery, regardless of the medium or manner generated, stored, or maintained.

2.7 <u>Expert</u>: shall mean any person with specialized knowledge or experience in a matter pertinent to this litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, together with his or her staff.

2.8 <u>Highly Confidential Discovery Material</u>: shall mean Discovery Material that has been designated by a Party or Non-Party as "Highly Confidential" in accordance with this Order.

2.9     Highly Confidential Information: shall mean Highly Confidential Discovery Material, information derived therefrom, or any papers containing or revealing such information. For the avoidance of doubt, any papers which redact Highly Confidential Discovery Material and information derived therefrom do not themselves qualify as Highly Confidential Information.

2.10    In-House Counsel: shall mean attorneys who are employees of a Party to this action.  In-House Counsel does not include Outside Counsel.

2.11    Non-Party: shall mean any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12    Outside Counsel: shall mean attorneys who are not employees of a Party to this action, but are retained to represent or advise a Party to this action, whether or not they have formally appeared in this action on behalf of that Party.

2.13    Producing Party: shall mean a Party or Non-Party that produces Discovery Material in this action.

2.14    Professional Vendors: shall mean persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and processing, hosting, organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15    Receiving Party: shall mean a Party that receives Discovery Material from a Producing Party.

**3.      SCOPE**

The confidentiality protections conferred by this Order cover all Confidential Information and Highly Confidential Information received from a Producing Party, including: (i) Confidential Discovery Material and Highly Confidential Discovery Material; (ii) any information copied or

extracted from Confidential Discovery Material or Highly Confidential Discovery Material; (iii) all copies, excerpts, summaries, or compilations of Confidential Discovery Material and Highly Confidential Discovery Material; and (iv) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Confidential Discovery Material or Highly Confidential Discovery Material. The confidentiality protections conferred by this Order do not cover the following information: (i) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (ii) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Confidential Discovery Material and Information or and Highly Confidential Discovery Material or Information at trial shall be governed by a separate agreement or order.

## 4. **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect. This Court retains and shall have jurisdiction over the Parties and all recipients of Confidential Discovery Material or Highly Confidential Discovery Material for purposes of enforcing this Order after final disposition of this action. Final disposition shall be deemed to be the later of: (i) dismissal of all claims and defenses in this action, with or without prejudice; and (ii) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5. DESIGNATING DISCOVERY MATERIAL AS "CONFIDENTIAL" OR "HIGHLY CONFIDENTIAL"**

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each Party or Non-Party that designates information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" under this Order shall take care to do so in good faith under the appropriate standards set forth in this Order. A Party or Non-Party may subsequently move for a court order to obtain a more stringent confidentiality designation for any Discovery Material.

5.2 <u>Material that May Be Designated as Confidential.</u> A Party or Non-Party subject to discovery in this proceeding may designate as "CONFIDENTIAL" any Discovery Material that (i) is not generally available to the public; and (ii) contains sensitive commercial, financial, or business information, sensitive personal information, trade secrets or other confidential research, development, or commercial information the public disclosure of which may adversely affect the Designating Party (or to a third party that supplied the document or documents).

5.3 <u>Material that May Be Designated as Highly Confidential.</u> A Party or Non-Party subject to discovery in this proceeding may designate as "HIGHLY CONFIDENTIAL" any Discovery Material that: (i) is not generally available to the public; and (ii) which the Designating Party reasonably believes contains highly-sensitive competitive or personal information that the public disclosure of which could reasonably cause harm to the Designating Party (or to a third party that supplied the document or documents).

5.4 <u>Manner and Timing of Designations.</u> The designation of Confidential Discovery Material or Highly Confidential Discovery Material in conformity with this Order requires:

(a) For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" on each page containing any Confidential Discovery Material or Highly Confidential Discovery Material or, in the case of a document that is produced in native form or is impractical to produce in TIFF format, by placing the above-described legends on a TIFF-placeholder image bearing the production number of the document.  A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" legend to each document that contains Confidential Discovery Material.

  (b) For information produced in some form other than documentary, and for any other tangible items, the Producing Party will affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

  (c) For all or portions of depositions and other testimony that a Party or Non-Party witness, or counsel for a Party or Non-Party witness, believes, in good faith, to refer to or disclose Confidential Discovery Material or Highly Confidential Discovery Material, by so indicating on the record at the time the testimony is given or by sending

6

written notice to all Parties within 30 days of receipt of the final transcript of the testimony. The entirety of each deposition transcript shall then be treated as Confidential Discovery Material until the expiration of the 13th calendar day after receipt by counsel of a copy of the final transcript. Thereafter, only those portions of the transcripts designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be deemed Confidential Discovery Material or Highly Confidential Discovery Material. Any Discovery Material that is used in the taking of a deposition shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with such Discovery Material. In the event Confidential Discovery Material or Highly Confidential Discovery Material is used at the deposition, the court reporter shall be informed of this Order. In the further event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to the confidentiality provisions of this Order, substantially along the lines of: "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except by order of the Court, or pursuant to written stipulation of the parties." Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, reporter, and videographer (if any), any person who is not authorized by this Order to receive or access Discovery Material based on the designation of such Discovery Material. Such right of exclusion shall be applicable only during periods of examination or testimony regarding such designated Discovery Material.

5.5     Inadvertent Failures to Designate. If a Producing Party inadvertently discloses Discovery Material without designating it as Confidential Discovery Material or Highly Confidential Discovery Material, the Producing Party shall inform the Receiving Party of such inadvertent disclosure.  The Receiving Party shall thereafter treat the information as Confidential Discovery Material or Highly Confidential Discovery Material, as appropriate, and may request a copy with an appropriate confidentiality designation.  To the extent such information may have been disclosed to anyone not authorized to receive Confidential Discovery Material or Highly Confidential Discovery Material under the terms of this Order, the Receiving Party shall make reasonable efforts to retrieve the information promptly and to avoid any further disclosure.  The failure to advise the Receiving Party of such inadvertent disclosure does not, standing alone, constitute a waiver or admission by the Producing Party that such information does not qualify as Confidential Discovery Material or Highly Confidential Discovery Material.  If the Receiving Party decides to challenge the request for designation and treatment of the Discovery Material as Confidential or Highly Confidential, the Receiving Party shall make such challenge in accordance with Section 6 below.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     Timing of Challenges.  Any Party may challenge a designation of confidentiality at any time.

6.2     Meet and Confer.  In the event it wishes to make such a challenge, the Challenging Party shall notify the Designating Party of its position in writing.  Counsel shall thereafter meet and confer in good faith to resolve any dispute concerning such designation.  If the dispute cannot be resolved through the meet and confer process, the Receiving Party may present the issue to the Court in compliance with this Court's Individual Rules (at ¶III) and Local

Rule 37.2. Any Discovery Material relevant to the dispute shall be filed with the Court under seal, as set forth in ¶12.3.

6.3  Process.  All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.  If the Court resolves the dispute in the Challenging Party's favor, the Designating Party shall remove the confidentiality designation from such Discovery Material and, within ten business days of the Court's Order, provide a replacement copy of such Discovery Material to the Challenging Party.

**7.  ACCESS TO AND USE OF DISCOVERY MATERIAL AND CONFIDENTIAL DISCOVERY MATERIAL**

7.1  Basic Principles.  A Receiving Party may use Discovery Material that is disclosed or produced by another Party or a Non-Party in connection with this case solely for purposes of prosecuting, defending, or attempting to settle this action and for no other purpose.  Nothing in this Order shall prevent any Producing Party from using its own Discovery Material, including Confidential Discovery Material, for any purpose.

7.2  Confidential Discovery Material and Highly Confidential Discovery Material shall only be used, shown, or disclosed as provided in this Order.  Confidential Discovery Material and Highly Confidential Discovery Material must be stored and maintained by a Receiving Party and any Qualified Person (as defined below) at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. Confidential Discovery Material and Highly Confidential Discovery Material shall not be copied, reproduced, summarized, extracted, or abstracted by a Receiving Party or Qualified Person, except to the extent that such copying, reproduction, summarization, extraction, or abstraction is reasonably necessary for the conduct of this action.  All such copies, reproduction, summaries,

extractions, and abstractions, including all Confidential or Highly Confidential Information, shall be subject to the same terms of this Order and labeled in the same manner as the Confidential Discovery Material on which they are based.

7.3     When the litigation has been terminated, anyone in possession of Confidential Discovery Material must comply with the provisions of Section 13 below (FINAL DISPOSITION).

7.4     Disclosure of "CONFIDENTIAL" Information.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Confidential Information and Highly Confidential Information only to "Qualified Persons," defined as:

7.4.1.  For Confidential Information:

(a)     Outside Counsel for the Parties in this action, as well as employees of said Outside Counsel;

(b)     the Parties to this action, as well as the officers, directors, and employees of the Parties (including In-House Counsel), to the extent such persons are assisting in the prosecution or defense of this litigation;

(c)     Experts (as defined in this Order) of a Party who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that any report created by such Expert relying on or incorporating Confidential Information, in whole or in part, shall be designated as "Confidential" by the Party responsible for its creation;

(d)     the Court and its personnel, any appellate court in this action, and any jurors;

(e) mediators appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery disputes who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) court reporters, videographers, and their staff, who record and/or transcribe depositions or testimony in this action;

(g) litigation support consultants, mock jurors, and Professional Vendors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h) any insurer and such insurer's outside counsel participating in matters related to this action and their legal, clerical, or support staff;

(i) deponents and witnesses or prospective witnesses (and counsel for such witnesses) to the extent reasonably necessary in connection with their testimony in this action or the preparation thereof;

(j) the author or recipient of a document containing such Confidential Discovery Material, or who otherwise had access to such Confidential Discovery Material (or possessed or knew the information contained therein) in the ordinary course of business; and

(k) any person expressly named and agreed to in writing by the Producing Party or by order of the Court, provided that person has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

7.4.2. For Highly Confidential Information:

(a) Outside Counsel for the Parties in this action, as well as employees of said Outside Counsel;

11

(b) Experts (as defined in this Order) of a Party who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that any report created by such Expert relying on or incorporating Highly Confidential Information, in whole or in part, shall be designated as "Highly Confidential – Attorneys' Eyes Only" by the Party responsible for its creation;

(c) the Court and its personnel, any appellate court in this action, and any jurors;

(d) mediators appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery disputes who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) court reporters, videographers, and their staff, who record and/or transcribe depositions or testimony in this action;

(f) litigation support consultants, mock jurors, and Professional Vendors who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) deponents and witnesses or prospective witnesses (and counsel for such witnesses) to the extent reasonably necessary in connection with their testimony in the action or the preparation thereof, that they sign the undertaking, and confirm that they will not disclose the Highly Confidential Information and will not use it for any purposes outside of this case;

(h) the author or recipient of a document containing such Highly Confidential Discovery Material, or who otherwise had access to such Highly Confidential Discovery Material (or possessed or knew the information contained therein), in the ordinary course of business; and

(i) any person expressly named and agreed to in writing by the Producing Party or by order of the Court, provided that person has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

Each Party's counsel shall retain any executed Agreement to Be Bound (Exhibit A). Executed Agreements to Be Bound shall not be made available to the Designating Party during the pendency of this action, but shall be available for *in camera* inspection by the Court if good cause for review is demonstrated by the Designating Party.

**8. CONFIDENTIAL AND HIGHLY CONFIDENTIAL DISCOVERY MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Confidential Information or Highly Confidential Information that Party must:

(a) promptly notify the Designating Party in writing. Such notification shall include a copy of the subpoena or court order, unless the subpoena or court order is confidential and not permitted to be disclosed;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Confidential or Highly Confidential Discovery Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Confidential Information or Highly Confidential Information before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the

13

burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **A NON-PARTY'S CONFIDENTIAL OR HIGHLY CONFIDENTIAL DISCOVERY MATERIAL PRODUCED IN THIS LITIGATION**

9.1 The terms of this Order also are applicable to information produced and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" by a Non-Party in this action. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2 If a Party receives or has received Discovery Material from a Non-Party, such Discovery Material will be produced by the Receiving Party to the other Parties in accordance with the Federal Rules of Civil Procedure subject to all the procedures and protections of this Order.

10. **UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information or Highly Confidential Information to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately: (i) notify the Designating Party in writing of the unauthorized disclosures; (ii) use its best efforts to retrieve all unauthorized copies of the Confidential or Highly Confidential Information; (iii) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (iv) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11.    INADVERTENT PRODUCTION OF PRIVILEGED INFORMATION**

11.1    The Parties agree that this Order is an Order entered under Rule 502(d) of the Federal Rules of Evidence and that the production of documents in this action (including both paper documents and electronically stored information) subject to protection by the attorney-client privilege, the attorney work product doctrine, joint defense, or other similar doctrine, or by another legal privilege or immunity protecting information from discovery ("Privileged Material"), whether inadvertent or otherwise, shall not constitute a waiver of any privilege or other protection that the Producing Party would otherwise be entitled to assert, in this action or any other federal or state proceeding, with respect to the documents or information (or the subject matter thereof).  This Order shall be interpreted to provide the maximum protection allowed under F.R.E. 502(d).

11.2    If a Producing Party believes that Privileged Material was inadvertently produced, it shall notify the Receiving Party in writing of the inadvertent production of these materials (the "Identified Materials"), and the obligations of the Receiving Party and Producing Party, respectively, shall be those set forth in Fed. R. Civ. P. 26(b)(5)(B).

11.3    The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made.

11.4    If any Receiving Party is in receipt of a document from a Producing Party that the Receiving Party reasonably believes is Privileged Material, the Receiving Party shall promptly notify the Producing Party of the production of that document, so that the Producing Party may determine whether it wishes to assert a claim that the material is Privileged Material. The Producing Party then has five business days to: (i) confirm whether it intends to assert that the information is Privileged Material; and (ii) provide the basis for the claim of privilege or

protection. The Receiving Party shall at all times treat the specified information in accordance with the procedures set forth in Fed. R. Civ. P. 26(b)(5)(B).

11.5 The stipulated agreement set forth in Section 11 and its subparts of this Order does not constitute a concession by any party that any documents are subject to protection by the attorney-client privilege, attorney work product doctrine, or any other potentially applicable privilege, doctrine, or immunity. This agreement also is not intended to waive or limit in any way either Party's right to contest any privilege claims that may be asserted with respect to any of the documents produced except to the extent stated in the agreement.

**12. MISCELLANEOUS**

12.1 <u>Right to Further Relief.</u> This Order may not be waived, modified, abandoned, or terminated, in whole or part, except by an instrument in writing signed by all Parties, or by further Court order; provided that nothing in this Order abridges the right of any person to seek its modification by the Court in the future. If the Court finds any provision of this Order invalid for any reason, the remaining provisions shall remain in effect.

12.2 <u>Right to Assert Other Objections.</u> By stipulating to the entry of this Order, no Party or Non-Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party or Non-Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3 **<u>Filing Confidential and Highly Confidential Information.</u>** In the event that Counsel for any Party or Non-Party determines to file with or submit to the Court any Confidential Information or Highly Confidential Information received from a Producing Party, such Counsel must comply with this Court's Individual Rules (at ¶4.B.), including by seeking the

Court's approval to make a sealed or redacted filing of such information in compliance with Individual Rule ¶I.H. The Receiving Party may file the information in the public record only if its request to file the Confidential Information or Highly Confidential Information under seal is denied by the Court and unless otherwise instructed by the Court. A Party may choose to file its own Confidential Information or Highly Confidential Information on the public record, provided that no other Party or Non-Party has similarly designated that Confidential Information as "Confidential" or "Highly Confidential." Such a public filing would de-designate the subject material as "Confidential" or "Highly Confidential." If, however, a Designating Party inadvertently waived a confidentiality claim in this manner, that Designating Party may notify the Court to remedy such waiver.

13. **FINAL DISPOSITION**

Within 90 days after the final disposition of this action, as defined in Section 4 of this Order, each Receiving Party shall use commercially reasonable efforts to either return all Discovery Material to the Producing Party or destroy such material, at the election of the Receiving Party. The Receiving Party's commercially reasonable efforts shall not require the return or destruction of Discovery Material that is subject to legal hold obligations. Whether the Discovery Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90-day deadline that (i) identifies (by category, where appropriate) all the Discovery Material that was returned or destroyed; and (ii) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Discovery Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts;

legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; attorney-client communications; and consultant and Expert work product, even if such materials contain Discovery Material. Any such archival copies that contain or constitute Discovery Material remain subject to this Order as set forth in Section 4 (DURATION). The Parties further confirm that no Discovery Material obtained in this matter will be used for any other action or proceeding.

  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: August 24, 2020          Respectfully submitted,

| **WHITE & CASE LLP** | **SCOTT + SCOTT ATTORNEYS AT LAW LLP** |
|---|---|
|  /s/ Douglas P. Paumstein | /s/ Max R. Schwartz |
| Douglas P. Baumstein | Max R. Schwartz |
| Susan L. Grace | Thomas L. Laughlin, IV |
| 1221 Ave of the Americas | Anjali Bhat |
| New York, NY 10020 | Jeffrey P. Jacobson |
| Telephone: (212) 819-8200 | 230 Park Avenue, 17th Floor |
| Facsimile: (212) 354 8113 | New York, NY 10169 |
| dbaumstein@whitecase.com | Telephone: (212) 223-6444 |
| susan.grace@whitecase.com | Facsimile: (212) 223-6334 |
|  | mschwartz@scott-scott.com |
| *Attorneys for Defendants Teligent, Inc. and Jason Grenfell-Gardner* | tlaughlin@scott-scott.com |
|  | abhat@scott-scott.com |
|  | jjacobson@scott-scott.com |
|  | *Attorneys for Lead Plaintiff Oklahoma Police Pension Fund and Retirement System* |

  **IT IS SO ORDERED**, this 25 day of August, 2020.

_____
Victor Marrero
U.S.D.J.

18

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

**CERTIFICATION**

I, _____, a _____ of _____, hereby certify that I have read the attached Stipulated Protective Order, dated _____, 2020. I hereby agree to be bound by the terms of the Stipulated Protective Order.

For purposes of enforcing the Stipulated Protective Order, I hereby agree to be subject to the jurisdiction of the United States District Court for the Southern District of New York. I understand that violation of the Stipulated Protective Order is punishable by contempt of Court.

Signature: _____   Dated: _____