

**Douglas P. Baumstein**
212 692 6734
dbaumstein@mintz.com

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: April 5, 2021
```

April 2, 2021

**VIA ECF**

The Honorable Victor Marrero
United States District Court for the
Southern District of New York
500 Pearl Street, Suite 1610
New York, New York 10007

      Re:    *Oklahoma Police Pension Fund and Retirement System v. Teligent Inc., et al.*,
            No. 1:19-CV-03354-VM

Dear Judge Marrero:

      Pursuant to Rule II.H of Your Honor's Individual Rules of Practice, Paragraph 12.3 of the Protective Order (the "Protective Order") (Dkt No. 52), and applicable law, I write on behalf of Defendants Teligent Inc. and Grenfell-Gardner (together, "Defendants" or "Teligent") requesting permission to file certain documents under seal in connection with Defendants' Memorandum in Opposition to Plaintiff's Motion for Class Certification (the "Opposition").

      Defendants respectfully request that the Court issue an order sealing: (i) the Expert Report of Carl Seiden (the "Seiden Report"); and (ii) the Expert Report of Maureen Chakraborty, PhD (the "Chakraborty Report"), which are being filed as **Exhibits C** and **D** to my Declaration in Support of Defendants' Opposition. Defendants have no objection to Plaintiff accessing the documents; Defendants simply seek to restrict access to the material to the parties to the case rather than to the public at large.

      Under the law of this district, sealing is appropriate if "closure is essential to preserve higher values and is narrowly tailored to serve that interest." *In re N.Y. Times Co.,* 828 F.2d 110, 116 (2d Cir. 1987). While there is a "common law presumption in favor of permitting public access to judicial documents," the court must consider the "the privacy interests of those resisting disclosure." *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.,* 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011). As such, courts may deny access to records that are sources of business information that "might harm a litigant's competitive standing." *In re Parmalat Sec. Litig.,* 258 F.R.D. 236, 244 (S.D.N.Y. 2009) (quoting *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 598 (1978)); *see also Oliver Wyman, Inc. v. Eielson,* 282 F. Supp. 3d 684, 706 (S.D.N.Y. 2017).

MINTZ



Judge Marrero
April 2, 2021
Page 2

      For example, courts in this district have held that where documents "contain highly proprietary material concerning the defendants' marketing strategies, product development, costs and budgeting, [] the privacy interests of the defendants outweigh the presumption of public access." *GoSMiLE, Inc.,* 769 F. Supp. 2d at 649–50 (finding it appropriate for materials to remain under seal); *see also Personalized Media Communs., LLC v. Netflix, Inc.*, No. 1:20-cv-03708, 2020 U.S. Dist. LEXIS 218085, at *7 (S.D.N.Y. Nov. 19, 2020) (granting motion to seal overconfidential business information where "Defendant's privacy interests outweigh the presumption of public access to the information").

      Here, the Seiden and Chakraborty Reports quote extensively from and/or describe several documents that are not generally available to the public and contain Teligent's sensitive business information, including information on Teligent's product research and development. For example, the Reports include information about Teligent's Abbreviated New Drug Applications ("ANDAs") that contain Teligent's processes used to show the FDA that its generic drug candidates are bioequivalent to a branded drug. Teligent considers this information sensitive and, absent this lawsuit, would not be sharing its ANDA submissions with the public.

      Defendants respectfully request the Court grants its narrow request to file the Seiden and Chakraborty Reports under seal. Defendants are available at the Court's convenience should Your Honor have any questions or wish to discuss this request.

Respectfully submitted,

*/s Douglas P. Baumstein*

Douglas P. Baumstein
Member



Request GRANTED.
Defendants' request to file Exhibits C and D to the declaration of Douglas Baumstein (Dkt. Nos. 74-3, 74-4) is granted.

SO ORDERED.

April 5, 2021

DATE          VICTOR MARRERO, U.S.D.J.

110105715v.3