## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OKLAHOMA POLICE PENSION FUND AND RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, <br><br>                Plaintiff, <br><br> v. <br><br> TELIGENT, INC. and JASON GRENFELL-GARDNER, <br><br>                Defendants. | Case No. 1:19-cv-03354-VM <br><br> **[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE** |

WHEREAS, the parties to the above-entitled action (the "Action"), entered into a Stipulation of Settlement dated July 14, 2021 (the "Stipulation" or "Settlement"), which is subject to review by this Court and which, together with the Exhibits thereto, sets forth the terms and conditions for the Settlement of the claims alleged in the Action; and the Court having read and considered the Stipulation and the accompanying documents; and the parties to the Stipulation having consented to the entry of this Order; and all capitalized terms used herein having the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this ___ day of _____, 2021, that:

1.     The Court preliminarily finds that:

(a)     the Settlement resulted from informed, extensive arm's-length negotiations, including mediation under the direction of an experienced mediator, Robert A. Meyer, Esq.;

(b)     the Settlement is sufficiently fair, reasonable, and adequate to warrant providing notice of the Settlement to the Class;

(c)     for purposes of the Settlement only, the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:

(a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiff are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiff fairly and adequately represents the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action; and

(d)      for purposes of the Settlement only, the Class, defined in the Stipulation as follows, is certified for settlement purposes (the "Settlement Class"):  all Persons that purchased or otherwise acquired Teligent publicly traded common stock between March 7, 2017 in the aftermarket and November 6, 2017 at the close of regular trading, both dates inclusive, and who were damaged thereby, excluding any Excluded Person and immediate family member of any Excluded Person; the legal representatives, heirs, successors, or assigns of any Excluded Person; and any entity in which any Excluded Person has a controlling interest.  Excluded from the Class are Defendants and the officers and directors of Teligent.  Also excluded will be any person who validly requests exclusion from the Class.

2.      A hearing (the "Settlement Fairness Hearing") is hereby scheduled to be held before the Court on _____ __, 2021, at _____ a.m./p.m., for the following purposes:

(a)      to finally determine whether this litigation satisfies the applicable prerequisites for class action treatment under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure for settlement purposes only;

(b)      to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c)     to determine whether Final Judgment as provided under the Stipulation should be entered;

(d)     to determine whether the proposed Plan of Allocation should be approved by the Court as fair, reasonable, and adequate;

(e)     to consider Plaintiff's Counsel's Fee and Expense Application;

(f)     to consider Plaintiff's request for the payment of their time and expenses they incurred in prosecuting this litigation on behalf of the Class; and

(g)     to rule upon such other matters as the Court may deem appropriate.

3.      The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Class and may adjourn the Settlement Fairness Hearing without further notice to the Class.  The Court reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation, or any Fee and Expense Award.

4.      The Court approves the form, substance, and requirements of the Notice of Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release (the "Proof of Claim"), and the Summary Notice of Proposed Settlement of Class Action (the "Summary Notice"), annexed hereto as **Exhibits A-1, A-2, and A-3**, respectively.

5.      The Court approves the appointment of Kroll Settlement Administration ("Kroll") as the Claims Administrator to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Proofs of Claim as more fully set forth below and approves the payment of reasonable administration costs to the Claims Administrator from the proceeds of the Settlement.

(a)     The Claims Administrator shall cause the Notice and the Proof of Claim ("Claim Package"), substantially in the forms annexed hereto, to be mailed, by First-Class Mail, postage prepaid, beginning within twenty (20) calendar days of this Order, to all potential Class Members who can be identified with reasonable effort and to be posted on www.teligentsecuritiessettlement.com (the "Website").   Defendants shall cooperate in the expeditious production of information with respect to the identification of Class Members from Defendants' shareholder transfer records, and the Defendants shall otherwise assist in identifying those persons and entities who are to be excluded from the Settlement Class per the terms of this Settlement Agreement.

(b)     The Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal*, and once over the Business Wire, within ten (10) calendar days after the mailing of the Notice.

6.     The Claims Administrator shall use the following additional procedures in notifying potential Class Members of the Settlement:

(a)     The Claims Administrator shall send the Claim Package to each entity included on its proprietary list of brokers, banks, and other nominees, including institutions that are registered with the U.S. Securities and Exchange Commission, as potential nominee holders ("Nominee List").  The Nominee List shall also include institutions that regularly file third-party claims on behalf of their investor clients in securities class actions and all entities that have requested notification in every case involving publicly-traded securities.

(b)     The Claims Administrator shall send an email to entities on the Nominee List that will notify the entity of the pendency of this Action as a class action (for settlement purposes) and the proposed Settlement, and inform each entity of its obligation to either provide

the names and addresses of its customers and clients who may be Class Members, or request copies of the Claim Package to provide directly to its customers and clients who may be Class Members.

(c)     The Claims Administrator shall within twelve (12) calendar days of receipt of the Claim Packages mail the Claim Package to all potential Class Members identified by entities on the Nominee List.  The Claims Administrator shall also send copies of the Claim Package directly to entities on the Nominee List who indicate that they will directly forward the documents to their customers and clients who may be Class Members.  Nominee purchasers who elect to send the Notice and Proof of Claim to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed.  Additional copies of the Notice shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of timely identifying and/or sending the Notice and Proof of Claim to beneficial owners.

(d)     All name and address data obtained by the Claims Administrator shall be reviewed to identify and eliminate exact duplicates and incomplete data prior to mailing. Addresses will be checked against the United States Postal Service's National Change of Address database to identify address changes and obtain current mailing addresses where available.  Any Claim Packages that are returned as undeliverable mail shall be reviewed to determine if an alternative or updated address is available from the Postal Service, and shall be re-mailed to the updated or alternative address.  In cases where no address is available from the Postal Service, the Claims Administrator shall attempt to obtain updated or alternative address information from private databases, and will re-mail the Claim Package if such information is available.

(e)     The Claims Administrator shall provide several supplemental notifications to any entity on the Nominee List who does not respond to the initial request for potential Class Member names and addresses.

(f)     The Claims Administrator shall cause the Claim Package to be published by the Depository Trust Corporation on the DTC Legal Notice System.

(g)     The Claims Administrator shall maintain a toll-free number to accommodate potential Class Members' inquiries throughout the notification and claims processing period.

(h)     In addition to the Claim Package, the Claims Administrator shall post the Stipulation and the executed Order Preliminarily Approving Settlement and Providing for Notice on the Website.  The Claims Administrator shall post to the Website the papers in support of the Settlement, the Plan of Allocation, and the Fee and Expense Application after they are filed.  The Website shall provide summary information regarding the case and Settlement and highlight important dates, including the date of the Settlement Fairness Hearing.  All posted documents shall be available for downloading from the Website.

7.      At least seven (7) calendar days prior to the Settlement Hearing, Plaintiff's Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing, which shall also describe the Claims Administrator's efforts to provide notice to Settlement Class Members in compliance with the specific requirements set forth above.

8.      This Order and the Settlement Agreement, whether the Settlement contemplated by the Settlement Agreement is consummated or not, and any statements made or proceedings taken

pursuant to them are not, shall not be deemed to be, and may not be argued to be or offered or received:

a. Against any of the Released Parties as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Released Parties with respect to the truth of any fact alleged by the Plaintiff in the Amended Complaint or the Action, or the validity of any claim that has been or could have been asserted against any of the Defendants in the Amended Complaint or the Action, or the deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing or liability by any of the Defendants, or any liability, fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants;

b. Against the Plaintiff or any Settlement Class Member or Lead Counsel as evidence of, or construed as evidence of, any infirmity of the claims alleged by the Plaintiff in the Amended Complaint or the Action or of any lack of merit to the claims or the Amended Complaint or the Action or of any bad faith, dilatory motive, or inadequate prosecution of the claims or the Amended Complaint or the Action;

c. Against any of the Defendants, the Plaintiff, or any Settlement Class Member, or their respective legal counsel, as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Defendants, the Plaintiff, or any Settlement Class Member, or their respective legal counsel, with respect to any liability, negligence, fault, or

wrongdoing as against any of the Defendants, the Plaintiff, or any Settlement Class Member, or their respective legal counsel, in any other civil, criminal, or administrative action or proceeding, other than such actions or proceedings as may be necessary to effectuate the provisions of this Stipulation, provided, however, that if this Stipulation is approved by the Court, the Defendants, the Plaintiff, and any Settlement Class Member, or their respective legal counsel, may refer to it to effectuate the liability protection and releases granted them hereunder;

d.      Against any of the Defendants as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them that the Settlement Consideration represents the amount which could or would have been received after trial of the Action against them; or

e.      Against the Plaintiff or any Settlement Class Member, or Lead Counsel as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Plaintiff or any Settlement Class Member that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund.

9.      The form and content of the Notice and the Summary Notice, and the method set forth herein of notifying the Class of the Settlement and its terms and conditions, satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)-(e)), the United States Constitution (including the Due Process Clause), Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as added by the Private Securities Litigation Reform Act of 1995,

the Rules of this Court, and other applicable law and, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

10.     In order to be entitled to participate in the Net Settlement Fund, each Class Member shall take the following actions and be subject to the following conditions:

(a)     Within one hundred twenty (120) days after such time as set by the Court to mail notice to the Class, each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form contained in **Exhibit A-2** attached hereto and as approved by the Court, supported by such documents as are specified in the Proof of Claim, and signed under penalty of perjury.

(b)     Except as otherwise ordered by the Court, all Class Members who fail to timely submit a Proof of Claim within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth therein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained therein, and the Judgment. Notwithstanding the foregoing, Plaintiff's Counsel may, in its discretion, accept for processing late submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed, but shall incur no liability for declining to accept a late-submitted claim.

(c)     As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to the effectuation of the Settlement) release all Released Claims as provided in the Stipulation.

11.     Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless they request exclusion from the Class in a timely and proper manner, as hereinafter provided.  A Class Member wishing to make such request shall, no later than twenty-one (21) calendar days prior to the date scheduled herein for the Settlement Fairness Hearing, mail a Request for Exclusion in written form by First-Class Mail postmarked to the address designated in the Notice.  Such Request for Exclusion shall indicate the name, address, email address, and telephone number of the person seeking exclusion, and that the person requests to be excluded from the Class, and must be signed by such person.  Such persons requesting exclusion must also state the date, price, and number of shares of Teligent common stock they purchased that are subject to the Action, such that they can demonstrate they purchased or acquired those shares between March 7, 2017 in the aftermarket and November 6, 2017 at the close of regular trading, inclusive.  The Request for Exclusion shall not be effective unless it is made in writing, providing the foregoing information, within the time stated above, and the exclusion is accepted by the Court.  Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

12.     Upon receiving any Request for Exclusion, Plaintiff's Counsel or the Claims Administrator shall promptly provide copies of such request(s) to Defendants' counsel within five (5) business days, and in any event not less than fourteen (14) days prior to the Settlement Hearing

13.     Any Settlement Class Member and any other interested person may appear at the Settlement Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the hearing, provided, however, that no person shall be heard, and no papers, briefs, or other submissions shall be

considered by the Court in connection to such matters, unless no later than _____,

2021, which is twenty-one (21)  calendar days prior to the date scheduled herein for the Settlement

Fairness Hearing, such person files with the Court a statement of objection signed by the objector,

even if represented by counsel, setting forth:  (i) whether the person is a Settlement Class

Member; (ii) to which part of the Settlement Agreement the Settlement Class Member objects;

and (iii) the specific reason(s), if any, for such objection including any legal support the

Settlement Class Member wishes to bring to the Court's attention and any evidence the

Settlement Class Member wishes to introduce in support of such objection.  Such Settlement

Class Member shall also provide documentation sufficient to establish the amount of publicly

traded Teligent common stock purchased and sold during the Settlement Class Period and the

prices and dates of such transactions.  Settlement Class Members wishing to appear in person at

the Settlement Hearing must submit a Notice of Intention to Appear with the objection.  If the

objector intends to appear at the Settlement Hearing through counsel, the objection must also

state the identity of all attorneys who will appear at the Final Approval Hearing and such counsel

must submit a Notice of Intention to Appear with the objection.  Objection materials must be

sent to the following:

| COURT | LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| Clerk of the Court United States District Court for the Southern District of New York 500 Pearl Street New York, NY 10007 | Max R. Schwartz Jeffrey P. Jacobson Scott+Scott Attorneys at Law LLP The Helmsley Building 230 Park Avenue, 17th Floor New York, New York 10169 | Douglas P. Baumstein Jacob H. Hupart Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. Chrysler Center 666 Third Avenue New York, New York 10017 |

14.     All papers in support of the Settlement, the Plan of Allocation, and any Fee and Expense Application shall be filed and served fourteen (14) calendar days prior to the deadline in Paragraph 13 for objections to be filed.  All reply papers shall be filed and served at least seven (7) calendar days prior to the Settlement Fairness Hearing.

15.     Any Person who is excluded from the Class by virtue of having submitted a valid and timely Request for Exclusion may, at any point up to the day of the Settlement Hearing, submit a written revocation of Request for Exclusion following the same instructions in Paragraph 11 above.

16.     The Court approves the appointment of Truist Bank as the Escrow Agent to manage the Settlement Fund for the benefit of the Settlement Class.

17.     Upon payment of the Cash Settlement Amount ($6,000,000) to the Escrow Account by or on behalf of Defendants, the Settlement Fund shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

18.     Defendants' counsel and Plaintiff's Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

19.     Pending final determination of whether the Settlement should be approved, this action shall be stayed and the Plaintiff, all Class Members, and any Person claiming through or on behalf of them, shall not institute, commence, maintain or prosecute, and are hereby barred and enjoined from instituting, commencing, maintaining, or prosecuting, any proceeding in any court or tribunal that asserts any Released Claims against any Released Defendants' Parties, except that

the Parties shall take all such action and file such papers as are necessary and appropriate to effect the consummation and approval of the Settlement.

20.     All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiff nor any of their counsel shall have any obligation to repay any amounts actually and properly disbursed, or due, and owing from the Settlement Fund except as provided for in the Stipulation.

21.     If any specified condition to the Settlement set forth in the Stipulation is not satisfied and Plaintiff or Defendants elect to terminate the Settlement, then the Stipulation, including any amendment(s) thereof, shall be null and void, of no further force or effect without prejudice to any party, and may not be introduced as evidence or referred to in any action or proceeding by any person or entity for any purpose, and each party shall be restored to his, her, or its respective position as it existed on May 5, 2021.

22.     Except for the obligations to cooperate in the production of reasonably available information with respect to the identification of Settlement Class Members from Defendants' shareholder transfer records and to assist in identifying persons to be excluded from the Settlement Class, both in accordance with the terms of the Settlement Agreement, in no event shall the Defendants or any of the Released Parties have any responsibility for the administration of the Settlement, and neither the Defendants nor any of the Released Parties shall have any obligation or liability to the Plaintiff, Plaintiff's Counsel, or the Settlement Class in connection with such administration.

23.     No Person shall have any claim against Plaintiff, Plaintiff's Counsel, the Settlement Class Members, the Claims Administrator, the Escrow Agent or any other agent

designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Settlement Agreement and the Settlement, the Plan of Allocation, or further orders of the Court, except in the case of fraud or willful misconduct.  No person shall have any claim under any circumstances against the Released Parties, based on any distributions, determinations, claim rejections or the design, terms, or implementation of the Plan of Allocation.

24.     Pursuant to the Class Action Fairness Act ("CAFA"), Defendants shall take reasonable steps to complete service promptly on the appropriate federal and state government officials of all notices required under the Class Action Fairness Act, 28 U.S. C. §1715, and shall thereafter notify Lead Counsel as to completion of such service.

25.     The Defendants have denied, and continue to deny, any and all allegations and claims asserted in the Amended Complaint and the Action and have represented that they entered into the Settlement solely in order to eliminate the burden, expense, and uncertainties of further litigation.

26.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.  The Court may approve the Settlement, with such modifications as may be agreed by the Settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.


DATED: _____        _____
                                   THE HONORABLE VICTOR MARRERO
                                   UNITED STATES DISTRICT JUDGE

# Exhibit 1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OKLAHOMA POLICE PENSION FUND AND RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>                              Plaintiff,<br><br>        v.<br><br>TELIGENT, INC. and JASON GRENFELL-GARDNER,<br><br>                              Defendants. | Case No. 1:19-cv-03354-VM<br><br><br>**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION** |

**TO:    ALL PERSONS AND ENTITIES WHO PURCHASED OR ACQUIRED THE COMMON STOCK OF TELIGENT, INC. ("TELIGENT" OR THE "COMPANY") DURING THE PERIOD FROM MARCH 7, 2017 IN THE AFTERMARKET TO NOVEMBER 6, 2017 AT THE CLOSE OF REGULAR TRADING, INCLUSIVE[1] (THE "CLASS").**

**THIS NOTICE WAS AUTHORIZED BY THE COURT.  IT IS NOT A LAWYER SOLICITATION.  PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

**WHY SHOULD I READ THIS NOTICE?**

This Notice is given pursuant to an order issued by the United States District Court for the Southern District of New York (the "Court").  This Notice serves to inform you of the proposed settlement of the above class action lawsuit (the "Settlement") for $6,000,000 in cash, which Class Members may be eligible to participate in, and the hearing (the "Settlement Fairness Hearing") to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, as set forth in the Stipulation of Settlement dated July 14, 2021 (the "Stipulation").  The Stipulation is by and between:  (i) Plaintiff Oklahoma Police Pension Fund and Retirement System ("Oklahoma Police" or "Plaintiff"), on behalf of itself and each of the Class Members, by and through its counsel of record; and (ii) Defendants Teligent and Jason Grenfell-Gardner, by and through their respective counsel of record in the above-captioned action (the "Action").  Upon and subject to the terms and conditions hereof, Plaintiff, on behalf of itself and the Class, on the one hand, and each of the Defendants, on the other hand (collectively, "Settling Parties"), intend this Settlement to be a final and complete resolution of all disputes between the Settling Parties with

---

[1]    All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation and Agreement of Settlement dated July 14, 2021 (the "Stipulation"), which is available on the website for the Action at www.teligentsecuritiessettlement.com.

1

respect to the Action.  This Notice is not an expression of any opinion by the Court as to the merits of the claims or defenses asserted in the lawsuit.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| **ACTIONS YOU MAY PURSUE** | **EFFECT OF TAKING THIS ACTION** |
| **SUBMIT A PROOF OF CLAIM FORM NO LATER THAN ___, 2021.** | The only way to get a payment. |
| **EXCLUDE YOURSELF FROM THE CLASS BY SUBMITTING A WRITTEN REQUEST FOR EXCLUSION POSTMARKED NO LATER THAN ___, 2021.** | Get no payment.  This is the only option that allows you to ever be part of any other lawsuit against the Defendants and their Related Persons relating to this case. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION POSTMARKED NO LATER THAN _____, 2021.** | Write to the Court about why you don't like the Settlement. |
| **ATTEND A HEARING ON _____, 2021 AT _____.** | Speak in Court about the fairness of the Settlement. |
| **DO NOTHING.** | Get no payment.  Give up your rights. |

- These rights and options – **and the deadlines to exercise them** – are explained in this Notice.
- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made to Authorized Claimants, in accordance with the Plan of Allocation set forth below, if the Court approves the Settlement and, if there are any appeals, after the appeals are resolved.  Please be patient.

## WHAT IS THIS LAWSUIT ABOUT?

### The Allegations and Status of the Case

Teligent is a pharmaceutical company that develops generic products.  On December 9, 2019, Oklahoma Police filed the Second Amended Class Action Complaint for Violations of Federal Securities Laws ("Complaint"), alleging that, between March 7, 2017 and November 6, 2017 (the "Class Period"), Defendants stated that the Company had not received any Form 483 observations from the U.S. Food and Drug Administration ("FDA").  The Complaint further alleges that this was false and misleading, as in the months before March 2017 the FDA had issued a 483 Letter to Teligent and had related correspondence with Teligent regarding it.  A Form 483 observation informs a company that the FDA observed potential violations of federal regulations and instructs the company to remedy those violations.  As a result of responding to the FDA, and the underlying issues, the Complaint alleges that Teligent's pipeline of new products, along with its ability to develop new products and win FDA approval for them, were harmed.  In turn, the Complaint alleges that when Teligent announced poor performance at the end of the Class Period, which was the alleged materialization of the risk from the undisclosed

2

483 correspondence with the FDA, its stock price dropped substantially, injuring investors who purchased or acquired Teligent stock during the Class Period.  This Action alleges that, based on the foregoing circumstances, Defendants violated Section 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act").

On January 15, 2020, Defendants served Plaintiff a pre-motion to dismiss letter setting forth their arguments for dismissing the Complaint in full.  Both Plaintiff and Defendants served follow-up letters, further addressing those arguments, and then, on June 17, 2020, the Court issued an Order converting Defendants' pre-motion to dismiss letters into a motion to dismiss, which it denied in part and granted in part.  On August 17, 2020, Defendants filed an answer to the SAC, denying all of the SAC's allegations, and asserted defenses thereto.  To this date, Defendants continue to deny all of the allegations and maintain that the Complaint has no merit.

Plaintiff moved for class certification on September 30, 2020 and Defendants filed a memorandum of law in opposition thereto on April 2, 2021.  The Action settled before that motion was decided.  Concurrently, from the Summer of 2020 through the Spring of 2021, the Parties engaged in discovery.  This included all Parties making multiple document productions, document productions from a third-party, and the deposition of Plaintiff and an expert that submitted a report in support of Plaintiff's class certification motion.

The parties agreed to attend a mediation session conducted by a third-party neutral mediator, Robert A. Meyer, Esq. ("the Mediator").  Plaintiff and Defendants submitted and exchanged mediation statements summarizing their respective positions.  The mediation session was held on October 2, 2020.  While the parties did not reach an agreement to settle the Action at the mediation, they continued their negotiations through the Mediator.  On April 5, 2021, the parties engaged in another mediation session, for half of a day.  Again, the parties did not reach an agreement.  However, the parties significantly narrowed the outstanding issues and several weeks later agreed to settle the Action for $6,000,000 in cash.

**THE COURT HAS NOT RULED AS TO WHETHER DEFENDANTS ARE LIABLE TO PLAINTIFF OR THE CLASS.  THIS NOTICE IS NOT INTENDED TO BE AN EXPRESSION OF ANY OPINION BY THE COURT WITH RESPECT TO THE TRUTH OF THE ALLEGATIONS IN THIS LAWSUIT OR THE MERITS OF THE CLAIMS OR DEFENSES ASSERTED.  THIS NOTICE IS SOLELY TO ADVISE YOU OF THE PENDENCY OF THE ACTION AND PROPOSED SETTLEMENT THEREOF AND YOUR RIGHTS IN CONNECTION WITH THAT SETTLEMENT.**

**HOW DO I KNOW IF I AM A CLASS MEMBER?**

If you purchased the common stock of Teligent, between March 7, 2017 in the aftermarket and November 6, 2017 at the close of regular trading, inclusive, you may be a Class Member.  As set forth in the Stipulation, excluded from the Class are Defendants and the officers and directors of Teligent.  Also excluded will be any person who validly requests exclusion from the Class.

If you are not sure if you are a Class Member, you can ask for free help.  You can contact the Claims Administrator at 1-833-460-1725 or Jeffrey P. Jacobson, a representative of Plaintiff's Counsel, at 1-800-332-2259.  You can also fill out and return the Proof of Claim enclosed with this Notice.

**PLEASE NOTE:**  Receipt of this Notice does not mean that you are a Class Member or that you will be entitled to receive a payment from the Settlement.  If you are a Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Poof of Claim that is being distributed with this Notice, as directed herein.

**WHAT IS THE MONETARY VALUE OF THE PROPOSED SETTLEMENT?**

The Settlement, if approved, will result in the creation of a cash settlement fund of $6,000,000 (the "Settlement Amount").  The Settlement Amount, plus accrued interest (the "Settlement Fund") and minus the costs of this Notice and all costs associated with the administration of the Settlement, as well as any attorneys' fees and expenses that may be approved by the Court (the "Net Settlement Fund"), will be distributed to Class Members pursuant to the Plan of Allocation that is described in the next section of this Notice.

Plaintiff estimates that the average recovery under the Settlement is roughly $0.39 per allegedly damaged share before notice and administration costs and the attorneys' fee and expense award as determined by the Court.  Should the Court award attorneys' fees of up to 33 and 1/3% of the Settlement Fund (or $1,998,000), Plaintiff's Counsel's expenses of up to $265,000, the time and expenses of Plaintiff of up to $15,000, and the estimated cost of notice and administration of the Settlement of approximately $175,000, the average per share recovery after those fees, expenses, and costs would be roughly $0.23 per allegedly damaged share.  These are just estimates. Additionally, a Class Member's actual recovery will be a *pro rata* proportion of the Net Settlement Fund determined by that claimant's recognized claim as compared to the total recognized claims submitted.  An individual Class Member may also receive more or less depending on the value of claims submitted by all Class Members, and on whether the individual's shares were held or sold, and, if sold, when they were sold and the amount received.  *See* the Plan of Allocation below for more information on how claims are calculated.

**WHAT IS THE PROPOSED PLAN OF ALLOCATION?**

Plaintiff's Counsel conferred with their damages consultant in developing the Plan of Allocation, which determines the amount that an Authorized Claimant may recover.  The calculation of claims is not an estimate of actual damages or the amount you will receive.  It is a formula for allocating the Net Settlement Fund among all Authorized Claimants.

A "Recognized Loss Amount" will be calculated as set forth for each purchase of Teligent common stock that is listed in the Claim Form and for which adequate documentation is provided. To the extent that the calculation of a Claimant's Recognized Loss Amount results in a negative number, that number shall be set to zero.

The sum of a Claimant's Recognized Loss Amounts will be the Claimant's "Recognized Claim."

**For each share of Teligent common stock purchased from the aftermarket close on March 7, 2017 through the close of regular market trading on November 6, 2017, and:**

A.     sold prior to 4:05 PM Eastern Time on November 6, 2017 (the date of the alleged corrective disclosure), the Recognized Loss Amount is zero;

B.     sold from 4:05 PM Eastern Time on November 6, 2017 through February 2, 2018, the Recognized Loss Amount is **the lesser of**: (i) $2.20, the amount of artificial inflation per share; or (ii) the purchase price per share ***minus*** the average closing price between November 7, 2017 and the date of sale as stated in Table A below;

C.     held at the close of trading on February 2, 2018, the Recognized Loss Amount is equal to **the lesser of:** (i) $2.20, the amount of artificial inflation per share; or (ii) the purchase price per share ***minus*** $3.59.[2]

In the event a Class Member has more than one purchase or sale of Teligent common stock, all purchases and sales shall be matched on a First-In, First-Out ("FIFO") basis for purposes of calculating a claim. Under the FIFO method, sales will be matched first against any holdings at the close of regular market trading on March 7, 2017, and then in chronological order against Teligent common stock purchased between the aftermarket on March 7, 2017, and the close of regular trading on November 6, 2017, inclusive.

A purchase or sale of Teligent common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. All purchase and sale prices shall exclude any fees and commissions. The receipt or grant by gift, devise, or operation of law of Teligent common stock between March 7, 2017 in the aftermarket and November 6, 2017 at the close of regular trading, inclusive, shall not be deemed a purchase or sale of Teligent common stock for the calculation of a claimant's Recognized Claim nor shall it be deemed an assignment of any claim relating to the purchase of such shares unless specifically provided in the instrument of gift or assignment. The receipt of Teligent common stock between March 7, 2017, in the aftermarket and November 6, 2017, at the close of regular trading, inclusive, in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of Teligent common stock.

Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants. No Person shall have any claim against Plaintiff, Plaintiff's Counsel, any claims administrator, any other Person designated by Plaintiff's Counsel based on distributions made substantially in accordance with the Stipulation, the Plan of Allocation, or further orders of the Court; and no Person shall have any Claims against Defendants based on distributions of the Settlement Fund, whether or not made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

---

[2]     Pursuant to Section 21(D)(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." The closing price on November 7, 2017, was the first closing price following the Class Period where there was no longer alleged artificial inflation in the Teligent common stock price. The average (mean) closing price of Teligent common stock during the 90-day look-back period from November 7, 2017, through and including February 2, 2018, was $3.59.

5

Covering purchases between March 7, 2017, in the aftermarket and November 6, 2017, at the close of regular trading, inclusive, for shares sold short prior to the class period will be excluded from the calculation of an Authorized Claimant's Recognized Claim.  In the event that there is a short position in Teligent common stock, the date of covering a "short sale" is deemed to be the date of purchase of the stock.  The date of a "short sale" is deemed to be the date of sale of the stock.  The earliest purchases between March 7, 2017, in the aftermarket and November 6, 2017, at the close of regular trading, inclusive, shall be matched against such short position, and not be entitled to a recovery, until that short position is fully covered.

With respect to Teligent common stock purchased through the exercise of an option, the purchase date of the common stock is the exercise date of the option and the purchase price of the stock is the exercise price of the option.  Any Recognized Claim arising from purchases of Teligent common stock acquired between March 7, 2017, in the aftermarket and November 6, 2017, at the close of regular trading, inclusive, through the exercise of an option on Teligent common stock shall be computed as provided for other purchases of Teligent common stock in the Plan of Allocation.

The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Claim as compared to the total Recognized Claims of all Authorized Claimants.  No distribution shall be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

Class Members who do not submit Proofs of Claim that comply with the applicable instructions (as set forth in the Proof of Claim accompanying this Notice and summarized herein) will not share in the Settlement proceeds.  The Settlement and the Judgment issued in this Action will nevertheless bind Class Members who do not submit a request for exclusion and/or submit an acceptable Proof of Claim.

Please contact the Claims Administrator or Plaintiff's Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim.  If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request.

Defendants, their respective counsel will have no responsibility or liability whatsoever for the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim.  Plaintiff and Plaintiff's Counsel, likewise, will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Lead Plaintiff after consultation with their damages expert.  The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Settlement Class.  Any Orders regarding any modification of the Plan of Allocation will be posted on the Settlement website, www.teligentsecuritiessettlement.com.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.  If, after no more than six month any funds remain in the Net Settlement Fund by reason of un-cashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions,

any balance remaining in the Net Settlement Fund shall be used: to make a second distribution to claimants who cashed their checks from the initial distribution and who would receive at least $10.00, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.  These redistributions shall be repeated, if economically feasible, until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance shall then be distributed to The Legal Aid Society.

## MUST I CONTACT PLAINTIFF'S COUNSEL IN ORDER TO PARTICIPATE IN DISTRIBUTION OF THE SETTLEMENT FUND?

No.  If you have received this Notice and timely submit your Proof of Claim to the address designated on the Proof of Claim form accompanying this Notice, you need not contact Plaintiff's Counsel.  If you did not receive this Notice by mail but believe you should have, or if your address changes, please contact the Claims Administrator at:

*Teligent Securities Settlement*
Claims Administrator
c/o Kroll Settlement Administration
P.O. Box 5324
New York, NY 10150-5324

1-833-460-1725
www.teligentsecuritiessettlement.com

## THERE WILL BE NO PAYMENTS IF THE STIPULATION IS TERMINATED

The Stipulation may be terminated under several circumstances outlined in it.  If the Stipulation is terminated, the Action will proceed as if the Stipulation had not been entered into.

## WHAT ARE THE REASONS FOR SETTLEMENT?

The Court has not reached any decisions regarding the merits of the claims or defenses asserted in the Action.  Instead, Plaintiff and Defendants have agreed to this Settlement, which was reached with the substantial assistance of Robert A. Meyer, Esq., a highly experienced mediator of complex class actions.  In reaching the Settlement, the Settling Parties have avoided the cost, delay, and uncertainty of further litigation.

As in any litigation, Plaintiff and the Class would face an uncertain outcome if they did not agree to the Settlement.  The Settling Parties expected that the case could continue for a lengthy period of time, delaying any possible recovery for the Class.  Continuation of the case against Defendants could result in a judgment greater than this Settlement.  Conversely, continuing the case could result in no recovery at all or a recovery that is less than the amount of the Settlement.

Plaintiff and Plaintiff's Counsel believe that this Settlement is fair and reasonable to the Members of the Class.  They have reached this conclusion for several reasons.  Specifically, if the Settlement is approved, the Class will receive a significant monetary recovery.  Additionally, Plaintiff's Counsel believe that the significant and immediate benefits of the Settlement, when

weighed against the significant risk, delay, and uncertainty of continued litigation, are an excellent result for the Class.

**WHO REPRESENTS THE CLASS?**

The law firm of Scott+Scott Attorneys at Law LLP represents you and other Class Members. These lawyers are called Plaintiff's Counsel. These lawyers will apply to the Court for payment of attorneys' fees and expenses from the Settlement Fund; you will not be otherwise charged for their work. If you want to be represented by your own lawyer, you may hire one at your own expense.

**HOW WILL THE PLAINTIFF'S LAWYERS BE PAID?**

Plaintiff's Counsel will file a motion for an award of attorneys' fees and expenses that will be considered at the Settlement Fairness Hearing. Plaintiff's Counsel will apply for an award not to exceed 33 and 1/3% of the Settlement Fund, plus payment of expenses incurred in connection with the Action in an amount not to exceed $265,000. In addition, Plaintiff may seek payment of up to $15,000 for its time and expenses incurred in representing the Class. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Plaintiff's Counsel for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis. Plaintiff's Counsel have committed significant time and expenses in litigating this case for the benefit of the Class. To date, Plaintiff's Counsel have not been paid for their services in conducting this Action on behalf of the Plaintiff and the Class, or for their expenses. The fees requested will compensate Plaintiff's Counsel for their work in achieving the Settlement. The Court will decide what constitutes a reasonable fee award and may award less than the amount requested by Plaintiff's Counsel.

**CAN I EXCLUDE MYSELF FROM THE SETTLEMENT?**

If you want to keep the right to sue or continue to sue Defendants on your own about the legal issues in this case, then you must take steps to get out of the Class. This is called excluding yourself from, or "opting out" of, the Class.

To exclude yourself from the Class, you must send a letter by mail saying that you want to be excluded from the Class in the following action: *OPPFRS v. Teligent, Inc.,* Case No. 1:19-cv-03354-VM, S.D.N.Y. Be sure to include your name, address, e-mail address, telephone number, and sign the letter. Exclusion requests must also state the date, price, and number of shares of Teligent common stock purchased. (You must also maintain your transaction records as you may be requested to submit them at a later date.) Your exclusion request must be ***postmarked no later than _____, 2021*** and sent to the Claims Administrator at:

*Teligent Securities Settlement*
Claims Administrator
Kroll Settlement Administration
Attn: EXCLUSIONS
P.O. Box 5324

New York, NY 10150-5324

You cannot exclude yourself by phone or by e-mail. If you make a proper request for exclusion, you will not receive a Settlement payment, and you cannot object to the Settlement. If you make a proper request for exclusion, you will not be legally bound by anything that happens in this lawsuit. If you wish to be excluded from the Settlement Class, submit a request for exclusion only and do not submit an objection to the Settlement. If you do submit both a request for exclusion and an objection to the Settlement, your objection will be disregarded.

**CAN I OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUESTED ATTORNEYS' FEES AND EXPENSES, AND/OR PAYMENT TO PLAINTIFF?**

Yes. If you are a Class Member, you may object to the terms of the Settlement. Whether or not you object to the terms of the Settlement, you may also object to the Plan of Allocation, requested attorneys' fees, costs, and expenses, and/or application for payment to Plaintiff for their time and expenses. To object, you must write to the Court setting out your objection in the case known as *OPPRS v. Teligent, Inc.*, Case No. 1:19-cv-03354-VM (S.D.N.Y.), stating why you think the Court should not approve any part or all of the Settlement, the proposed Plan of Allocation, the requested attorneys' fees, costs, and expenses, and/or application for payment to Plaintiff for their time and expenses. You must include your name, address, telephone number, and your signature; include documents sufficient to prove your membership in the Class, such as number of shares of Teligent common stock purchased or acquired, as well as the dates and prices of each such purchase or acquisition during the Class Period. Your letter must also state the specific reasons why you object, including any legal or evidentiary support for your objection. Your objection must state whether it applies only to you, to a specific subset of the Class, or to the entire Class.

Your objection must be filed with the United States District Court for the Southern District of New York by hand or by mail such that it is **received on or before _____, 2021**, at the address set forth below. You must also serve the papers on Lead Counsel and Defendants' Counsel at the addresses set forth below so that the papers are **received on or before _____, 2021**.

| **COURT:** | **LEAD COUNSEL:** |
|---|---|
| CLERK OF THE COURT | SCOTT+SCOTT ATTORNEYS AT |
| United States District Court |   LAW LLP |
| Southern District of New York | Jeffrey P. Jacobson |
| Daniel Patrick Moynihan United States | 230 Park Avenue, 17th Fl. |
|   Courthouse | New York, NY 10169 |
| 500 Pearl Street | |
| New York, NY 10007 | |

**DEFENDANTS' COUNSEL:**

MINTZ, LEVIN, COHN,
  FERRIS, GLOVSKY AND
  POPEO, P.C.
Jacob Hupart

9

666 Third Avenue

New York, NY 10017

Unless otherwise ordered by the Court, any Class Member who does not object in the manner described in this Notice will be deemed to have waived any objection and will not be able to appear separately at the Settlement Hearing or to make any objection to the Settlement, the proposed Plan of Allocation, the application for attorneys' fees, costs, and expenses, and/or application for payment to Plaintiff for their time and expenses.

If you hire an attorney (at your own expense) to represent you for purpose of objecting, your attorney must serve a notice of appearance on counsel listed above and file it with the Court (at the addresses set out above) by no later than _____, 2021.

## WHAT IS THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING MYSELF FROM THE SETTLEMENT?

Objecting is telling the Court that you do not like something about the proposed Settlement, the Plan of Allocation, Plaintiff's Counsel's request for an award of attorneys' fees and expenses, or payment to Plaintiff for their time and expenses.  You can object *only* if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class, or participate in the recovery.  If you exclude yourself, you have no basis to object because the case no longer applies to you.

## HOW CAN I GET A PAYMENT?

In order to qualify for a payment, you must timely submit a Proof of Claim.  A Proof of Claim is enclosed with this Notice, and it may also be downloaded at www.teligentsecuritiessettlement.com, or you can request a Proof of Claim by contacting the Claims Administrator or Plaintiff's Counsel as set forth herein.  Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and mail it or submit it online so that it is *postmarked* **(if mailed) or** *received* **(if filed electronically) no later than _____, 2021.**  The Proof of Claim may be submitted online at www.teligentsecuritiessettlement.com, and the address for mailing the proof of claim is:

*Teligent Securities Settlement*
Claims Administrator
c/o Kroll Settlement Administration
P.O. Box 5324
New York, NY 10150-5324

If you do not submit a valid Proof of Claim, you will not receive a payment from the Net Settlement Fund; however, unless you expressly exclude yourself from the Class as described above, you will still be bound in all other respects by the Settlement, the Judgment, and the releases contained in them.

## WHAT CLAIMS WILL BE RELEASED BY THE SETTLEMENT?

Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants relating to securities claims involving the purchase of Teligent common stock at issue in this case.  It also means that

all of the Court's orders will apply to you and legally bind you and you will fully, finally, and forever release your Released Claims in this case against the Released Defendants' Parties.

"Released Claims" is defined in the Stipulation and generally means: any and all claims, debts, actions, causes of action, suits, dues, sums of money, accounts, liabilities, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, awards, extents, executions, and demands whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including without limitation the federal securities laws, any rules of any stock exchange, whether fixed or contingent, whether accrued or un-accrued, whether asserted or unasserted, whether liquidated or un-liquidated, whether at law or in equity, whether matured or unmatured, whether direct, indirect or consequential, whether class or individual in nature, whether suspected or unsuspected, and whether known claims or Unknown Claims (as defined below), which the Lead Plaintiff and the Class Members on behalf of themselves, their heirs, executors, representatives, administrators, predecessors, successors, assigns, officers and directors, any and all other persons they represent and any other person or entity claiming (now or in the future) through or on behalf of them, in their individual capacities and in their capacities as purchasers of Defendants' securities, ever had, now has or hereafter can, shall or may have, from the beginning of time through and including the present, whether in their own right or by assignment, transfer or grant from any other person, thing or entity that (i) have been asserted in this Action by the Plaintiff and Class Members, or any of them, against any of the Released Parties, or (ii) could have been asserted in any forum by the Plaintiff or Class Members, or any of them, against any of the Released Parties which arise out of, are based upon or relate to, directly or indirectly, the allegations, transactions, facts, statements, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint. Notwithstanding the above, this Settlement shall not release any claims in the action captioned *George Gonzales, Derivatively on Behalf of Nominal Defendant Teligent, Inc. v. Jason Grenfell-Gardner, Steven Koehler, Carole Ben-Maimon, John Celentano, Bhaskar Chaudhuri, James C. Gale,* and *Thomas J. Sabatino, Jr.*, Civil Action No. 1:20-cv-5448 (S.D.N.Y.). For the avoidance of doubt, "Released Claims" for all Class Members including Plaintiff does not, however, include claims to enforce the Settlement.

"Released Parties" means: (i) each Defendant, (ii) each of their respective family members (for individuals) and each of their direct or indirect parent entities, subsidiaries, related entities and affiliates, and (iii) for any of the entities listed in parts (i) or (ii), their respective past and present general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, re-insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such.

The above description of the proposed Settlement is only a summary. The complete terms are set forth in the Stipulation (including its exhibits), which may be obtained at www.teligentsecuritiessettlement.com, or by contacting Plaintiff's Counsel listed on Pages 9 and 12. In the event of any inconsistency between this notice and the Stipulation, the terms of the Stipulation control.

**THE SETTLEMENT FAIRNESS HEARING**

The Court will hold a Settlement Fairness Hearing on _____, 2021, at _____ a.m./p.m., before the Honorable Victor Marrero at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007-1312, for the purpose of determining whether: (1) the Settlement of the Action for $6,000,000 in cash should be approved by the Court as fair, reasonable, and adequate; (2) to award Plaintiff's Counsel attorneys' fees and expenses out of the Settlement Fund; (3) to pay Plaintiff for its time and expenses incurred in representing the Class; (4) the Plan of Allocation should be approved by the Court; and (5) to enter the final Judgment as provided under the Stipulation. The Court may adjourn or continue the Settlement Fairness Hearing without further notice to Members of the Class. If you want to attend the hearing, you should check with Plaintiff's Counsel or the settlement website beforehand to be sure that the date and/or time have not changed.

Any Class Member may appear at the Settlement Fairness Hearing and be heard on any of the foregoing matters.

**HOW DO I OBTAIN ADDITIONAL INFORMATION?**

This Notice contains only a summary of the terms of the proposed Settlement. The records in this Action may be examined and copied at any time during regular office hours, and subject to customary copying fees, at the Clerk of the Southern District of New York. In addition, all of the Settlement documents, including the Stipulation, this Notice, the Proof of Claim, and proposed Judgment may be obtained on the settlement website, www.teligentsecuritiessettlement.com, or by contacting the Claims Administrator at:

*Teligent Securities Settlement*
Claims Administrator
c/o Kroll Settlement Administration
P.O. Box 5324
New York, NY 10150-5324

1-833-460-1725
info@teligentsecuritiessettlement.com

In addition, you may contact Jeffrey P. Jacobson at Scott+Scott Attorneys at Law LLP, 230 Park Ave., Fl. 17, New York, NY 10169, 1-800-332-2259, if you have any questions about the Action or the Settlement or want to obtain Settlement documents.

**DO NOT WRITE TO, OR TELEPHONE, THE COURT FOR INFORMATION**

**SPECIAL NOTICE TO BANKS, BROKERS, AND OTHER NOMINEES**

If you held any Teligent common stock, as a nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice by First-Class Mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator:

*Teligent Securities Settlement*
Claims Administrator
c/o Kroll Settlement Administration
P.O. Box 5324
New York, NY 10150-5324

info@teligentsecuritiessettlement.com

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for or advancement of reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator.

DATED: _____, 2021                    BY ORDER OF THE UNITED STATES
                                                 DISTRICT COURT FOR THE
                                                 SOUTHERN DISTRICT OF NEW
                                                 YORK

# Exhibit 2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OKLAHOMA POLICE PENSION FUND AND RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | Case No. 1:19-cv-03354-VM |
| Plaintiff, | |
| v. | **PROOF OF CLAIM AND RELEASE** |
| TELIGENT, INC. and JASON GRENFELL-GARDNER, | |
| Defendants. | |

I.    **GENERAL INSTRUCTIONS**[1]

1.      To recover as a Member of the Class based on your claims in the action entitled *Okla. Police Pension Fund & Ret. Sys. v. Teligent, Inc.*, Civil Action No. 1:19-cv-03354-VM (S.D.N.Y.) (the "Action"), you must complete and, on page 9 hereof, sign this Proof of Claim and Release form ("Proof of Claim").  If you fail to submit a timely and properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may not receive any recovery from the Net Settlement Fund created in connection with the proposed Settlement.

2.      Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Action.

3.      **YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, NO LATER THAN _____, 2021, ADDRESSED AS FOLLOWS:**

---

[1]      All capitalized terms used in this Proof of Claim that are not otherwise defined herein shall have the meanings provided in the Stipulation and Agreement of Settlement dated July 14, 2021 (the "Stipulation"), which is available on the website for the Action at www.teligentsecuritiessettlement.com.

*Teligent Securities Settlement*
Claims Administrator
c/o Kroll Settlement Administration
P.O. Box 5324
New York, NY 10150-5324
Online Submissions: www.teligentsecuritiessettlement.com

If you are **NOT** a Member of the Class, as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), **DO NOT** submit a Proof of Claim.

4.      If you are a Member of the Class and you do not timely request exclusion in response to the Notice, you are bound by the terms of any judgment entered in the Action, including the releases provided therein, **WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM**.

## II.      CLAIMANT IDENTIFICATION

If you purchased or acquired Teligent, Inc. ("Teligent") common stock between March 7, 2017 in the aftermarket and November 6, 2017 at the close of regular trading, inclusive, use Part I of this form entitled "Claimant Identification" to list the claimant name, mailing address, and account information, if relevant (such as for a claim submitted on behalf of an IRA, Trust, or estate account). Please list the most current claimant or account name as you would like the information to appear on the check, if eligible for payment.  Please also provide a telephone number and/or e-mail address, as the Claims Administrator may need to contact you with questions about the claim submitted.  If your Claimant Identification information changes, please notify the Claims Administrator in writing at the address above.

If you are acting in a representative capacity on behalf of a Class Member (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Class Member.  Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents or other documents which

provide you with the authority to submit the claim.  Please also indicate your representative capacity under your signature on page 9 of this Proof of Claim.

NOTICE REGARDING ELECTRONIC FILES:  Certain claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files.  If you have a large number of transactions and wish to file your claim electronically, you may obtain the required file layout at www.teligentsecuritiessettlement.com.

## III.   CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in Teligent Common Stock" to supply all required details of your transaction(s) in Teligent common stock.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

On the schedules, provide all of the requested information with respect to *all* of your purchases or acquisitions between March 7, 2017 in the aftermarket and November 6, 2017 at the close of regular trading, and *all* of your sales of Teligent common stock between March 7, 2017 in the aftermarket and February 2, 2018 at the close of regular trading, inclusive, whether such transactions resulted in a profit or a loss.  You must also provide all of the requested information with respect to *all* of the Teligent common stock you held at the close of trading on March 7, 2017 and at the close of trading on February 2, 2018 and the sum total of your purchases between November 7, 2018 and February 2, 2018.  Failure to report all such transactions may result in the rejection of your claim.

List each transaction separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

The date of covering a "short sale" is deemed to be the date of purchase of Teligent common stock.  The date of a "short sale" is deemed to be the date of sale of Teligent common stock.

Copies of broker confirmations or other documentation of your transactions in Teligent common stock should be attached to your claim.  If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker because these documents are necessary to prove and process your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

*Oklahoma Police Pension Fund and Retirement System v. Teligent, Inc.*,

Case No. 1:19-cv-03354-VM

PROOF OF CLAIM AND RELEASE

**Must Be Postmarked (if Mailed) or Received (if Submitted Online) No Later Than:**

**_____ , 2021**

<u>Please Type or Print</u>

PART I:      CLAIMANT IDENTIFICATION

_____

Owner's Name (First, Middle, Last)

_____

Street Address

_____    _____

City                                State or Province

_____    _____

Zip Code or Postal Code          Country

_____    _____ Individual

Social Security Number or
Taxpayer Identification Number    _____ Corporation/Other

_____    _____

Area Code        Telephone Number (work)

4

_____          _____

Area Code                Telephone Number (home)

_____

Record Owner's Name (if different from beneficial owner listed above)

_____
E-Mail Address

PART II: SCHEDULE OF TRANSACTIONS IN TELIGENT COMMON STOCK

Use this section to provide information on your holdings and trading of Teligent common stock during the requested time periods.  For all transactions and holdings listed, you must provide copies of stockbroker confirmation slips, stockbroker statements, or other documents evidencing your transactions.  If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker because these documents are necessary to prove and process your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

     A.     Number of shares of Teligent common stock held at the close of trading on March 7, 2017.  If none, write "zero":  _____

     B.     Purchases or acquisitions of Teligent common stock in the aftermarket on March 7, 2017 to the close of regular trading on February 2, 2018, inclusive:

| Trade Date Month Day Year | Number of Shares Purchased or Acquired | Purchase or Acquisition Price per Share | Total Purchase or Acquisition Price |
|---|---|---|---|
| 1. | 1. | 1. | 1. |
| 2. | 2. | 2. | 2. |
| 3. | 3. | 3. | 3. |

**IMPORTANT:**  If any purchase listed covered a "short sale," please mark Yes.  ☐ Yes

     C.     Sales of Teligent common stock March 7, 2017 in the aftermarket to February 2, 2018 at the close of regular trading, inclusive:

| Trade Date Month Day Year | Number of Shares Sold | Sale Price per Share | Total Sales Price |
|---|---|---|---|
| 1. | 1. | 1. | 1. |

| 2. | 2. | 2. | 2. |
|----|----|----|----|
| 3. | 3. | 3. | 3. |

      D.     Number of shares of Teligent common stock held at the close of regular trading on February 2, 2018.  If none, write "zero":

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 9.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

**IV.**    **SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

1.    I (We) submit this Claim Form under the terms of the Stipulation and Agreement of Settlement described in the Settlement Notice and available at www.teligentsecuritiessettlement.com. I (We) also submit to the jurisdiction of the United States District Court, Southern District of New York, with respect to my (our) claim as a Class Member.

2.    I (We) further acknowledge that, upon the Effective Date of the Settlement, I (we) will be bound by and subject to the terms of any judgment that may be entered in the Action, including the release of the Released Claims as against the Released Parties.  I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.  I (We) have not submitted any other claim covering the same purchases or sales of Teligent common stock during the relevant periods and know of no other person having done so on my (our) behalf.

**V.**    **RELEASE**

1.    I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, and discharge each and all of the Released Parties from each and all of the Released Claims as provided in the Stipulation.

2. "Released Claims" means any and all claims, debts, actions, causes of action, suits, dues, sums of money, accounts, liabilities, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, awards, extents, executions, and demands whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses or liability), whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including without limitation the federal securities laws, any rules of any stock exchange, whether fixed or contingent, whether accrued or un-accrued, whether asserted or unasserted, whether liquidated or un-liquidated, whether at law or in equity, whether matured or unmatured, whether direct, indirect or consequential, whether class or individual in nature, whether suspected or unsuspected, and whether known claims or Unknown Claims (as defined below), which the Plaintiff and the Class Members on behalf of themselves, their heirs, executors, representatives, administrators, predecessors, successors, assigns, officers and directors, any and all other persons they represent and any other person or entity claiming (now or in the future) through or on behalf of them, in their individual capacities and in their capacities as purchasers of Defendants' securities, ever had, now has or hereafter can, shall or may have, from the beginning of time through and including the present, whether in their own right or by assignment, transfer or grant from any other person, thing or entity that (i) have been asserted in this Action by the Plaintiff and Class Members, or any of them, against any of the Released Parties, or (ii) could have been asserted in any forum by the Plaintiff or Class Members, or any of them, against any of the Released Parties which arise out of, are based upon or relate to, directly or indirectly, the allegations, transactions, facts, statements, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint.  Notwithstanding the above, this Settlement shall not release any claims in the action captioned *George Gonzales*, *Derivatively on Behalf of Nominal Defendant Teligent, Inc. v. Jason Grenfell-Gardner, Steven*

7

*Koehler, Carole Ben-Maimon, John Celentano, Bhaskar Chaudhuri, James C. Gale,* and *Thomas J. Sabatino, Jr.*, Civil Action No. 1:20-cv-5448 (S.D.N.Y.).  For the avoidance of doubt, "Released Claims" for all Class Members including Plaintiff does not, however, include claims to enforce the Settlement.

3.      "Released Parties" means (i) each Defendant, (ii) each of their respective family members (for individuals) and each of their direct or indirect parent entities, subsidiaries, related entities and affiliates, and (iii) for any of the entities listed in parts (i) or (ii), their respective past and present general partners, limited partners, principals, shareholders, joint venturers, members, officers, directors, managers, managing directors, supervisors, employees, contractors, consultants, auditors, accountants, financial advisors, professional advisors, investment bankers, representatives, insurers, re-insurers, trustees, trustors, agents, attorneys, professionals, predecessors, successors, assigns, heirs, executors, administrators, and any controlling person thereof, in their capacities as such.

4.      This release shall be of no force or effect unless and until the Court approves the Stipulation and the Settlement becomes effective on the Effective Date.

5.      I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases and sales of Teligent common stock between March 7, 2017 in the aftermarket and November 6, 2017 at the close of regular trading, inclusive, and the number of shares of Teligent common stock held by me (us) at the close of trading on March 7, 2017 and on November 6, 2017.

I (we) declare under penalty of perjury under the laws of the State of New York that the foregoing is true and correct.

Executed this _____ day of _____

(Month/Year)

_____

(Sign your name here)

_____

(Type or print your name here)

_____

(Capacity of person(s) signing,
*e.g.*, Beneficial Purchaser or Acquirer,
Executor or Administrator)


**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and declaration.

2. Remember to attach copies of supporting documentation.

3. Do not send originals of certificates or other documentation as they will not be returned.

4. Keep a copy of your Proof of Claim and all supporting documentation for your records.

5. If you desire an acknowledgment of receipt of your Proof of Claim, please send it Certified Mail, Return Receipt Requested.

6. If you move, please send your new address to the address below.


**THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE OR, IF MAILED,
POSTMARKED NO LATER THAN _____, 2021, ADDRESSED AS FOLLOWS:**

*Teligent Securities Settlement*
Claims Administrator
c/o Kroll Settlement Administration
P.O. Box 5324
New York, NY 10150-5324
www.teligentsecuritiessettlement.com

9

# Exhibit 3

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| OKLAHOMA POLICE PENSION FUND AND RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>              Plaintiff,<br><br>   v.<br><br>TELIGENT, INC. and JASON GRENFELL-GARDNER,<br><br>              Defendants. | Case No. 1:19-cv-03354-VM<br><br><br>**SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION** |

**TO:    ALL PERSONS AND ENTITIES WHO PURCHASED OR ACQUIRED THE COMMON STOCK OF TELIGENT, INC. ("TELIGENT" OR THE "COMPANY") DURING THE PERIOD FROM MARCH 7, 2017 IN THE AFTERMARKET TO NOVEMBER 6, 2017 AT THE CLOSE OF REGULAR TRADING, INCLUSIVE**

**THIS NOTICE WAS AUTHORIZED BY THE COURT.  IT IS NOT A LAWYER SOLICITATION.  PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Southern District of New York, that a hearing will be held on _____, 2021, at _____, before the Honorable Victor Marrero, United States District Judge, at the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007, for the purpose of determining:  (1) whether the proposed Settlement of the above-captioned Action, as set forth in the settlement agreement reached between the parties, consisting of Six Million Dollars ($6,000,000) in cash, should be approved as fair, reasonable, and adequate to the Members of the Class; (2) whether the release by Class Members of claims as set forth in the settlement agreement should be authorized; (3) whether the proposed plan to distribute the settlement proceeds (the "Plan of Allocation") is fair, reasonable, and

adequate; (4) whether the application by Plaintiff's counsel for an award of attorneys' fees and expenses and any award to Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4) should be approved; and (5) whether the Judgment, in the form attached to the settlement agreement, should be entered. The Court may change the date of the Settlement Hearing without providing another notice.  You do **NOT** need to attend the Settlement Hearing in order to receive a distribution from the Net Settlement Fund.

IF YOU PURCHASED OR ACQUIRED ANY OF THE COMMON STOCK OF TELIGENT DURING THE PERIOD FROM MARCH 7, 2017 IN THE AFTERMARKET TO NOVEMBER 6, 2017 AT THE CLOSE OF REGULAR TRADING, INCLUSIVE, YOUR RIGHTS WILL BE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION.

To share in the distribution of the Net Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release ("Proof of Claim") by mail (postmarked no later than _____, 2021) or submitted electronically at www.teligentsecuritiessettlement.com no later than _____, 2021.  Your failure to submit your Proof of Claim by _____, 2021, will subject your claim to possible rejection and may preclude you from receiving any of the recovery in connection with the Settlement of this Action.  If you are a Member of the Class and do not request exclusion, you will be bound by the Settlement and any judgment and release entered in the Action, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim.  Plaintiff's Counsel represent you and other Members of the Class.  If you want to be represented by your own lawyer, you may hire one at your own expense.

If you have not received a copy of the Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement or exclude yourself from the Class), or a Proof of Claim form, you may obtain these documents, as well as a

copy of the Stipulation (which, among other things, contains definitions for the defined terms used in this Summary Notice) and other Settlement documents, online at www.teligentsecuritiessettlement.com, or by writing to:

*Teligent Securities Settlement*
Claims Administrator
c/o Kroll Settlement Administration
P.O. Box 5324
New York, NY 10150-5324
1-833-460-1725
www.teligentsecuritiessettlement.com

Inquiries may also be made to a representative of Plaintiff's Counsel at:

SCOTT+SCOTT ATTORNEYS AT LAW LLP
Jeffrey P. Jacobson
230 Park Ave., Fl. 17
New York, NY 10169
Phone: 1-800-332-2259

Inquiries should **NOT** be directed to Defendants, the Court, or the Clerk of the Court.

IF YOU DESIRE TO BE EXCLUDED FROM THE CLASS, YOU MUST SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS POSTMARKED NO LATER THAN _____, 2021, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.  ALL MEMBERS OF THE CLASS WHO HAVE NOT REQUESTED EXCLUSION FROM THE CLASS WILL BE BOUND BY THE SETTLEMENT ENTERED IN THE LITIGATION EVEN IF THEY DO NOT FILE A TIMELY PROOF OF CLAIM.

IF YOU ARE A CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY PLAINTIFF'S COUNSEL FOR AN AWARD OF ATTORNEYS' FEES, COSTS, AND EXPENSES AND/OR THE APPLICATION FOR PAYMENT TO PLAINTIFF FOR THEIR TIME AND EXPENSES. ANY WRITTEN OBJECTIONS MUST BE SENT TO THE COURT NO LATER THAN

_____, 2021, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.  IF YOU

FAIL TO OBJECT IN THE MANNER AND FORM EXPLAINED IN THE NOTICE YOU WILL

BE DEEMED TO HAVE WAIVED ANY OBJECTION AND WILL NOT BE ABLE TO

APPEAR SEPERATELY AT THE SETTLEMENT HEARING OR MAKE ANY OBJECTION

TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY PLAINTIFF'S

COUNSEL FOR AN AWARD OF ATTORNEYS' FEES, COSTS, AND EXPENSES AND/OR

THE APPLICATION FOR PAYMENT TO PLAINTIFF FOR THEIR TIME AND EXPENSES.


DATED: _____    BY ORDER OF THE UNITED STATES
                                          DISTRICT COURT FOR THE
                                          SOUTHERN DISTRICT OF NEW YORK