**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OKLAHOMA POLICE PENSION FUND AND RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>    v.<br><br>TELIGENT, INC. and JASON GRENFELL-GARDNER,<br><br>                    Defendants. | Case No. 1:19-cv-03354-VM |

**LEAD PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**

## TABLE OF CONTENTS

I.    INTRODUCTION ................................................................................................... 1

II.   SUMMARY OF THE ACTION ............................................................................. 3

III.  SUMMARY OF THE SETTLEMENT ................................................................. 6

IV.   THE SETTLEMENT WARRANTS PRELIMINARY APPROVAL ............................ 8

      A.    The Standards for Reviewing a Proposed Settlement for Preliminary
            Approval ...................................................................................................... 8

      B.    The Settlement Satisfies Each of the Rule 23(e)(2) Factors ............................. 9

            1.    Plaintiff and Its Counsel Have Adequately Represented the Class ......... 9

            2.    The Proposed Settlement Was Negotiated at Arm's Length ............... 10

            3.    The Proposed Settlement Is Adequate in Light of the Costs, Risks, and
                  Delay of Trial and Appeal ................................................................. 10

            4.    The Proposed Method for Distributing Relief Is Effective ................... 12

            5.    Attorneys' Fees .................................................................................. 13

            6.    The Parties Have No Side Agreements Aside from a Standard
                  Supplemental Agreement Regarding Exclusions ................................. 14

            7.    Class Members Are Treated Equitably ................................................ 14

      C.    The Settlement Also Satisfies The *Grinnell* Factors ....................................... 15

            1.    The Complexity, Expense, and Likely Duration of the Litigation, the
                  Risks of Establishing Liability, and the Risks of Establishing Damages
                  All Support Approval of the Settlement ............................................... 15

            2.    The Stage of the Proceedings and the Amount of Discovery
                  Completed ......................................................................................... 15

            3.    The Ability of Defendants to Withstand a Greater Judgment ............... 16

            4.    The Reasonableness of the Settlement in Light of the Best Possible
                  Recovery and the Attendant Risks of Litigation .................................. 17

            5.    The Reaction of the Class to the Settlement ........................................ 18

V.    THE MANNER AND FORM OF NOTICE SHOULD BE APPROVED, AND THE

PROPOSED CLAIMS ADMINISTRATOR SHOULD BE APPOINTED ................. 18

VI.    CERTIFICATION OF THE CLASS FOR SETTLEMENT PURPOSES IS
       APPROPRIATE ..................................................................................................... 20

VII.   PROPOSED SCHEDULE OF SETTLEMENT EVENTS ........................................... 22

VIII.  CONCLUSION ......................................................................................................... 23

## TABLE OF AUTHORITIES

PAGE(S)

CASES

*In re Adelphia Commc'ns Corp. Sec. & Derivatives Litig.*,
   271 F. App'x. 41 (2d Cir. 2008) ............................................................18

*In re Advanced Battery Techs., Inc. Sec. Litig.*,
   298 F.R.D. 171 (S.D.N.Y. 2014) ..........................................................12

*In re "Agent Orange" Prod. Liab. Litig.*,
   597 F. Supp. 740 (E.D.N.Y. 1984), *aff'd*, 818 F.2d 145 (2d Cir. 1987) ................17

*In re Alloy, Inc. Sec. Litig.*,
   No. 03 Civ. 1597, 2004 WL 2750089 (S.D.N.Y. Dec. 2, 2004) ...........................10

*In re AOL Time Warner, Inc. Sec. & ERISA Litig.*,
   MDL No. 1500, 2006 WL 903236 (S.D.N.Y. Apr. 6, 2006) ...........................11, 17

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*,
   222 F.3d 52 (2d Cir. 2000) ...............................................................21

*In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*,
   281 F.R.D. 134 (S.D.N.Y. 2012) ..........................................................21

*Billhofer v. Flamel Techs., S.A.*,
   281 F.R.D. 150 (S.D.N.Y. 2012) ..........................................................21

*Carpenters Pension Trust Fund of St. Louis v. Barclays PLC*,
   310 F.R.D. 69 (S.D.N.Y. 2015) ...........................................................21

*City of Providence v. Aeropostale, Inc.*,
   No. 11 CIV. 7132 (CM), 2014 WL 1883494 (S.D.N.Y. May 9, 2014), *aff'd*
   *sub nom. Arbuthnot v. Pierson*, 607 F. App'x 73 (2d Cir. 2015) ...........................13

*Deangelis v. Corzine*,
   151 F. Supp. 3d 356 (S.D.N.Y. 2015) ......................................................8

*Detroit v. Grinnell Corp.*,
   495 F.2d 448 (2d Cir. 1974) ....................................................... *passim*

*In re Deutsche Bank AG Sec. Litig.*,
   328 F.R.D. 71 (S.D.N.Y. 2018) ...........................................................21

*In re EVCI Career Colleges Holding Corp. Sec. Litig.*,
   No. 05 CIV. 10240, 2007 WL 2230177 (S.D.N.Y. July 27, 2007) .........................22

*Fogarazzo v. Lehman Bros., Inc.*,
  No. 03 Civ. 5194 (SAS), 2011 WL 671745 (S.D.N.Y. Feb. 23, 2011) ..................................14

*Frank v. Eastman Kodak Co.*,
  228 F.R.D. 174 (W.D.N.Y. 2005).........................................................................................12

*In re Giant Interactive Grp., Inc. Sec. Litig.*,
  279 F.R.D. 151 (S.D.N.Y. 2011) ..........................................................................................14

*In re Global Crossing Sec. & ERISA Litig.*,
  225 F.R.D. 436 (S.D.N.Y. 2004) .....................................................................................16, 17

*Guevoura Fund Ltd. v. Sillerman*,
  No. 1:15-CV-07192-CM, 2019 WL 6889901 (S.D.N.Y. Dec. 18, 2019) ........................10, 13

*Hicks v. Morgan Stanley*,
  No. 01 Civ. 10071, 2005 WL 2757792 (S.D.N.Y. Oct. 24, 2005) .........................................15

*In re IMAX Sec. Litig.*,
  283 F.R.D. 178 (S.D.N.Y. 2012) ..........................................................................................18

*In re Indep. Energy Holdings PLC Sec. Litig.*,
  No. 00 Civ. 6689, 2003 WL 22244676 (S.D.N.Y. Sept. 29, 2003)........................................17

*In re IndyMac Mortg.-Backed Sec. Litig.*,
  286 F.R.D. 226 (S.D.N.Y. 2012) ..........................................................................................22

*In re IPO Sec. Litig.*,
  226 F.R.D. 186 (S.D.N.Y. 2005) ............................................................................................8

*Menkes v. Stolt-Nielsen S.A.*,
  270 F.R.D. 80 (D. Conn. 2010)..............................................................................................19

*In re Merrill Lynch Tyco Rsch. Sec. Litig.*,
  249 F.R.D. 124 (S.D.N.Y. 2008) ..........................................................................................18

*Newman v. Stein*,
  464 F.2d 689 (2d Cir. 1972)...................................................................................................17

*In re Pfizer Inc. Sec. Litig.*,
  282 F.R.D. 38 (S.D.N.Y. 2012) .............................................................................................22

*In re Prudential Sec. Inc. Ltd. P'ships Litig.*,
  163 F.R.D. 200 (S.D.N.Y. 1995) .............................................................................................8

*In re Prudential Sec., Inc.*,
  No. MDL No. 1005, M-21-67, 1995 WL 798907 (S.D.N.Y. Nov. 20, 1995).........................16

*Solis v. Orthonet LLC*,
    No. 19-CV-4678 (VSB), 2021 WL 2678651 (S.D.N.Y. June 30, 2021)................................14

*In re U.S. Foodservice Inc. Pricing Litig.*,
    729 F.3d 108 (2d Cir. 2013)..............................................................................................22

*In re Vivendi Universal, S.A. Sec. Litig.*,
    242 F.R.D. 76 (S.D.N.Y. 2007) .........................................................................................20

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*,
    396 F.3d 96 (2d Cir. 2005)..........................................................................................18, 19

## STATUTES, RULES AND REGULATIONS

Federal Rules of Civil Procedure
    Rule 10b-5 .....................................................................................................................7, 18
    Rule 23 .................................................................................................................3, 18, 20, 22
    Rules 23(a) and (b)(3) ...................................................................................................1, 20
    Rule 23(b)(3) ......................................................................................................................21
    Rule 23(e)....................................................................................................................1, 8, 19
    Rule 23(e)(2) ...................................................................................................................8, 9
    Rule 23(e)(2)(A) ...................................................................................................................9
    Rule 23(e)(2)(C)(i)........................................................................................................10, 15
    Rule 23(e)(2)(C)(ii)............................................................................................................12
    Rule 23(e)(2)(C)(iii)...........................................................................................................13
    Rule 23(e)(2)(C)(iv)...........................................................................................................14
    Rule 23(e)(2)(D) ................................................................................................................15
    Rule 23(e)(3) .......................................................................................................................9

15 U.S.C.
    §78u-4(a)(4) .......................................................................................................................14

## OTHER AUTHORITIES

4 ALBA CONTE & HERBERT B. NEWBERG, NEWBERG ON CLASS ACTIONS §11:53
    (4th ed. 2002) ....................................................................................................................19

Laarni T. Bulan & Laura E. Simmons, *2020 Review and Analysis,* CORNERSTONE
    RESEARCH (2021)............................................................................................................7, 17

Lead Plaintiff Oklahoma Police Pension Fund and Retirement System ("Oklahoma Police" or "Plaintiff") respectfully submits this memorandum of law in support of its motion for an Order, pursuant to Federal Rule of Civil Procedure 23(e): (i) preliminarily approving a proposed settlement (the "Settlement") of the above-captioned action between Plaintiff, on behalf of the Class, as defined below, and Defendants Teligent, Inc. ("Teligent" or the "Company"), and Jason Grenfell-Gardner ("Grenfell-Gardner" and collectively with Teligent, "Defendants"); (ii) certifying the Settlement Class pursuant to Rules 23(a) and (b)(3), and appointing Plaintiff as Class Representative and the law firm of Scott+Scott Attorneys at Law LLP as Class Counsel for the Settlement Class; (iii) approving the form and manner of the settlement notice and directing that notice of the Settlement be provided to the Settlement Class; and (iv) scheduling a hearing (the "Settlement Fairness Hearing") to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed plan of allocation for the Settlement proceeds (the "Plan of Allocation"), Plaintiff's Counsel's application for an award of attorneys' fees and expenses, and Plaintiff's request for reimbursement of the time and expenses it incurred prosecuting the Action.

## I.    INTRODUCTION

Plaintiff, on behalf of the Class, and Defendants (together, the "Settling Parties") have reached an agreement to resolve this securities class action (the "Action") for $6,000,000 (the "Settlement Amount").  The terms of the Settlement are set forth in the Stipulation and Agreement of Settlement and Release ("Stipulation"), filed simultaneously herewith.[1]

The parties reached this Settlement after two years of hard-fought litigation and months of extensive negotiations.  By the time the Settlement was reached, Plaintiff was fully informed about the strengths and weaknesses of its case.  Indeed, this result was possible only after an extensive

---

[1]    Unless otherwise stated or defined, all capitalized terms used herein shall have the meanings provided in the Stipulation.

factual investigation, which included obtaining documents from the Food and Drug Administration and interviewing a former Teligent employee, the filing of multiple amended complaints, the adjudication of Defendants' motion to dismiss, document discovery, engagement of an expert on issues such as loss causation and damages, depositions in which Plaintiff's representative and Plaintiff's class certification expert were deposed, the exchange of damages analyses by the parties in connection with the mediation, and the involvement of a well-respected mediator in multiple mediation sessions.

Plaintiff and Lead Counsel, based on their experience, evaluation of the facts and applicable law, their recognition of the Settlement Amount, and the risk and expense of continued litigation, submit that the proposed Settlement is fair, reasonable, and adequate. The Settlement constitutes an excellent result and is in the best interests of the Class.

Accordingly, Plaintiff respectfully requests that the Court grant preliminary approval of the Settlement so that notice may be provided to the Class. Plaintiff requests that this Court enter the Settling Parties' agreed-upon [Proposed] Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order"), submitted herewith as Exhibit A to the Stipulation, which among other things, will:

1. Preliminarily approve the Settlement on the terms set forth in the Stipulation;

2. Approve the form and content of the Notice of Pendency and Proposed Settlement of Class Action ("Notice") and Summary Notice attached as Exhibits A-1 and A-3 to the Stipulation, respectively;

3. Find that the procedures for distribution of the Notice and publication of the Summary Notice in the manner and form set forth in the Preliminary Approval Order constitute the best notice practicable under the circumstances, and comply with the notice requirements of

due process, Rule 23 of the Federal Rules of Civil Procedure, and §21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and

4.     Set a schedule and procedures for:  disseminating the Notice and publication of the Summary Notice; requesting exclusion from the Class; objecting to the Settlement, the Plan of Allocation, Lead Counsel's application for attorneys' fees and expenses, and/or Plaintiff's request for reimbursement of time and expenses incurred prosecuting the Action; submitting papers in support of final approval of the Settlement; and the Settlement Fairness Hearing.

## II.     SUMMARY OF THE ACTION

The initial complaint in this case was filed on April 15, 2019 by Mo-Kan Iron Workers Pension Fund and in the United States District Court for the Southern District of New York (the "Court").  ECF No. 1.  On July 1, 2019, the Court appointed Oklahoma Police as Lead Plaintiff and Scott+Scott Attorneys at Law LLP ("Scott+Scott") as Lead Counsel.  ECF No. 27.

On September 13, 2019, Oklahoma Police filed an Amended Class Action Complaint ("FAC") alleging violations of §§10(b) and 20(a) of the Securities Exchange Act (the "Exchange Act") of 1934 against Defendants Teligent and Grenfell-Gardner.  ECF No. 32.  Plaintiff alleged that, among other things, Defendants stated during the Class Period that Teligent had not received any Form 483 observations from the U.S. Food and Drug Administration ("FDA").  A Form 483 observation informs a company that the FDA observed potential violations of federal regulations and instructs the company to remedy those violations.  Further, Plaintiff alleged that this was false and misleading, as, in the months prior to the Class Period, the FDA had issued a 483 Letter to Teligent and had related correspondence with Teligent.  As a result of responding to the FDA, and of the underlying issues, Plaintiff alleged that Teligent's pipeline of new products, along with its ability to develop new products and win FDA approval for them, were harmed.  In turn, Plaintiff

alleged that when Teligent announced poor performance at the end of the Class Period, which was the alleged materialization of the risk from the undisclosed 483 correspondence with the FDA, its stock price dropped substantially, injuring investors who purchased or acquired Teligent stock during the Class Period.  Plaintiff alleged that, based on the foregoing circumstances, Defendants violated Exchange Act §§10(b) and 20(a).

Consistent with the Court's Individual Practices, after Plaintiff filed the FAC, Defendants sent Plaintiff a letter on October 25, 2019, informing Plaintiff that Defendants sought to request permission to move to dismiss the FAC for a number of reasons, including:  (1) a lack of particularity, (2) failure to plead actionable misstatements or omissions, (3) protection under the PSLRA's safe harbor for forward-looking statements, (4) a lack of scienter, and (5) a lack of loss causation.  Plaintiff responded by letter on November 5, 2019, asserting that while the FAC did state actionable claims for each statement challenged therein, Plaintiff would seek leave to amend the complaint to ensure that the record is clear on the points Defendants appeared intent on raising in their motion to dismiss.  On November 12, 2019, the Court granted Plaintiff permission to amend the complaint.  ECF No. 38.

Thereafter, on December 9, 2019, Plaintiff filed the Second Amended Class Action Complaint ("SAC").  ECF No. 39.  Again, consistent with the Court's Individual Practices, on January 15, 2020, Defendants sent Plaintiff another letter alleging that the SAC does not remedy the alleged defects Defendants identified in their October 25, 2019 letter, adding that (1) the challenged statements are accurate statements of fact, inactionable puffery or opinions, and (2) the SAC mischaracterizes the correspondence the Company received from the Food and Drug Administration ("FDA"), and that on these bases, and those outlined in Defendants' October 2019 pre-motion letter, Defendants would seek the Court's permission to file a motion to dismiss the

SAC.  On January 22, 2020, Plaintiff responded to Defendants' second letter, again asserting that the SAC stated actionable claims, and Defendants replied thereto on January 28, 2020.

Thereafter, on June 17, 2020, the Court issued an Order converting Defendants' pre-motion letters requesting permission to dismiss the SAC into a "Letter Motion" and denied in part and granted in part that motion.  ECF No. 46.

On August 17, 2020, Defendants filed an answer to the SAC, denying the SAC's material allegations and asserting defenses thereto.  ECF No. 51.

On August 25, 2020, the Court signed the parties' stipulated Protective Order and stipulated Electronically Stored Information ("ESI") Protocol Order ("ESI Protocols").  ECF Nos. 54, 55. Concurrently, the parties exchanged requests for production ("RFPs") and began negotiating appropriate search terms and other criteria.

By the time the Parties reached the proposed Settlement, Defendants had produced 14,719 documents and Plaintiff produced 815 documents.  Further, Defendants deposed Plaintiff's representative on March 4, 2021 and Plaintiff's class certification expert, Chad Coffman, CFA ("Coffman"), on March 11, 2021.

On September 30, 2020, Plaintiff filed a motion for class certification.  ECF No. 56.  On April 2, 2021, Defendants filed a memorandum of law in opposition thereto.  ECF No. 73.

After the Court's denial of Defendants' motion to dismiss, the parties retained Robert A. Meyer of JAMS ("Meyer" or the "Mediator"), a nationally recognized mediator who has extensive experience helping resolve securities class actions.  Following the exchange of mediation statements and damages analyses, on October 2, 2020, the parties participated in a full-day virtual mediation. Though the parties did not reach an agreement that day, over the succeeding months, while they simultaneously litigated the Action, the parties continued to engage in negotiations with each other

through the Mediator.  On April 5, 2021, the parties engaged in another mediation session with Meyer, a half-day virtual session.  Again, the parties did not reach an agreement.  However, the parties narrowed the outstanding issues and several weeks later agreed to settle the Action for $6 million subject to the negotiation of the terms of a Stipulation and approval by the Court.

## III.    SUMMARY OF THE SETTLEMENT

The Settlement provides for a cash payment of $6 million as compensation for the alleged claims in this Action.  That payment is non-reversionary.  Stipulation, ¶¶4.a, 13.m.  In exchange for payment of the Settlement Amount, the Action will be dismissed, and Plaintiff and the Settlement Class will provide release of their claims, as set forth in ¶3.x, to Defendants.

Further, the Plan of Allocation developed by Plaintiff's Counsel, in conjunction with Plaintiff's damages expert, allocates the proceeds of the Settlement – net of any Court-approved fees and expenses, and the costs of administration – in a *pro rata* fashion among the Settlement Class.  *See id.*, Ex. A-1 (Notice) at 4.  The recovery of individual Class Members to the Plan of Allocation will depend on several variables, including:  the aggregate value of the Recognized Claims from valid Proofs of Claim submitted by Class Members; when the Class Member's shares were purchased or acquired and the price at the time of purchase; and whether the shares were sold, and if so, when they were sold and for how much.  *See id.*, Ex. A-1 at 4-7.

The Notice, attached as Exhibit A-1 to the Stipulation, explains the terms of the Settlement, including that the Net Settlement Fund will be distributed to eligible Class Members who submit valid and timely Proofs of Claim pursuant to the proposed Plan of Allocation (which is also included in the Notice).  *See generally* Stipulation, Ex. A-1.  The Notice also advises Class Members of, among other information:  (i) Plaintiff's Counsel's application for attorneys' fees and expenses and Plaintiff's request for reimbursement for the time and expenses it incurred prosecuting the Action; (ii) the procedures for objecting to the Settlement, the Plan of Allocation, or the request for

attorneys' fees and expenses and Plaintiff's reimbursement; (iii) the means by which Class Members can exclude themselves from the Settlement; and (iv) the date, time, and location of the Settlement Fairness Hearing.  *See id.*

If the Court grants preliminary approval, the Claims Administrator will mail the Notice and Proof of Claim (Exhibits A-1 and A-2 to the Stipulation) to Class Members who can be reasonably identified, using information provided by Defendants and the Claims Administrator's proprietary list of institutions that hold securities on behalf of investors such as those that make up the Class.  Additionally, the Claims Administrator will cause the Summary Notice (Exhibit A-3 to the Stipulation) to be published once in *The Wall Street Journal* and once over Business Wire, a national newswire service.  *See* Stipulation, Ex. A (Preliminary Approval Order), ¶5.b.

As discussed, below, the proposed Settlement is an excellent result for the Class.  It provides a significant recovery in a case where Plaintiff and Plaintiff's Counsel were well-positioned to assess the Action's strengths and weaknesses.  Indeed, the $6 million recovery – which constituted at least 15% of Plaintiff's estimated maximum class-wide damages, and an even higher percentage of Defendants' corresponding estimate – is well above the range of what has been determined to be fair, reasonable, and adequate.  *See* Laarni T. Bulan & Laura E. Simmons, *Securities Class Action Settlements 2020 Review and Analysis,* CORNERSTONE RESEARCH (2021), https://www.cornerstone.com/Publications/Reports/Securities-Class-Action-Settlements-2020-Review-and-Analysis.pdf, at 6 (listing 3.2% and 2.2% as the median settlement recovery as a percentage of "simplified tiered damages" in Rule 10b-5 cases in 2020 and 2011-2019, respectively).

## IV.     THE SETTLEMENT WARRANTS PRELIMINARY APPROVAL

### A.     The Standards for Reviewing a Proposed Settlement for Preliminary Approval

Federal Rule of Civil Procedure 23(e) requires judicial approval for a settlement of claims brought as a class action. Fed. R. Civ. P. 23(e).  "Review of a proposed class action settlement generally involves a two-step process:  preliminary approval and a 'fairness hearing'" at which Class Members will "have an opportunity to present their views of the proposed settlement, and the parties may present arguments and evidence for and against the terms, before the court makes a final determination as to whether the proposed settlement is 'fair, reasonable and adequate.'" *In re IPO Sec. Litig.*, 226 F.R.D. 186, 191 (S.D.N.Y. 2005)[2].  At the present stage, Plaintiff seeks preliminary approval of the settlement, the certification of the class for settlement purposes, and authorization of notice of the settlement to be given to the class.  *See Deangelis v. Corzine*, 151 F. Supp. 3d 356, 357 (S.D.N.Y. 2015) (Marrero, J.).

This stage requires only that the Court "find that the proposed settlement fits 'within the range of possible approval.'"  *In re Prudential Sec. Inc. Ltd. P'ships Litig.*, 163 F.R.D. 200, 210 (S.D.N.Y. 1995).  Pursuant to Rule 23(e)(1), at this stage, the issue is whether the Court "will likely be able to:  (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal."  Rule 23(e)(2) lists a set of factors that the Court must consider in determining whether the settlement is "fair, reasonable, and adequate":

(A)     the class representatives and class counsel have adequately represented the class;

(B)     the proposal was negotiated at arm's length;

(C)     the relief provided for the class is adequate, taking into account:

---

[2]     Unless otherwise noted, citations are omitted and emphasis is added.

      (i)     the costs, risks, and delay of trial and appeal;

      (ii)    the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

      (iii)   the terms of any proposed award of attorney's fees, including timing of payment; and

      (iv)   any agreement required to be identified under Rule 23(e)(3); and

  (D)    the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

Further, the Second Circuit in *Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974) articulated nine factors that district courts should consider in deciding whether to grant final approval of a class action settlement:

> (1) the complexity, expense and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; [and] (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

As explained below, Plaintiff has met all of the requirements imposed by Rule 23(e)(2) and therefore respectfully requests that the Court grant preliminary approval.

**B.**    **The Settlement Satisfies Each of the Rule 23(e)(2) Factors**

    **1.**    **Plaintiff and Its Counsel Have Adequately Represented the Class**

Plaintiff and its counsel have adequately represented the Class as required by Rule 23(e)(2)(A) by diligently prosecuting this Action, including, among other things: investigating the relevant factual events, drafting multiple amended complaints, successfully opposing Defendants' motion to dismiss, defending two depositions, producing over 800 documents, reviewing documents received from Defendants, filing an opening brief in support of class certification, and

engaging in two mediation sessions with the mediator following an exchange of mediation statements.

Further, as discussed herein, Plaintiff and Plaintiff's Counsel achievement of a $6 million cash Settlement represents an excellent result for the Class. Among other things, it represents a much larger percentage of the maximum recoverable damages than similar actions typically obtain. See *infra* §IV.C.4.

### 2. The Proposed Settlement Was Negotiated at Arm's Length

Here, the Settlement was negotiated while the Parties were simultaneously engaging in hard-fought litigation. It was achieved through multiple mediations supervised by a highly regarded mediator, and then further negotiations under the mediator's auspices. Accordingly, there can be no question that the Settlement is the result of arm's-length negotiation.

That the Parties negotiated the Settlement before an experienced mediator provides compelling evidence that the Settlement was a genuine compromise, not the product of collusion. *See Guevoura Fund Ltd. v. Sillerman*, No. 1:15-CV-07192-CM, 2019 WL 6889901, at *5 (S.D.N.Y. Dec. 18, 2019) (approving class action settlement following mediation and noting that settlements "enjoy[] a strong 'presumption of fairness' where [they are] the product of arm's-length negotiations conducted by experienced, capable counsel after meaningful discovery.").

### 3. The Proposed Settlement Is Adequate in Light of the Costs, Risks, and Delay of Trial and Appeal

In assessing the Settlement, the Court should balance the benefits afforded to the Class – including the immediacy and certainty of a recovery – against the significant costs, risks, and delay of proceeding with this Action through trial and appeal. *See* Fed. R. Civ. P. 23(e)(2)(C)(i). Indeed, securities class actions present numerous hurdles to proving liability that are difficult for plaintiffs to meet. *In re Alloy, Inc. Sec. Litig.*, No. 03 Civ. 1597 (WHP), 2004 WL 2750089, at *2 (S.D.N.Y.

Dec. 2, 2004) (approving settlement and noting that the action involved complex securities issues "that were likely to be litigated aggressively, at substantial expense to all parties"); *see also In re AOL Time Warner, Inc. Sec. & ERISA Litig.*, MDL No. 1500, 2006 WL 903236, at *8 (S.D.N.Y. Apr. 6, 2006) (due to their "notorious complexity," securities class actions often settle to "circumvent[] the difficulty and uncertainty inherent in long, costly trials").  From the outset, Plaintiff and Plaintiff's Counsel appreciated the significant risks inherent in this Action that made any recover uncertain.

While Plaintiff believes its claims would be borne out by the evidence presented at trial, Plaintiff recognizes that there are significant hurdles to proving liability or even proceeding to trial. Defendants have articulated defenses to the SAC that the Court may have accepted at summary judgment or a jury may have accepted at trial.  Among other things, Defendants have, at all points, strenuously contended that:   (1) the challenged statements are accurate statements of fact or otherwise inactionable puffery, opinions, and/or protected by the PSLRA's safe harbor for forward-looking statements; (2) the SAC mischaracterizes the correspondence the Company received from the FDA; (3) the SAC fails to plead scienter; and (4) the SAC fails to sufficiently allege loss causation.  If Defendants prevailed on any one of these grounds, the entire case would be lost.

Plaintiff also faced risks in establishing loss causation and damages at trial.  Defendants would have argued that Plaintiff's damages methodology is inherently unreliable and does not account for disaggregation.  Defendants further would have argued that damages, if any, are zero or, at best, significantly less than Plaintiff had estimated.

As with contested liability issues, issues relating to loss causation and damages would have likely come down to an unpredictable and hotly disputed "battle of the experts."  Therefore, Plaintiff's case was particularly susceptible to a danger inherent in reliance on expert witness testimony, including that the experts will be subject to a *Daubert* challenge.  If the Court determined

that even one of Plaintiff's experts should be excluded from testifying at trial, Plaintiff's case would become much more difficult to prove.

Moreover, at the time the Parties agreed to a settlement-in-principle, the Court had yet to rule on class certification, and Defendants had submitted an opposition memorandum claiming that class certification was impermissible here. Even assuming class certification was achieved, the Court could have revisited certification at any time – presenting an ongoing risk that this case, or particular claims, might not be maintained on a class-wide basis through trial. *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 186 (W.D.N.Y. 2005) ("the risk that the case might be not certified is not illusory").

Accordingly, in the absence of a settlement, there was a very real risk that the Class would have recovered an amount significantly less than the total Settlement Amount – or nothing at all. *See Grinnell*, 495 F.2d at 463 (in assessing the Settlement, the Court should balance the benefits afforded the Class, including the immediacy and certainty of a significant recovery, against the risk of trial). Indeed, if Plaintiff and the Class managed to obtain any recovery at trial, inevitable appeals from Defendants would have put that recovery at risk, while entailing further delay and expense. *In re Advanced Battery Techs., Inc. Sec. Litig.*, 298 F.R.D. 171, 178 (S.D.N.Y. 2014) (approving settlement in light of including "the risks, complexity, duration, and expense of continuing litigation," including defendants' likelihood of appeal). For all of the preceding reasons, when viewed in the context of the risks, costs, delay, and the uncertainties of further proceedings, the $6 million recovery weighs in favor of preliminary approval of the Settlement, particularly in light of the comparatively high percentage of damages it represents.

### 4.    The Proposed Method for Distributing Relief Is Effective

As discussed further below, the method of the proposed notice and of the claims administration process are effective and satisfy Rule 23(e)(2)(C)(ii). The notice plan includes direct mail notice to all those who can be identified with reasonable effort supplemented by the publication

of the Summary Notice in *The Wall Street Journal* and over Business Wire, a national newswire service.  In addition, a settlement-specific website, www.teligentsecuritiessettlement.com, will be created where settlement-related and other key documents will be posted, including the Stipulation, Notice, Proof of Claim, Preliminary Approval Order, and any other relevant updates that need to come to the Class' attention.

The claims process is also effective and includes a standard claim form which requests the information necessary to calculate a claimant's claim amount pursuant to the Plan of Allocation. The Plan of Allocation, which is explained in detail in the Notice, will govern how Class Members' claims will be calculated and, ultimately, how money will be distributed to Authorized Claimants. The Plan of Allocation was prepared with the assistance of a damages consultant and is based primarily on an analysis estimating the amount of artificial inflation in the price of Teligent's common stock during the Class Period and Class Members' transactions.

The proposed notice and claims administration processes here are substantially similar to those commonly approved in other securities cases, and merit approval here as well.

### 5. Attorneys' Fees

Rule 23(e)(2)(C)(iii) addresses "the terms of any proposed award of attorney's fees, including timing of payment."  As stated in the Notice, Plaintiff's Counsel intend to seek an award of attorneys' fees in an amount up to 33 and 1/3% of the Settlement Amount and expenses in an amount not to exceed $265,000, plus interest on both amounts.  This fee request is in line with other settlements approved in recent cases in this District.  *See, e.g.*, *Guevoura Fund*, 2019 WL 6889901, at *21 (awarding 33 1/3% of $7.5 million settlement and noting it "is consistent with percentage fees awarded in this Circuit and nationwide for comparable recoveries"); *City of Providence v. Aeropostale, Inc.*, No. 11 CIV. 7132 (CM) (GWG), 2014 WL 1883494, at *20 (S.D.N.Y. May 9, 2014), *aff'd sub nom. Arbuthnot v. Pierson*, 607 F. App'x 73 (2d Cir. 2015) (awarding 33% of $15

million settlement); *In re Giant Interactive Grp., Inc. Sec. Litig.*, 279 F.R.D. 151, 165 (S.D.N.Y. 2011) (awarding 33% of $13 million settlement); *Fogarazzo v. Lehman Bros., Inc.*, No. 03 Civ. 5194 (SAS), 2011 WL 671745, at *4 (S.D.N.Y. Feb. 23, 2011) (awarding 33 1/3% of $6.75 million settlement); *see also Solis v. Orthonet LLC*, No. 19-CV-4678 (VSB), 2021 WL 2678651, at *2 (S.D.N.Y. June 30, 2021) (in approving 33% fee in Fair Labor Standards Act case, noting that '"[c]ourts in this Circuit typically approve attorneys' fees that range between 30% and 33.'"). The Stipulation provides that any attorneys' fees and expenses awarded by the Court shall be paid to Plaintiff's Counsel when the Court executes the Judgment as well as a separate order awarding such fees and expenses. Stipulation, ¶14.c. Further, as explained in the Notice, Plaintiff intends to request an amount not to exceed $15,000 pursuant to 15 U.S.C. §78u-4(a)(4) in connection with the work it performed and expenses it incurred in representing the Class.

### 6.   The Parties Have No Side Agreements Aside from a Standard Supplemental Agreement Regarding Exclusions

Rule 23(e)(2)(C)(iv) requires the disclosure of any side agreement. The Parties have no side agreement here, apart from a standard supplemental agreement which provides that in the event Class Members with a certain aggregate amount of Recognized Claims opt out of the Settlement, Teligent shall have the option to terminate the Stipulation. As is customary, the Parties have kept that supplemental agreement confidential in order to prevent potential opt-opts from seeking to gain undue leverage. The Parties are prepared to provide that supplemental agreement to the Court upon request, but for the foregoing reasons would respectfully ask that it remain confidential.

### 7.   Class Members Are Treated Equitably

The final factor, Rule 23(e)(2)(D), looks at whether Class Members are treated equitably. As reflected in the Plan of Allocation set forth in the Notice (Ex. A-1), the Settlement treats Class

Members equitably relative to each other by applying the same standards to all Class members under the common Plan of Allocation, and distributing the Net Settlement Funds on a *pro rata* basis based on each Authorized Claimant's (Class members who submit valid claims) share of the total recognized losses.

      **C.**    **The Settlement Also Satisfies The *Grinnell* Factors**

           **1.**    **The Complexity, Expense, and Likely Duration of the Litigation, the Risks of Establishing Liability, and the Risks of Establishing Damages All Support Approval of the Settlement**

The first, fourth, fifth, and sixth factors of the *Grinnell* analysis are:  the complexity, expense, and likely duration of the Action; the risks of establishing liability; the risks of establishing damages; and the risks of maintaining the class action through the trial, respectively.  These factors overlap with the Rule 23(e)(2)(C)(i) consideration of "the costs, risks, and delay of trial and appeal." *See, e.g.*, Fed. R. Civ. P. 23(e)(2)(C)(i); *Hicks v. Morgan Stanley*, No. 01 Civ. 10071 (RJH), 2005 WL 2757792, at *2 (S.D.N.Y. Oct. 24, 2005).

As set forth above (at §IV.B.3), the Rule 23(e)(2)(C)(i) considerations all militate in favor of granting preliminary approval here.  For the same reasons, the overlapping *Grinnell* factors listed in the preceding paragraph support approval the Settlement as well.

           **2.**    **The Stage of the Proceedings and the Amount of Discovery Completed**

The volume and substance of Plaintiff's and Plaintiff's Counsel's knowledge of the merits and potential weaknesses of the claims alleged are certainly adequate to support the Settlement.  This knowledge is based on:  (1) the extensive investigation undertaken by Plaintiff's Counsel in preparing the multiple amended complaints, as set forth above; (2) a review of documents produced by Defendants; (3) the briefs filed in connection with the motions in this Action; and (4) the exchange of statements and damages figures in connection with the mediation.  The resultant

accumulation of information permitted Plaintiff and Plaintiff's Counsel to intelligently weigh the strengths and weaknesses of their case and to engage in effective settlement discussions with Defendants, with the involvement of a well-respected mediator.   Indeed, the Settlement here occurred at a later stage than many cases where this factor is satisfied.   *See In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 458 (S.D.N.Y. 2004) ("Formal discovery is not a prerequisite; the question is whether the parties had adequate information about their claims."). This third *Grinnell* factor therefore strongly supports preliminary approval of the Settlement.

### 3.  The Ability of Defendants to Withstand a Greater Judgment

Under the seventh *Grinnell* factor, a court may also consider a defendant's ability to withstand a judgment greater than that secured by settlement.   *See Grinnell*, 495 F.2d at 463.   Here, while Defendants maintained insurance, since the time Plaintiff filed the SAC, Teligent has been in danger of bankruptcy and possesses limited assets.   *See* Teligent, Inc., Exhibit 99.1, attached to Form 8-K (May 4, 2021) (noting the Company recorded $79.8 million of impairment charges in the fourth quarter and warning of "unprofitable U.S. operations, the uncertainty regarding the timing of the FDA lifting of the warning letter and other factors" impacting the "recoverability" of Teligent's "Buena plant as well as various intangible assets").   Therefore, its ability to withstand a greater judgment – and at an undetermined point in the future – supports a Settlement at this amount ($6 million) at this point in time.   *See In re Prudential Sec., Inc.*, No. MDL No. 1005, M-21-67 (MP), 1995 WL 798907, at *14 (S.D.N.Y. Nov. 20, 1995) (finding that "[t]he possibility [] exists that the PSI Settling Defendants might be unable to satisfy a judgment in the action" and that "[b]y entering into the Settlement Agreement and obtaining the payment of the Settlement funds . . . the risk of nonpayment in the event of a judgment was eliminated.").

4.      **The Reasonableness of the Settlement in Light of the Best Possible Recovery and the Attendant Risks of Litigation**

The adequacy of the amount offered in settlement must be judged "not in comparison with the possible recovery in the best of all possible worlds, but rather in light of the strengths and weaknesses of plaintiffs' case." *In re "Agent Orange" Prod. Liab. Litig.*, 597 F. Supp. 740, 762 (E.D.N.Y. 1984), *aff'd*, 818 F.2d 145 (2d Cir. 1987). The Court need only determine whether the Settlement falls within a "range of reasonableness" – a range which "recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion." *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972); *see also Global Crossing*, 225 F.R.D. at 461 (noting that "the certainty of [a] settlement amount has to be judged in [the] context of the legal and practical obstacles to obtaining a large recovery"); *In re Indep. Energy Holdings PLC Sec. Litig.*, No. 00 Civ. 6689 (SAS), 2003 WL 22244676, at *3-4 (S.D.N.Y. Sept. 29, 2003) (noting few cases tried before a jury result in the full amount of damages claimed). In addition, in considering the reasonableness of the Settlement, the Court should consider that the Settlement provides for payment to the Class now, rather than the mere possibility of a payment years down the road. *See AOL Time Warner*, 2006 WL 903236, at *13 (where settlement fund is in escrow earning interest, "the benefit of the Settlement will . . . be realized far earlier than a hypothetical post-trial recovery").

Taking all of these considerations into account, the Settlement here represents an excellent result. It recovers at least 15% of the maximum recoverable class-wide damages under Plaintiff's calculation, and an even larger percentage of Defendants' calculation, which is much larger than the recovery percentage in similar securities cases. *See* Laarni T. Bulan & Laura E. Simmons, *Securities Class Action Settlements 2020 Review and Analysis,* CORNERSTONE RESEARCH (2021), https://www.cornerstone.com/Publications/Reports/Securities-Class-Action-Settlements-2020-

Review-and-Analysis.pdf, at 6 (listing 3.2% and 2.2% as the median settlement recovery as a percentage of "simplified tiered damages" in Rule 10b-5 cases in 2020 and 2011-2019, respectively).  The amount of the recovery – the eighth and ninth *Grinnell* factors – accordingly strongly supports preliminary approval.

### 5.     The Reaction of the Class to the Settlement

This second *Grinnell* factor is premature at the preliminary approval stage, because Notice of the Settlement has not yet been disseminated to the Class.

## V.     THE MANNER AND FORM OF NOTICE SHOULD BE APPROVED, AND THE PROPOSED CLAIMS ADMINISTRATOR SHOULD BE APPOINTED

As set forth in the proposed Preliminary Approval Order, Plaintiff proposes to give notice to Settlement Class Members by (1) mailing the Notice and Claim Form (Exhibits A-1 and A-2) to the Settlement Class by first-class mail, and (2) publishing the Summary Notice (Exhibit A-3) in *The Wall Street Journal* and on Business Wire, a national newswire service.  This notice program – individual notice by mail to all Settlement Class Members who reasonably can be identified, together with publication notice in business-oriented publications – has been widely recognized to satisfy the requirements of Rule 23 and due process in other securities cases on behalf of public company investors.  *See, e.g., In re Adelphia Commc'ns Corp. Sec. & Derivatives Litig.*, 271 F. App'x. 41, 44 (2d Cir. 2008) (notice satisfied due process where "notice of the settlement was reasonably provided through individually mailed notice to all known and reasonably identifiable class members, publication in several major newspapers, and entered on the district court's docket sheet"); *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 106, 114-16 (2d Cir. 2005) (affirming reasonableness of notice; notice mailed to class members and published in widely-distributed publications); *In re IMAX Sec. Litig.*, 283 F.R.D. 178, 184 (S.D.N.Y. 2012); *In re Merrill Lynch Tyco Rsch. Sec. Litig.*, 249 F.R.D. 124, 133 (S.D.N.Y. 2008).

With respect to the form of the notice, "[t]here are no rigid rules to determine whether a settlement notice to the class satisfies constitutional or Rule 23(e) requirements; the settlement notice must 'fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings.'" *WalMart Stores, Inc.*, 396 F.3d at 114. "Notice is 'adequate if it may be understood by the average class member.'" *Id.* at 114 (quoting 4 ALBA CONTE & HERBERT B. NEWBERG, NEWBERG ON CLASS ACTIONS §11:53, at 167 (4th ed. 2002)). The proposed Notice satisfies this standard. It advises Settlement Class Members of the essential terms of this Settlement, the Plan of Allocation, and information regarding Plaintiff's Counsel's motion for attorneys' fees and expenses and Plaintiff's request for reimbursement of the time and expenses it incurred prosecuting the Action. Among other things, the Notice also will provide specifics on the date, time, and place of the Settlement Fairness Hearing and set forth the procedures for objecting to or requesting exclusion from the Settlement. Furthermore, the Notice provides this information is provided in a format that is accessible to the reader and is also available, along with all other relevant documents, on the Settlement website, www.teligentsecuritiessettlement.com.

Additionally, the PSLRA imposes specific disclosure requirements in securities cases, summarized by one district court as consisting of:

> (1) a statement of plaintiff recovery; (2) a statement of potential outcome of the case; (3) a statement of attorneys' fees and costs sought; (4) identification of lawyers' representatives; (5) the reasons for settlement; and (6) a cover page summarizing the information contained in the foregoing statements.

*Menkes v. Stolt-Nielsen S.A.*, 270 F.R.D. 80, 105 (D. Conn. 2010) (citing Exchange Act, §21D(a)(7), footnotes omitted). The Notice prominently sets forth all of this information as well.

Accordingly, the proposed form and manner of notice satisfy the requirements of Rule 23 and due process, and should be approved as provided in paragraphs 5 and 6 of the Preliminary Approval Order.

Further, Paragraph 5 of the Proposed Preliminary Approval Order also provides for the retention of Kroll as Claims Administrator.  As shown in its firm resume, *see* Schwartz Decl., Ex. 2, Kroll's employees have substantial experience administering large securities class action settlements and Kroll is well qualified to serve as Claims Administrator here.

## VI.   CERTIFICATION OF THE CLASS FOR SETTLEMENT PURPOSES IS APPROPRIATE

Under the terms of the Stipulation, the Settling Parties have agreed, for the purposes of the Settlement only, to the certification of the Class defined as:

> All Persons that purchased or otherwise acquired Teligent publicly traded common stock between March 7, 2017 in the aftermarket and November 6, 2017 at the close of regular trading, both dates inclusive, and who were damaged thereby, excluding any Excluded Person and immediate family member of any Excluded Person; the legal representatives, heirs, successors, or assigns of any Excluded Person; and any entity in which any Excluded Person has a controlling interest.  Also excluded from the Class are any Persons who timely and validly request exclusion from the Class as ordered by the Court.

Stipulation, ¶3.d.

As explained below, Plaintiff satisfies the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3), and the Class should be certified for settlement purposes only.  In addition, Plaintiff should be appointed as Class Representative, and Lead Counsel should be appointed as Class Counsel.

***First***, given that Teligent had more than 53 million shares of common stock outstanding during the Class Period, the Class easily consists of more than 40 members and numerosity is satisfied.  *See In re Vivendi Universal, S.A. Sec. Litig.*, 242 F.R.D. 76, 84 (S.D.N.Y. 2007)

(numerosity "'may be satisfied by a showing that a large number of shares were outstanding and traded during the relevant period'").

*Second*, because the Class' claims arise from the same alleged misstatements and omissions and rely on the same theories of liability, questions of law and fact are common to the Class.  *See Billhofer v. Flamel Techs., S.A.*, 281 F.R.D. 150, 156 (S.D.N.Y. 2012) ("[c]ommon questions of law and fact are present where, as here, the alleged fraud involves material misrepresentations and omissions in documents circulated to the investing public").

*Third*, Plaintiff's claims are typical of the Class's because they share the same factual and legal underpinnings.  *See In re Bank of Am. Corp. Sec., Derivative & ERISA Litig.*, 281 F.R.D. 134, 139 (S.D.N.Y. 2012) ("[i]n a securities class action . . . the claims and nature of evidence 'are generally considered sufficient to satisfy the typicality requirement'").

*Fourth*, Oklahoma Police is an adequate class representative because it has no interests "antagonistic" to those of the proposed class, and there is no doubt that its counsel is "qualified, experienced and able to conduct the litigation." *Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 60 (2d Cir. 2000).  Plaintiff has "actively supervised and monitored the progress of this litigation, and will continue to actively participate in its prosecution." *Carpenters Pension Trust Fund of St. Louis v. Barclays PLC*, 310 F.R.D. 69, 100 (S.D.N.Y. 2015).

*Fifth*, the requirements of Rule 23(b)(3) are satisfied as common questions of law and fact predominate over individual ones and class treatment is superior to individual adjudications.  *In re Deutsche Bank AG Sec. Litig.*, 328 F.R.D. 71, 85 (S.D.N.Y. 2018) ("The predominance requirement is satisfied 'if resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof.'")

(quoting *In re U.S. Foodservice Inc. Pricing Litig.*, 729 F.3d 108, 118 (2d Cir. 2013)).   Issues of materiality, loss causation, and reliance all present common questions.   *In re Pfizer Inc. Sec. Litig.*, 282 F.R.D. 38, 44 (S.D.N.Y. 2012) (materiality, loss causation, and reliance present common questions); *see also In re IndyMac Mortg.-Backed Sec. Litig.*, 286 F.R.D. 226, 233 (S.D.N.Y. 2012) ("Commonality is satisfied where a single issue of law or fact is common to the class.").

Accordingly, class certification is appropriate here for Settlement purposes only.   *See also In re EVCI Career Colleges Holding Corp. Sec. Litig.*, No. 05 CIV 10240 (CM), 2007 WL 2230177, at *12 (S.D.N.Y. July 27, 2007) ("In analyzing the class certification requirements, the Second Circuit 'has directed district courts to apply Rule 23 according to a liberal rather than a restrictive interpretation and has explicitly noted its preference for class certification in securities cases.'").

## VII.   PROPOSED SCHEDULE OF SETTLEMENT EVENTS

Lead Plaintiff respectfully requests that the Court set a proposed schedule of events leading to the Settlement Fairness Hearing as listed forth below.   This schedule is reflected in the proposed Preliminary Approval Order.

| Event | Time for Compliance |
|---|---|
| Deadline for commencing the mailing of the Notice and Proof of Claim to Class Members (the "Notice Date") | 20 calendar days after entry of the Preliminary Approval Order |
| Deadline for publishing the Summary Notice in *The Wall Street Journal* and over Business Wire, a national newswire service | 10 calendar days after the Notice Date |
| Posting and serving of memoranda in support of approval of the Settlement and Plan of Allocation, Plaintiff's Counsel's application for an award of attorneys' fees and expenses, and request for reimbursement for Plaintiff's time and expenses prosecuting the Action | 14 calendar days before the deadline for objections to be filed |

| Deadline for exclusions or submitting objections | 21 calendar days before the Settlement Fairness Hearing |
|---|---|
| Deadline for filing Proofs of Claim | 120 calendar days after the Notice Date |
| Posting and filing of reply memoranda in further support of the Settlement and Plan of Allocation, Plaintiff's Counsel's application for an award of attorneys' fees and expenses, and request for reimbursement for Plaintiff's time and expenses prosecuting the Action | 7 calendar days before the Settlement Fairness Hearing |
| Settlement Fairness Hearing | At the Court's convenience; the Settling Parties respectfully suggest approximately 110 days after entry of the Preliminary Approval Order |

## VIII.   CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court enter the Preliminary Approval Order in connection with the settlement proceedings, which will provide:  (i) preliminary approval of the Settlement; (ii) approval of the proposed form and manner of providing notice to the Class; (iii) certification of the Class for settlement purposes; and (iv) a hearing date and time to consider final approval of the Settlement and related matters.

DATED:  July 14, 2021                         **SCOTT+SCOTT ATTORNEYS AT LAW LLP**

                                                                 */s/ Max R. Schwartz*
                                                                Max R. Schwartz
                                                                Jeffrey P. Jacobson
                                                                The Helmsley Building
                                                                230 Park Avenue, 17th Floor
                                                                New York, NY 10169
                                                                Telephone: (212) 223-6444
                                                                Facsimile: (212) 223-6334
                                                                mschwartz@scott-scott.com
                                                                jjacobson@scott-scott.com

                                                                *Counsel for Plaintiff Oklahoma Police Pension Fund and Retirement System*

<u>CERTIFICATE OF SERVICE</u>

I, Max R. Schwartz, hereby certify that on July 14, 2021, I authorized a true and correct copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

<u>    */s/ Max R. Schwartz*        </u>
Max R. Schwartz
