USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___July 20, 2021

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

OKLAHOMA POLICE PENSION FUND AND
RETIREMENT SYSTEM, Individually and on
Behalf of All Others Similarly Situated,

                    Plaintiff,

    v.

TELIGENT, INC. and JASON GRENFELL-
GARDNER,

                  Defendants.

---

Case No. 1:19-cv-03354-VM

[PROPOSED] ORDER
PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING
FOR NOTICE

EXHIBIT A

WHEREAS, the parties to the above-entitled action (the "Action"), entered into a Stipulation of Settlement dated July 14, 2021 (the "Stipulation" or "Settlement"), which is subject to review by this Court and which, together with the Exhibits thereto, sets forth the terms and conditions for the Settlement of the claims alleged in the Action; and the Court having read and considered the Stipulation and the accompanying documents; and the parties to the Stipulation having consented to the entry of this Order; and all capitalized terms used herein having the meanings defined in the Stipulation;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 20th day of July, 2021, that:

1.      The Court preliminarily finds that:

      (a)     the Settlement resulted from informed, extensive arm's-length negotiations, including mediation under the direction of an experienced mediator, Robert A. Meyer, Esq.;

      (b)     the Settlement is sufficiently fair, reasonable, and adequate to warrant providing notice of the Settlement to the Class;

      (c)     for purposes of the Settlement only, the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that:

(a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiff are typical of the claims of the Settlement Class they seek to represent; (d) Plaintiff fairly and adequately represents the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action; and

(d)     for purposes of the Settlement only, the Class, defined in the Stipulation as follows, is certified for settlement purposes (the "Settlement Class"):  all Persons that purchased or otherwise acquired Teligent publicly traded common stock between March 7, 2017 in the aftermarket and November 6, 2017 at the close of regular trading, both dates inclusive, and who were damaged thereby, excluding any Excluded Person and immediate family member of any Excluded Person; the legal representatives, heirs, successors, or assigns of any Excluded Person; and any entity in which any Excluded Person has a controlling interest.  Excluded from the Class are Defendants and the officers and directors of Teligent.  Also excluded will be any person who validly requests exclusion from the Class.

2.     A hearing (the "Settlement Fairness Hearing") is hereby scheduled to be held before the Court on November 12, 2021, at <u>10:30</u> a.m./~~p.m.~~, for the following purposes:

(a)     to finally determine whether this litigation satisfies the applicable prerequisites for class action treatment under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure for settlement purposes only;

(b)     to determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by the Court;

2

(c)      to determine whether Final Judgment as provided under the Stipulation should be entered;

(d)      to determine whether the proposed Plan of Allocation should be approved by the Court as fair, reasonable, and adequate;

(e)      to consider Plaintiff's Counsel's Fee and Expense Application;

(f)      to consider Plaintiff's request for the payment of their time and expenses they incurred in prosecuting this litigation on behalf of the Class; and

(g)      to rule upon such other matters as the Court may deem appropriate.

3.      The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Class and may adjourn the Settlement Fairness Hearing without further notice to the Class.  The Court reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation, or any Fee and Expense Award.

4.      The Court approves the form, substance, and requirements of the Notice of Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release (the "Proof of Claim"), and the Summary Notice of Proposed Settlement of Class Action (the "Summary Notice"), annexed hereto as **Exhibits A-1, A-2, and A-3**, respectively.

5.      The Court approves the appointment of Kroll Settlement Administration ("Kroll") as the Claims Administrator to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Proofs of Claim as more fully set forth below and approves the payment of reasonable administration costs to the Claims Administrator from the proceeds of the Settlement.

(a)      The Claims Administrator shall cause the Notice and the Proof of Claim ("Claim Package"), substantially in the forms annexed hereto, to be mailed, by First-Class Mail, postage prepaid, beginning within twenty (20) calendar days of this Order (on or before August 9, 2021), to all potential Class Members who can be identified with reasonable effort and to be posted on www.teligentsecuritiessettlement.com (the "Website").   Defendants shall cooperate in the expeditious production of information with respect to the identification of Class Members from Defendants' shareholder transfer records, and the Defendants shall otherwise assist in identifying those persons and entities who are to be excluded from the Settlement Class per the terms of this Settlement Agreement.

(b)      The Claims Administrator shall cause the Summary Notice to be published once in the national edition of *The Wall Street Journal*, and once over the Business Wire, within ten (10) calendar days after the mailing of the Notice (on or before August 19, 2021).

6.      The Claims Administrator shall use the following additional procedures in notifying potential Class Members of the Settlement:

(a)      The Claims Administrator shall send the Claim Package to each entity included on its proprietary list of brokers, banks, and other nominees, including institutions that are registered with the U.S. Securities and Exchange Commission, as potential nominee holders ("Nominee List").  The Nominee List shall also include institutions that regularly file third-party claims on behalf of their investor clients in securities class actions and all entities that have requested notification in every case involving publicly-traded securities.

(b)      The Claims Administrator shall send an email to entities on the Nominee List that will notify the entity of the pendency of this Action as a class action (for settlement purposes) and the proposed Settlement, and inform each entity of its obligation to either provide

the names and addresses of its customers and clients who may be Class Members, or request copies

of the Claim Package to provide directly to its customers and clients who may be Class Members.

(c)     The Claims Administrator shall within twelve (12) calendar days of receipt

of the Claim Packages mail the Claim Package to all potential Class Members identified by entities

on the Nominee List.   The Claims Administrator shall also send copies of the Claim Package

directly to entities on the Nominee List who indicate that they will directly forward the documents

to their customers and clients who may be Class Members.   Nominee purchasers who elect to send

the Notice and Proof of Claim to their beneficial owners shall send a statement to the Claims

Administrator confirming that the mailing was made as directed.   Additional copies of the Notice

shall be made available to any record holder requesting such for the purpose of distribution to

beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon

receipt by the Claims Administrator of proper documentation, for the reasonable expense of timely

identifying and/or sending the Notice and Proof of Claim to beneficial owners.

(d)     All name and address data obtained by the Claims Administrator shall be

reviewed to identify and eliminate exact duplicates and incomplete data prior to mailing.

Addresses will be checked against the United States Postal Service's National Change of

Address database to identify address changes and obtain current mailing addresses where

available.   Any Claim Packages that are returned as undeliverable mail shall be reviewed to

determine if an alternative or updated address is available from the Postal Service, and shall be

re-mailed to the updated or alternative address.   In cases where no address is available from the

Postal Service, the Claims Administrator shall attempt to obtain updated or alternative address

information from private databases, and will re-mail the Claim Package if such information is

available.

(e)     The Claims Administrator shall provide several supplemental notifications to any entity on the Nominee List who does not respond to the initial request for potential Class Member names and addresses.

(f)     The Claims Administrator shall cause the Claim Package to be published by the Depository Trust Corporation on the DTC Legal Notice System.

(g)     The Claims Administrator shall maintain a toll-free number to accommodate potential Class Members' inquiries throughout the notification and claims processing period.

(h)     In addition to the Claim Package, the Claims Administrator shall post the Stipulation and the executed Order Preliminarily Approving Settlement and Providing for Notice on the Website.  The Claims Administrator shall post to the Website the papers in support of the Settlement, the Plan of Allocation, and the Fee and Expense Application after they are filed.  The Website shall provide summary information regarding the case and Settlement and highlight important dates, including the date of the Settlement Fairness Hearing.  All posted documents shall be available for downloading from the Website.

7.     At least seven (7) calendar days prior to the Settlement Hearing (on or before November 5, 2021), Plaintiff's Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing, which shall also describe the Claims Administrator's efforts to provide notice to Settlement Class Members in compliance with the specific requirements set forth above.

8.     This Order and the Settlement Agreement, whether the Settlement contemplated by the Settlement Agreement is consummated or not, and any statements made or proceedings taken

6

pursuant to them are not, shall not be deemed to be, and may not be argued to be or offered or received:

      a.    Against any of the Released Parties as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Released Parties with respect to the truth of any fact alleged by the Plaintiff in the Amended Complaint or the Action, or the validity of any claim that has been or could have been asserted against any of the Defendants in the Amended Complaint or the Action, or the deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing or liability by any of the Defendants, or any liability, fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants;

      b.    Against the Plaintiff or any Settlement Class Member or Lead Counsel as evidence of, or construed as evidence of, any infirmity of the claims alleged by the Plaintiff in the Amended Complaint or the Action or of any lack of merit to the claims or the Amended Complaint or the Action or of any bad faith, dilatory motive, or inadequate prosecution of the claims or the Amended Complaint or the Action;

      c.    Against any of the Defendants, the Plaintiff, or any Settlement Class Member, or their respective legal counsel, as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Defendants, the Plaintiff, or any Settlement Class Member, or their respective legal counsel, with respect to any liability, negligence, fault, or

7

wrongdoing as against any of the Defendants, the Plaintiff, or any Settlement Class Member, or their respective legal counsel, in any other civil, criminal, or administrative action or proceeding, other than such actions or proceedings as may be necessary to effectuate the provisions of this Stipulation, provided, however, that if this Stipulation is approved by the Court, the Defendants, the Plaintiff, and any Settlement Class Member, or their respective legal counsel, may refer to it to effectuate the liability protection and releases granted them hereunder;

d.    Against any of the Defendants as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them that the Settlement Consideration represents the amount which could or would have been received after trial of the Action against them; or

e.    Against the Plaintiff or any Settlement Class Member, or Lead Counsel as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Plaintiff or any Settlement Class Member that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund.

9.    The form and content of the Notice and the Summary Notice, and the method set forth herein of notifying the Class of the Settlement and its terms and conditions, satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)-(e)), the United States Constitution (including the Due Process Clause), Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as added by the Private Securities Litigation Reform Act of 1995,

the Rules of this Court, and other applicable law and, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled thereto.

10.     In order to be entitled to participate in the Net Settlement Fund, each Class Member shall take the following actions and be subject to the following conditions:

(a)     Within one hundred twenty (120) days after such time as set by the Court to mail notice to the Class (on or before December 7, 2021), each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form contained in **Exhibit A-2** attached hereto and as approved by the Court, supported by such documents as are specified in the Proof of Claim, and signed under penalty of perjury.

(b)     Except as otherwise ordered by the Court, all Class Members who fail to timely submit a Proof of Claim within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth therein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained therein, and the Judgment. Notwithstanding the foregoing, Plaintiff's Counsel may, in its discretion, accept for processing late submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed, but shall incur no liability for declining to accept a late-submitted claim.

(c)     As part of the Proof of Claim, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall (subject to the effectuation of the Settlement) release all Released Claims as provided in the Stipulation.

11.     Class Members shall be bound by all determinations and judgments in this Action, whether favorable or unfavorable, unless they request exclusion from the Class in a timely and proper manner, as hereinafter provided.  A Class Member wishing to make such request shall, no later than twenty-one (21) calendar days prior to the date scheduled herein for the Settlement Fairness Hearing (on or before October 22, 2021), mail a Request for Exclusion in written form by First-Class Mail postmarked to the address designated in the Notice.  Such Request for Exclusion shall indicate the name, address, email address, and telephone number of the person seeking exclusion, and that the person requests to be excluded from the Class, and must be signed by such person.  Such persons requesting exclusion must also state the date, price, and number of shares of Teligent common stock they purchased that are subject to the Action, such that they can demonstrate they purchased or acquired those shares between March 7, 2017 in the aftermarket and November 6, 2017 at the close of regular trading, inclusive.  The Request for Exclusion shall not be effective unless it is made in writing, providing the foregoing information, within the time stated above, and the exclusion is accepted by the Court.  Class Members requesting exclusion from the Class shall not be entitled to receive any payment out of the Net Settlement Fund as described in the Stipulation and Notice.

12.     Upon receiving any Request for Exclusion, Plaintiff's Counsel or the Claims Administrator shall promptly provide copies of such request(s) to Defendants' counsel within five (5) business days, and in any event not less than fourteen (14) days prior to the Settlement Hearing (on or before October 29, 2021).

13.      Any Settlement Class Member and any other interested person may appear at the Settlement Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the hearing, provided,

however, that no person shall be heard, and no papers, briefs, or other submissions shall be considered by the Court in connection to such matters, unless no later than October 22, 2021, which is twenty-one (21) calendar days prior to the date scheduled herein for the Settlement Fairness Hearing, such person files with the Court a statement of objection signed by the objector, even if represented by counsel, setting forth: (i) whether the person is a Settlement Class Member; (ii) to which part of the Settlement Agreement the Settlement Class Member objects; and (iii) the specific reason(s), if any, for such objection including any legal support the Settlement Class Member wishes to bring to the Court's attention and any evidence the Settlement Class Member wishes to introduce in support of such objection. Such Settlement Class Member shall also provide documentation sufficient to establish the amount of publicly traded Teligent common stock purchased and sold during the Settlement Class Period and the prices and dates of such transactions. Settlement Class Members wishing to appear in person at the Settlement Hearing must submit a Notice of Intention to Appear with the objection. If the objector intends to appear at the Settlement Hearing through counsel, the objection must also state the identity of all attorneys who will appear at the Final Approval Hearing and such counsel must submit a Notice of Intention to Appear with the objection. Objection materials must be sent to the following:

| COURT | LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| Clerk of the Court United States District Court for the Southern District of New York 500 Pearl Street New York, NY 10007 | Max R. Schwartz Jeffrey P. Jacobson Scott+Scott Attorneys at Law LLP The Helmsley Building 230 Park Avenue, 17th Floor New York, New York 10169 | Douglas P. Baumstein Jacob H. Hupart Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C. Chrysler Center 666 Third Avenue New York, New York 10017 |

14.     All papers in support of the Settlement, the Plan of Allocation, and any Fee and Expense Application shall be filed and served fourteen (14) calendar days prior to the deadline in Paragraph 13 for objections to be filed (on or before October 7, 2021).  All reply papers shall be filed and served at least seven (7) calendar days prior to the Settlement Fairness Hearing (on or before November 5, 2021).

15.     Any Person who is excluded from the Class by virtue of having submitted a valid and timely Request for Exclusion may, at any point up to the day of the Settlement Hearing, submit a written revocation of Request for Exclusion following the same instructions in Paragraph 11 above.

16.     The Court approves the appointment of Truist Bank as the Escrow Agent to manage the Settlement Fund for the benefit of the Settlement Class.

17.     Upon payment of the Cash Settlement Amount ($6,000,000) to the Escrow Account by or on behalf of Defendants, the Settlement Fund shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

18.     Defendants' counsel and Plaintiff's Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

19.     Pending final determination of whether the Settlement should be approved, this action shall be stayed and the Plaintiff, all Class Members, and any Person claiming through or on behalf of them, shall not institute, commence, maintain or prosecute, and are hereby barred and enjoined from instituting, commencing, maintaining, or prosecuting, any proceeding in any court or tribunal that asserts any Released Claims against any Released Defendants' Parties, except that

Case 1:19-cv-03354-VM   Document 83   Filed 07/20/21   Page 13 of 14

the Parties shall take all such action and file such papers as are necessary and appropriate to effect the consummation and approval of the Settlement.

20.     All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither Plaintiff nor any of their counsel shall have any obligation to repay any amounts actually and properly disbursed, or due, and owing from the Settlement Fund except as provided for in the Stipulation.

21.     If any specified condition to the Settlement set forth in the Stipulation is not satisfied and Plaintiff or Defendants elect to terminate the Settlement, then the Stipulation, including any amendment(s) thereof, shall be null and void, of no further force or effect without prejudice to any party, and may not be introduced as evidence or referred to in any action or proceeding by any person or entity for any purpose, and each party shall be restored to his, her, or its respective position as it existed on May 5, 2021.

22.     Except for the obligations to cooperate in the production of reasonably available information with respect to the identification of Settlement Class Members from Defendants' shareholder transfer records and to assist in identifying persons to be excluded from the Settlement Class, both in accordance with the terms of the Settlement Agreement, in no event shall the Defendants or any of the Released Parties have any responsibility for the administration of the Settlement, and neither the Defendants nor any of the Released Parties shall have any obligation or liability to the Plaintiff, Plaintiff's Counsel, or the Settlement Class in connection with such administration.

23.     No Person shall have any claim against Plaintiff, Plaintiff's Counsel, the Settlement Class Members, the Claims Administrator, the Escrow Agent or any other agent

designated by Lead Counsel based on distribution determinations or claim rejections made substantially in accordance with this Settlement Agreement and the Settlement, the Plan of Allocation, or further orders of the Court, except in the case of fraud or willful misconduct. No person shall have any claim under any circumstances against the Released Parties, based on any distributions, determinations, claim rejections or the design, terms, or implementation of the Plan of Allocation.

24.     Pursuant to the Class Action Fairness Act ("CAFA"), Defendants shall take reasonable steps to complete service promptly on the appropriate federal and state government officials of all notices required under the Class Action Fairness Act, 28 U.S. C. §1715, and shall thereafter notify Lead Counsel as to completion of such service.

25.     The Defendants have denied, and continue to deny, any and all allegations and claims asserted in the Amended Complaint and the Action and have represented that they entered into the Settlement solely in order to eliminate the burden, expense, and uncertainties of further litigation.

26.     The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement. The Court may approve the Settlement, with such modifications as may be agreed by the Settling Parties, if appropriate, without further notice to the Class.

IT IS SO ORDERED.

DATED: New York, New York
        20 July 2021

_____
Victor Marrero
U.S.D.J.

14