**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

OKLAHOMA POLICE PENSION FUND
AND RETIREMENT SYSTEM, Individually
and on Behalf of All Others Similarly Situated,

                  Plaintiff,          Case No. 1:19-cv-03354-VM

     v.

TELIGENT, INC. and JASON GRENFELL-
GARDNER,

                Defendants.

**NOTICE OF NON-OBJECTION AND NON-EXCLUSION, AND REPLY IN
FURTHER SUPPORT OF LEAD PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF
ALLOCATION, AND OF LEAD COUNSEL'S MOTION FOR AWARD OF
ATTORNEYS' FEES, PAYMENT OF LITIGATION EXPENSES, AND
REIMBURSEMENT OF LEAD PLAINTIFF'S COSTS AND EXPENSES**

Lead Plaintiff Oklahoma Police Pension and Retirement System ("Oklahoma Police" or "Lead Plaintiff") submits this notice of non-objection and reply in further support of (i) Lead Plaintiff's Motion for Final Approval of Class Action Settlement and Plan of Allocation, ECF No. 86 ("Final Approval Motion"); and (ii) Lead Counsel's Motion for Award of Attorneys' Fees, Payment of Litigation Expenses, and Reimbursement of Costs and Expenses, ECF No. 88 ("Fee Motion").[1]

**INTRODUCTION**

Lead Plaintiff is pleased to report that after completion of the Court-approved Notice program that reached over 10,000 potential Class Members, and following their respective deadlines, the Claims Administrator has received *no* requests for exclusion and *no* Class Member has objected to any aspect of the Settlement, the Plan of Allocation, Lead Counsel's fee and expense request, or Lead Plaintiff's requested reimbursement for its time and expenses. *See* Supplemental Declaration of Justin R. Hughes Regarding Notice Dissemination, Publication, and Requests for Exclusion Received to Date ("Supp. Hughes Decl."), ¶¶8-9 (attached as Ex. A).

The lack of any requests for exclusion or objections to any aspect of the Settlement strongly supports the conclusion that the proposed Settlement represents an excellent outcome for the Class. Moreover, the absence of any requests for exclusion or objections from sophisticated institutional investors who have the means and incentive to exclude themselves from or object to a settlement, if they deem it unreasonable, is a significant indicator of a proposed settlement's fairness.

---

[1]     Unless otherwise noted, capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement and Release (the "Stipulation"), dated July 14, 2021 (ECF No. 82-1).

Thus, Lead Plaintiff respectfully requests that the Court grant final approval of the Settlement and approve the Plan of Allocation, the request for an award of attorneys' fees and payment of Litigation Expenses, and reimbursement of Lead Plaintiff's time and expenses.

## ARGUMENT

### I.    Lead Plaintiff Completed the Court-Approved Notice Program

Lead Plaintiff fully complied with all aspects of the Court-approved Notice program set forth in the Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order").  ECF No. 83.  More specifically, Kroll Settlement Administration (the "Claims Administrator"):  (i) mailed Claim Packages (consisting of the Court-approved Notice of Pendency and Proposed Settlement of Class Action (the "Notice") and Proof of Claim and Release form (the "Proof of Claim")) to potential Class Members; (ii) published the Summary Notice in *The Wall Street Journal* and transmitted it over *Business Wire* on August 19, 2021; and (iii) maintained a toll-free telephone hotline and a dedicated website for the Settlement.  *See* ECF No. 92, ¶12; Supp. Hughes Decl., ¶¶3-6.  A total of 10,688 Claim Packages were sent to potential Class Members or their nominees.  Supp. Hughes Decl., ¶4.

The Notice informed Class Members of their right to request exclusion from the Settlement or object to any aspect of the Settlement, Plan of Allocation, Lead Counsel's fee and expense request, or Lead Plaintiff's request for reimbursement of its time and expenses, and that the deadline to do so was October 22, 2021.  *Id.*, ¶¶8-9.  In addition, the Notice informed Class Members of how to file a claim and that claims had to be postmarked or submitted online by December 7, 2021, approximately one month from now.  *See* ECF No. 92, Ex. A (Notice) at 11-12.

## II. The Positive Reaction of the Class to the Settlement Supports Final Approval and the Award of Attorneys' Fees and Reimbursement of Litigation Expenses

"It is well-settled that the reaction of the class to the settlement is perhaps the most significant factor to be weighed in considering its adequacy." *Maley v. Del Glob. Techs. Corp.*, 186 F. Supp. 2d 358, 362 (S.D.N.Y. 2002). "And 'the absence of objections by the class is extraordinarily positive and weighs in favor of settlement.'" *In re Virtus Inv. Partners, Inc. Sec. Litig.*, No. 15-cv-1249, 2018 WL 6333657, at *2 (S.D.N.Y. Dec. 4, 2018); *accord In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 343 F. Supp. 3d 394, 410 (S.D.N.Y. 2018).[2] When Lead Plaintiff filed its Final Approval Motion, no objections or requests for exclusion had been received, *see* ECF No. 90, ¶100, and, with the deadline having now passed, it is now confirmed that there is not a single objection to any aspect of the Settlement or request for exclusion. Supp. Hughes Decl., ¶¶98-9.

That no Class Members objected to or sought exclusion from the Settlement shows the exceptionally positive reaction of the Class and supports approval. *See, e.g.*, *In re Facebook*, 343 F. Supp. 3d at 410 ("'If only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement.'") (citing *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 119 (2d Cir. 2005)); *In re Sadia S.A. Sec. Litig.*, No. 08 Civ. 9528 (SAS), 2011 WL 6825235, at *1 (S.D.N.Y. Dec. 28, 2011) (finding that "the class has reacted favorably to the settlement" where "no objections and only four exclusions" received); *In re Top Tankers, Inc. Sec. Litig.*, No. 06 Civ. 13761 (CM), 2008 WL 2944620, at *7 (S.D.N.Y. July 31, 2008) ("This absence of dissent combined with the minimal number of exclusions militates strongly in favor of the Court's final approval of the Settlement.").

---

[2]     Unless otherwise noted, citations are omitted and emphasis is added.

3

Further, that no institutional investors requested exclusion from or objected to any aspect of the Settlement lends further support to Lead Plaintiff's and Lead Counsel's contention that it is fair. *In re Facebook,* 343 F. Supp. 3d at 410 ("That not one sophisticated institutional investor objected to the Proposed Settlement is indicia of its fairness."); *In re Citigroup Inc. Sec. Litig.*, 965 F. Supp. 2d 369, 382 (S.D.N.Y. 2013).

Similarly, these circumstances also support Lead Counsel's request for an award of attorneys' fees of 33 and 1/3% of the Settlement Fund and reimbursement of $166,028.45 in Litigation Expenses, as well as Lead Plaintiff's request for reimbursement of $6,857 in time and expenses. *See Vaccaro v. New Source Energy Partners L.P.*, No. 15 CV 8954 (KMW), 2017 WL 6398636, at *8 (S.D.N.Y. Dec. 14, 2017) ("The fact that no class members have explicitly objected to these attorneys' fees supports their award."); *Asare v. Change Grp. New York, Inc.*, No. 12 Civ. 3371 (CM), 2013 WL 6144764, at *16 (S.D.N.Y. Nov. 18, 2013) ("[N]ot one potential class member has made an objection, a factor held by courts as supporting approval of an attorneys' fees award").

In sum, the support of the Class weighs heavily in favor of final approval of the Settlement and the fee and expense request.

**CONCLUSION**

For the reasons articulated above and in the memoranda in support of Lead Plaintiff's Final Approval Motion and Lead Counsel's Fee Motion, Lead Plaintiff requests that the Court grant final approval of the Settlement and Plan of Allocation, as well as Lead Counsel's request for attorneys' fees and payment of litigation expenses, and Lead Plaintiff's request for reimbursement of its time and expenses. Attached herewith are copies of the: (1) [Proposed] Judgment and Order Granting Final Approval of Class Action Settlement, which is substantially similar to draft submitted in connection with Preliminary Approval (Ex. B); (2) [Proposed] Judgment and Order Approving Plan of Allocation (Ex. C); and (3) [Proposed] Judgment and Order on Lead Counsel's

4

Motion for Award of Attorneys' Fees, Payment of Litigation Expenses, and Reimbursement of

Lead Plaintiff's Costs and Expenses (Ex. D).

DATED:  November 5, 2021                          Respectfully submitted,

                                                  **SCOTT+SCOTT ATTORNEYS AT LAW LLP**

                                                  By: _/s/ Max R. Schwartz_____
                                                  Max R. Schwartz
                                                  Jeffrey P. Jacobson
                                                  The Helmsley Building
                                                  230 Park Avenue, 17th Floor
                                                  New York, NY 10169
                                                  Telephone: (212) 223-6444
                                                  Facsimile: (212) 223-6334
                                                  mschwartz@scott-scott.com
                                                  jjacobson@scott-scott.com

                                                  *Counsel for Lead Plaintiff Oklahoma Police Pension*
                                                  *and Retirement System*