# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OKLAHOMA POLICE PENSION FUND AND RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TELIGENT, INC. and JASON GRENFELL-GARDNER,<br><br>Defendants. | Case No. 1:19-cv-03354-VM |

**[PROPOSED] JUDGMENT AND ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

WHEREAS, the Court is advised that the Settling Parties, through their counsel, have agreed, subject to Court approval following notice to the Class and a hearing, to settle this Action upon the terms and conditions set forth in the Stipulation and Agreement of Settlement and Release (the "Stipulation"), dated July 14, 2021 (ECF No. 82-1), which was filed with the Court;[1] and

WHEREAS, on July 20, 2021, the Court entered its Order Preliminarily Approving Settlement and Providing for Notice (ECF No. 83) (the "Preliminary Approval Order"), which preliminarily approved the Settlement, and approved the form and manner of notice to the Class of the Settlement; and

WHEREAS, said notice has been made to the Class and the fairness hearing has been held pursuant to the terms of the Order Preliminarily Approving Settlement and Providing for Notice; and

---

[1]    All defined and capitalized terms herein shall have the same meaning as set forth in the Stipulation.

NOW, THEREFORE, based upon the Stipulation and all of the filings, records, and proceedings herein, and it appearing to the Court upon examination that the Settlement set forth in the Stipulation is fair, reasonable, and adequate, and upon a Settlement Fairness Hearing having been held after notice to the Class of the Settlement to determine if the Settlement is fair, reasonable, and adequate and whether the Judgment should be entered in this Action;

**THE COURT HEREBY FINDS AND CONCLUDES THAT:**

A.      The provisions of the Stipulation, including definitions of the terms used therein, are hereby incorporated by reference as though fully set forth herein.

B.      This Court has jurisdiction of the subject matter of this Action and over all of the Settling Parties and all Members of the Class, including all Class Members who did not timely file a request for exclusion from the Class by the relevant deadline pursuant to the Preliminary Approval Order.

C.      The form, content, and method of dissemination of notice given to the Class was adequate and reasonable, met the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and 15 U.S.C. §78u-4(a)(7) (added to the Exchange Act by the Private Securities Litigation Reform Act of 1995), and constituted the best notice practicable under the circumstances, including individual notice to all Class Members who could be identified through reasonable effort.

D.      Notice, as given, complied with the requirements of federal law, satisfied the requirements of due process, and constituted due and sufficient notice of the matters set forth herein.

E.      The Settlement set forth in the Stipulation is fair, reasonable, and adequate.

(i)      The Settlement was negotiated at arm's length by Plaintiff on behalf of the Class and by Defendants, all of whom were represented by highly experienced and skilled counsel. The case settled only after:  (a) a mediation session conducted by an experienced mediator who was thoroughly familiar with this Action; (b) follow-up negotiations facilitated by the mediator; (c) the exchange of detailed mediation statements prior to the mediation which highlighted the factual and legal issues in dispute; (d) Lead Counsel's extensive investigation, which included, among other things, a review of Teligent's U.S. Securities and Exchange Commission filings, and other information about the Defendants; (e) the drafting and filing of detailed complaints; (f) an Order and Opinion by the Court denying in part and granting in part Defendants' motion to dismiss; (g) the filing of Plaintiff's opening brief in its motion for class certification and Defendants' opposition thereto; and (h) the exchange and review of non-public documents through discovery to the Parties and third-parties, as well as the deposition of Plaintiff and its investment manager. Accordingly, both Plaintiff and Defendants were well-positioned to evaluate the settlement value of this Action.  The Stipulation has been entered into in good faith and is not collusive.

(ii)      If the Settlement had not been achieved, both Plaintiff and Defendants faced the expense, risk, and uncertainty of extended litigation.  The Court takes no position on the merits of either Plaintiff's or Defendants' arguments, but notes these arguments as evidence in support of the reasonableness of the Settlement.

F.      Plaintiff and Lead Counsel have fairly and adequately represented the interests of the Class Members in connection with the Settlement.

G.      Plaintiff, all Class Members, and Defendants are hereby bound by the terms of the Settlement set forth in the Stipulation.

3

**IT IS HEREBY ORDERED THAT:**

1.      The Settlement on the terms set forth in the Stipulation is finally approved as fair, reasonable, and adequate.  The Settlement shall be consummated in accordance with the terms and provisions of the Stipulation.  The Settling Parties are to bear their own costs, except as otherwise provided in the Stipulation.

2.      The proposed Plan of Allocation is a fair and reasonable method to allocate the Net Settlement Fund among Class Members, and Lead Counsel and the Claims Administrator are directed to administer the Plan of Allocation in accordance with its terms and the terms of the Settlement Agreement.

3.      Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby certifies, for settlement purposes, a Class defined as all persons and entities who purchased the common stock of Teligent between March 7, 2017 in the aftermarket and November 6, 2017 at the close of regular trading, inclusive.  Excluded from the class are Defendants and the officers and directors of Teligent ("Excluded Persons"), the immediate family members of any Excluded Person, the legal representatives, heirs, successors, or assigns of any Excluded Person, and any entity in which any Excluded Person has a controlling interest.

4.      With respect to the Class, for Settlement purposes this Court finds and concludes that:  (a) the Members of the Class are so numerous that joinder of all Class Members in the Litigation is impracticable; (b) there are questions of law and fact common to the Class which predominate over any individual questions for purposes of certifying a settlement class; (c) the claims of the Plaintiff are typical of the claims of the Class; (d) Plaintiff and its counsel have fairly and adequately represented and protected the interests of all of the Class Members; and (e) a class action is superior to other methods for the fair and efficient adjudication of the matter for purposes of certifying a settlement class.

5.      Upon the Effective Date, all of the claims asserted in the Second Amended Complaint or the Action against the Defendants are hereby dismissed with prejudice, without costs as to the Settling Parties, except as awarded under the Settlement Fund and approved by the Court.

6.      Upon the Effective Date, all Released Parties are released in accordance with the Stipulation, and as defined in the Stipulation, and each of the Releasing Parties are hereby deemed to have fully, finally, and forever waived, released, relinquished and discharged each and every one of the Released Claims,[2] including Unknown Claims,[3] against each and every one of the

---

[2]      "Released Claims" means any and all claims, debts, actions, causes of action, suits, dues, sums of money, accounts, liabilities, reckonings, bonds, bills, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, awards, extents, executions, and demands whatsoever (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liability), whether based on federal, state, local, statutory, or common law or any other law, rule or regulation, including without limitation, the federal securities laws, any rules of any stock exchange, whether fixed or contingent, whether accrued or un-accrued, whether asserted or unasserted, whether liquidated or un-liquidated, whether at law or in equity, whether matured or unmatured, whether direct, indirect or consequential, whether class or individual in nature, whether suspected or unsuspected, and whether known claims or Unknown Claims (as defined below), which the Plaintiff and the Class Members on behalf of themselves, their heirs, executors, representatives, administrators, predecessors, successors, assigns, officers and directors, any and all other persons they represent and any other person or entity claiming (now or in the future) through or on behalf of them, in their individual capacities and in their capacities as purchasers of Defendants' securities, ever had, now has or hereafter can, shall or may have, from the beginning of time through and including the present, whether in their own right or by assignment, transfer or grant from any other person, thing or entity that (i) have been asserted in this Action by the Plaintiff and Class Members, or any of them, against any of the Released Parties, or (ii) could have been asserted in any forum by the Plaintiff or Class Members, or any of them, against any of the Released Parties which arise out of, are based upon or relate to, directly or indirectly, the allegations, transactions, facts, statements, matters or occurrences, representations, or omissions involved, set forth, or referred to in the Complaint.

[3]      "Unknown Claims" means any and all Released Claims which any Releasing Party does not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties, which if known by him, her or it might have affected his, her or its decision(s) with respect to the Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that the Plaintiff expressly waives, and each Class Member shall be deemed to have waived, and by operation of the Final Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by any law of any state or territory of the United States,

5

Released Parties, whether or not the Class Member executes and delivers the Proof of Claim, and whether or not such Class Member shares in the Settlement Fund.  Except, however, the Settlement shall not release any claims in the action captioned *George Gonzales, Derivatively on Behalf of Nominal Defendant Teligent, Inc. v. Jason Grenfell-Gardner, Steven Koehler, Carole Ben-Maimon, John Celentano, Bhaskar Chaudhuri, James C. Gale,* and *Thomas J. Sabatino, Jr.*, Civil Action No. 1:20-cv-5448 (S.D.N.Y.).

7.      Upon the Effective Date, each of the Releasing Parties are hereby forever barred and enjoined from filing, commencing, instituting, prosecuting or maintaining, either directly, indirectly, representatively, or in any other capacity, in this Court, or in any other court of law or equity, administrative forum, or arbitration tribunal, any claim, counterclaim, cross-claim, third-party claim or other actions based upon, relating to, or arising out of, directly or indirectly, any of the Released Claims.

8.      Upon the Effective Date, pursuant to 15 U.S.C. §78u-4(f)(7)(A), this order provides that every Person is permanently and forever barred and enjoined from filing, commencing, instituting, prosecuting or maintaining, either directly, indirectly, representatively,

---

or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code §1542, which provides: A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release, and that if known by him or her, would have materially affected his or her settlement with the debtor or released party.

   Plaintiff, as Class representative, acknowledges that members of the Class may discover facts in addition to or different than those that they now know or believe to be true with respect to the subject matter of the release herein, but that it is its intention, on behalf of the Class, to fully, finally, and forever settle and release any and all claims released hereby, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of such additional or different facts.  Plaintiff also acknowledges, and Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a key element of the Settlement Agreement.

or in any other capacity, in this Court, or in any other federal, foreign, state or local court, forum or tribunal, any claim, counterclaim, cross-claim, third-party claim or other actions based upon, relating to, or arising out of the Released Claims and/or the transactions and occurrences referred to in the Complaint, or in any other pleadings filed in this Action (including, without limitation, any claim or action seeking indemnification and/or contribution, however denominated) against any of the Released Parties, whether such claims are legal or equitable, known or unknown, foreseen or unforeseen, matured or unmatured, accrued or unaccrued, or are asserted under federal, foreign, state, local or common law; this order specifically bars all future claims for contribution arising out of the action - (i) by any person against Teligent and Mr. Grenfell-Gardner; and (ii) by Teligent or Mr. Grenfell-Gardner against any person, other than a person whose liability has been extinguished by the settlement.

9.    Upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released Plaintiff, Lead Counsel, and each and all of the Class Members from all Released Claims.

10.    All Class Members who have not made their objections to the Settlement in the manner provided in the Notice are deemed to have waived any objections by appeal, collateral attack, or otherwise.

11.    All Class Members who have failed to properly submit Requests for Exclusion (requests to opt out) from the Class are bound by the terms and conditions of the Stipulation and this Final Judgment.

12.     Neither this Order and Final Judgment, the Preliminary Approval Order, the Settlement Agreement (including the exhibits thereto), nor any of the negotiations, documents or proceedings connected with them shall be argued to be or offered or received:

a.     Against any of the Released Parties as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Released Parties with respect to the truth of any fact alleged by the Plaintiff in the Amended Complaint or the Action, or the validity of any claim that has been or could have been asserted against any of the Defendants in the Amended Complaint or the Action, or the deficiency of any defense that has been or could have been asserted in the Action, or of any wrongdoing or liability by any of the Defendants, or any liability, fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants;

b.     Against the Plaintiff or any Class Member or Lead Counsel as evidence of, or construed as evidence of, any infirmity of the claims alleged by the Plaintiff in the Amended Complaint or the Action or of any lack of merit to the claims or the Amended Complaint or the Action or of any bad faith, dilatory motive, or inadequate prosecution of the claims or the Amended Complaint or the Action;

c.     Against any of the Defendants, the Plaintiff, or any Class Member, or their respective legal counsel, as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Defendants, the Plaintiff, or any Class Member, or their respective legal counsel, with

8

respect to any liability, negligence, fault, or wrongdoing as against any of the Defendants, the Plaintiff, or any Class Member, or their respective legal counsel, in any other civil, criminal, or administrative action or proceeding, other than such actions or proceedings as may be necessary to effectuate the provisions of this Stipulation, provided, however, that if this Stipulation is approved by the Court, the Defendants, the Plaintiff, and any Class Member, or their respective legal counsel, may refer to it to effectuate the liability protection and releases granted them hereunder;

d.   Against any of the Defendants as evidence of, or construed as evidence of, any presumption, concession, or admission by any of them that the Consideration represents the amount which could or would have been received after trial of the Action against them; or

e.   Against the Plaintiff or any Class Member, or Lead Counsel as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Plaintiff or any Class Member that any of their claims are without merit, or that any defenses asserted by the Defendants have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund.

13.   Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:  (a) is or may be deemed to be, or may be used as, a presumption, concession, or admission of, or evidence of, the validity of any Released Claim or of any wrongdoing or liability of the Defendants or their Related Persons; or (b) is or may be deemed to be, or may be used as, a presumption, concession, or admission of,

9

or evidence of, any fault or omission of any of the Defendants or their Related Persons in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal; or (c) is or may be deemed to be an admission or evidence that any claims asserted by Plaintiff, any Class Member or Lead Counsel were not valid in any civil, criminal, or administrative proceeding.

14.    The Parties and other Released Persons may file or refer to this Order and Final Judgment, the Settlement Agreement, Preliminary Approval Order, and/or any Claim Form:  (a) to effectuate the liability protections granted hereunder or thereunder, including without limitation, to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim; (b) to obtain a judgment reduction under applicable law; (c) to enforce any applicable insurance policies and any agreements relating thereto; or (d) to enforce the terms of the Stipulation and/or this Order and Final Judgment.

15.    In the event that the Settlement does not become Final and effective in accordance with the terms and conditions set forth in the Settlement Agreement, then this Judgment shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Settlement Agreement, and this Judgment shall be without prejudice to the rights of the Parties, and the Parties shall be deemed to have reverted *nunc pro tunc* to their respective status as of May 5, 2021, and the Parties shall proceed in all respects as if the Settlement Agreement had not been executed and the related orders had not been entered, without prejudice in any way from the negotiation, fact, or terms of the Settlement, and preserving all of their respective claims and defenses in the Action, and shall revert to their respective positions in the

Action.  In such circumstances, the parties shall thereafter work together to arrive at a mutually agreeable schedule for resuming litigation of the Action.

16.    In the event the Judgment does not become Final or the Settlement is terminated in accordance with the terms and conditions as set forth in the Stipulation, within fourteen (14) business days of (a) the Order rendering the Settlement and Judgment non-Final such that no appeal or other action can alter that outcome or (b) of notice of the Settlement being terminated, all monies then held in the Escrow Account, including interest, shall be returned to the Defendants or their insurers in accordance with the terms outlined in the Settlement Agreement.  Lead Counsel shall return any fees or award previously distributed in connection with the Settlement.

17.    Exclusive jurisdiction is hereby retained over the Parties for all matters relating to the Action, including the administration, interpretation, effectuation, or enforcement of the Settlement Agreement, the Settlement contained therein, the Settlement Fund, and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the Settlement proceeds to the Class Members.

18.    Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions in the Settlement Agreement.

19.    Any order approving or modifying the Plan of Allocation, Lead Counsel's application or award of attorneys' fees and expenses, or Plaintiff's application or award for reimbursement of costs and expenses, shall be separate from, and shall not in any way disturb or affect, the finality of this Judgment, the Settlement Agreement, or the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the Settlement.

20.      Defendants have provided notification to all appropriate federal and state officials regarding the Settlement as required by 28 U.S.C. §1715.

21.      The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

22.      The Court's orders entered during this Action relating to the confidentiality of information shall survive this Settlement.

23.      The Court directs immediate entry of this Judgment by the Clerk of the Court.

IT IS SO ORDERED.

DATED:  _____           _____
                                          THE HONORABLE VICTOR MARRERO
                                          UNITED STATES DISTRICT JUDGE