# EXHIBIT D

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| OKLAHOMA POLICE PENSION FUND AND RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TELIGENT, INC. and JASON GRENFELL-GARDNER,<br><br>Defendants. | Case No. 1:19-cv-03354-VM |

**[PROPOSED] JUDGMENT AND ORDER ON LEAD COUNSEL'S MOTION FOR AWARD OF ATTORNEYS' FEES, PAYMENT OF LITIGATION EXPENSES, AND REIMBURSEMENT OF LEAD PLAINTIFF'S COSTS AND EXPENSES**

Lead Counsel's Motion for Award of Attorneys' Fees, Payment of Litigation Expenses, and Reimbursement of Lead Plaintiff's Costs and Expenses ("Fee Application") duly came before the Court for a hearing on November 12, 2021. The Court has considered the Fee Application and all supporting and other related materials, including the matters presented at the November 12, 2021 hearing. Due and adequate notice having been given to the Class as required by the Court's Order Preliminarily Approving Settlement and Providing for Notice dated July 20, 2021 ("Preliminary Approval Order") (ECF No. 83), and the Court having considered all papers and proceedings had herein and otherwise being fully informed in the proceedings and good cause appearing therefor:

**NOW, THEREFORE, THE COURT FINDS, CONCLUDES AND ORDERS AS FOLLOWS**:

1.     This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement and Release (the "Stipulation"), dated July 14, 2021 (ECF No. 82-1),

and all capitalized terms used, but not defined herein, shall have the same meanings as in the Stipulation.

2.      This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

3.      Notice of the Fee Application was directed to Class Members in a reasonable manner and complies with Rule 23(h)(1) of the Federal Rules of Civil Procedure, due process, and the Securities Act of 1933, 15 U.S.C. §77z-1(a)(7), as amended by the Private Securities Litigation Reform Act of 1995.

4.      Class Members have been given the opportunity to object to the Fee Application in compliance with Rule 23(h)(2) of the Federal Rules of Civil Procedure and no Class Member has objected to Lead Counsel's request.

5.      The Fee Application is hereby GRANTED.

6.      Lead Counsel is hereby awarded attorneys' fees in the amount of _____% of the Settlement Fund, or $_____.  Lead Counsel is also awarded $_____ in reimbursement for its litigation expenses.  The Court finds these sums, plus interest earned at the same rate and for the same period as earned by the Settlement Fund, to be fair and reasonable. These fees and expenses shall be paid to Lead Counsel from the Settlement Fund.

7.      In making this award of attorneys' fees and reimbursement of expenses to be paid from the Settlement Fund, the Court has considered and found that:

        a.      the Settlement has created a fund of $6,000,000 in cash that has been paid into an escrow account for the benefit of the Class pursuant to the terms of the Stipulation, and Class Members who submit acceptable Proof of Claim

Forms will benefit from the Settlement that occurred because of the efforts of Lead Counsel;

b.      the fee percentage awarded is within an acceptable range;

c.      the multiplier on Lead Counsel's total lodestar of $2,180,102.50, is negative, and reasonable;

d.      the fee sought by Lead Counsel has been reviewed and approved as fair and reasonable by the Court-appointed Lead Plaintiff, a sophisticated institutional investor;

e.      copies of the Notice were mailed to over 10,000 potential Class Members or their nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 33 and 1/3% of the Settlement Fund and reimbursement of litigation expenses in an amount not to exceed $265,000, plus interest earned at the same rate and for the same period as earned by the Settlement Fund; and

f.      no Class Member has objected to any aspect of the Settlement, including the Fee Application.

8.      Lead Plaintiff has also requested reimbursement of its time and expenses incurred directly related to their representation of the Class in this Action.  Pursuant to 15 U.S.C. §77z-1(a)(4), an "award of reasonable costs and expenses (including lost wages) directly relating to the representation of the class" may be made to "any representative party serving on behalf of the class."  Lead Plaintiff Oklahoma Police Pension and Retirement System is hereby awarded its expenses, including lost wages, in the amount of $_____, which represents its reasonable costs and expenses directly related to its representation of the Class.

3

9.       Pursuant to paragraph 14.c. of the Stipulation, the fees and expenses awarded herein shall be payable to Lead Counsel following entry of this Order, notwithstanding the existence of or pendency of any appeal or collateral attack on the Settlement or any part thereof or on this Order, subject to Lead Counsel's obligation to repay all such amounts with interest pursuant to the terms and conditions set forth in paragraph 11.c. of the Stipulation.

10.      Any appeal or any challenge affecting this Court's approval regarding any attorneys' fees or expenses application shall in no way disturb or affect the finality of the Order and Final Judgment entered with respect to the Settlement.

11.      Jurisdiction is hereby retained over the parties and the Class Members for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

12.      In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation and shall be vacated in accordance with the terms of the Stipulation.

IT IS SO ORDERED.

DATED:  _____            _____
                                                                     THE HONORABLE VICTOR MARRERO
                                                                     UNITED STATES DISTRICT JUDGE

4