UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

OKLAHOMA POLICE PENSION FUND
AND RETIREMENT SYSTEM,
individually and on behalf of
all others similarly situated,

                    Plaintiff,

            v.                          19 CV 3354 (VM)

TELIGENT, INC. and JASON
GRENFELL-GARDNER,

                    Defendants.              Hearing
------------------------------x
                                        New York, N.Y.
                                        November 12, 2021
                                        10:30 a.m.

Before:

                    HON. VICTOR MARRERO,

                                        District Judge

                         APPEARANCES

SCOTT + SCOTT, L.L.P.
      Attorneys for Plaintiff
BY:  MAX SCHWARTZ

MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO, P.C.
      Attorneys for Defendants Teligent, Inc.
      and Jason Grenfell-Gardner
BY:  DOUGLAS P. BAUMSTEIN

Also Present:  Matthew B. Lunn

                    SOUTHERN DISTRICT REPORTERS, P.C.
                         (212) 805-0300

(Case called)

THE COURT:  Good morning, this is Judge Victor Marrero.  This is a proceeding in the matter of Oklahoma Police Pension Fund and it is the scheduling of the fairness hearing on this matter.

Counsel, please enter your appearances for the record.

MR. SCHWARTZ:  Good morning, your Honor, this is Max Schwartz from Scott + Scott for Oklahoma Police and the class.

MR. BAUMSTEIN:  Good morning, your Honor, this is Doug Baumstein on behalf of the securities litigation defendants, Jason Grenfell-Gardner and the company.

THE COURT:  I thank you.

MR. LUNN:  Good morning, your Honor.  It's Matthew Lunn from Young Conaway Stargatt & Taylor.  I am bankruptcy counsel to Teligent, Inc.

THE COURT:  I thank you.

As I indicated, this proceeding was scheduled to hear the presentation of the settlement that the parties were able to reach.  The Court had earlier granted preliminary approval of the settlement and scheduled the hearing today to consider final approval following the appropriate notices to the class members.

I will ask the plaintiffs to give a very brief summary of the reasons why this settlement should be approved under the *Grinnell* factors and, similarly, the proposal for an award of

attorneys' fees.  I will ask the plaintiffs to address that as well, how the settlement meets the criteria under the *Goldberger* factor for attorneys' fees.

Mr. Schwartz.

MR. SCHWARTZ:  Thank you, your Honor.  I will give a brief summary of both of those points.

Before doing so, might I give you a brief update on the bankruptcy matter, if that's all right?

THE COURT:  Sure.

MR. SCHWARTZ:  Thank you, sir.

As we indicated in a filing a little earlier this week, Teligent filed for bankruptcy on October 14, which was after the stipulation here was executed and after the insurers funded the escrow account where the settlement proceeds remained in the Court's custody.

Plaintiffs do not believe that any bankruptcy stay applies here, and counsel for defendant and the Teligent debtors are on the call supporting final-approval motions as well and available to answer any questions you might have.

Out of an abundance of caution, the Teligent debtors have asked to file a consented-to motion to stay the bankruptcy action, which would ensure that should your Honor grant final approval, this settlement is incorporated into the bankruptcy without any delay, and the parties have been cooperative throughout this matter.

So in that spirit, plaintiff agreed to Teligent's debtor's request that consent motions being filed today, it's routine. The Teligent debtors expect that it will be granted in about two weeks and no later than the end of this month.

To coordinate with that motion, we would all respectfully request that your Honor, if you are inclined to grant the final approval and fee motions pending here, wait until the consent motion is entered before formally executing the motions today, and, again, we will inform the Court as soon as that happens, which would be very shortly.

THE COURT: I thank you.

Let's then proceed.

MR. SCHWARTZ: With respect to the *Grinnell* factors and final approval, we submit that this is an excellent result for the class. It's $6 million cash recovery. There have been no requests for objections or exclusion which strongly support the adequacy of this settlement. The settlement is also procedurally fair.

It was achieved through extensive negotiations under the auspices of Robert Meyer, a very experienced mediator, and it was achieved only after the case was substantially advanced, both in those mediation efforts, which involved the exchange of materials on liability and on damages, as well as plaintiffs completed its own discovery. Defendants made significant productions of up to 15,000 documents. There was also an

investigation into the FDA and FOIA requests.  So the parties had a firm understanding of the strengths and weaknesses of the case here.

We would submit that the plaintiff and lead counsel have adequately represented the class and diligently prosecuted this action for over two years.  We overcame two motions to dismiss, as I mentioned, substantially advanced discovery, and have also retained a recovery of approximately 15 to 20 percent of damages, which compares favorably to some other similar settlements that often achieve only about 5 percent of maximum damages.

Turning then to the risk that we face, there were a number of substantial risks which merited a firm settlement now, especially on these favorable terms, as compared to continued litigation that I would like to briefly walk your Honor through those risks.

Most significantly, on liability, as your Honor may recall, this case involved an allegation that the defendants did not disclose the existence of a 43 letter prior to making certain public statements.  Defendants contended, on the other hand, that any sophisticated investor would have understood that the 43 letter in question was of a limited nature and was not the type that was implicated by defendant's statements or omissions.

So this case involved significant regulatory

complexity that presented a serious challenge as the case moved forward.

For the same reason, defendants also contended that we would not ultimately be able to prove scienter.

In terms of damages, this case primarily proceeded on a materialization of the risk theory, when poor results were disclosed at the end of the class period. Again, defendants contended that the ultimate causes of those poor results did not have to do with what they claim was a narrow 43 issue prior to the class and instead was caused by different issues. Indeed, although the Court granted in part and denied in part the motion to dismiss, in doing so, the Court held that certain of the broader theories of liability were not actionable.

Then, finally, I would also note that there was the ability of defendants to withstand greater judgment in this matter had been in question for sometime and, as we now see, defendants have declared for bankruptcy. As a practical matter, that would have prevented plaintiff from recovering a larger amount against Teligent and it would have been limited to what would have been a shrinking amount of insurance fees as the case went forward that ultimately would have had to fund both defense costs and any recovery.

For all of those reasons, we respectfully submit that the settlement merits final approval and that indeed a strong result for the class.

Again, we would ask that your Honor, in entering the order, enter final approval on the order that we submitted on November 10, which adds one paragraph confirming that the stipulation of settlement here applies in light of the bankruptcy.

THE COURT:  Thank you.

Does any other party wish to be heard on the presentation of the settlement that the plaintiff has just made?

MR. BAUMSTEIN:  Not from the defendants, your Honor.

THE COURT:  I thank you then.

Mr. Schwartz, would you address the attorneys' fee application and the extent to which it warrants approval under the *Goldberger* factors.

MR. SCHWARTZ:  Yes, your Honor.  I would also just note that accompanying the final approval order, we submitted with our reply papers a proposed order approving the plan of allocation, which, again, is similar to plans in similar cases and equitably distributes the proceeds on a pro rata basis among eligible claimants based on their relative losses.

Turning now to the *Goldberger* factors and the motion for attorneys' fees, I will be brief.

Lead counsel is requesting a standard one-third fee here.  Not only did lead plaintiffs support that request, but there had not been a single objection or exclusion, as I

mentioned earlier, which is a strong indication that the class supports this request as well.

We devoted significant time and resources to prosecuting this case, and we did so on a wholly contingent basis, addressing repeated hurdles in securing a stronger recovery for the class.

Among other things, lead counsel conducted a federal investigation that involved multiple FOIAs. We consulted with regulatory experts. We filed two complaints and overcame a motion to dismiss. Engaged in extensive discovery, filed for class certification, and had longstanding mediations and negotiation efforts. This totaled 3,774 hours, approximately, and a lodestar of approximately $2,180,000.

Second, I note that we took on this case, notwithstanding its complexity and substantial risks, which I mentioned a moment ago. I won't go through them all again, but obviously there were risks to liability, damages, and collectibility.

I'd also note, again, that this result that we achieved, notwithstanding those risks, is highly favorable, coming in at well above the similar recoveries in other securities cases.

If you do a lodestar crosscheck as well, this would result -- our requested fee of one-third would result in a negative multiplier of .92, whereas a positive multiplier is

regularly awarded in similar securities cases.

For all those reasons, we respectfully submit that the one-third request should be approved.

Turning very briefly to the costs, lead counsel is requesting reimbursement of $166,028.45 in litigation costs. All of this was reasonable and necessary to support the prosecution of the case here.  About 80 percent of those costs were for experts who dealt in class certification issues, damages issues, the plan of allocation, and expert issues related to the FDA.

After that, its next two biggest costs, coming in at about 10 percent each, were for electronic discovery and mediation, and the remainder of the costs were for items like filing fees, court reporters, travel to the client.  Again, we submit that these costs are reasonable and should be approved.

Finally, I also note that lead plaintiff, Oklahoma, did work that was necessary and valuable to achieving the result here.  The work was primarily done by its executive director and its outside general counsel, and they are seeking reimbursement under the PSLRA of $6,857, which simply reimburses those executives for the amount of time that they devoted to this case at their standard rates of pay.

For all these reasons, we respectfully would request that the Court grant that as well.

Unless your Honor has any other questions, I'm

prepared to rest on that summary.

THE COURT:  I thank you.

Does any other party wish to address this aspect of the proceedings?

MR. BAUMSTEIN:  No, your Honor.

THE COURT:  Hearing none, I am closing this hearing.

On the basis of the Court's review of the submissions on the record, the proposed settlement and proposed attorneys' fees and costs and payment to the lead plaintiff, the Court is satisfied that the settlement warrants final approval in that it is fair and reasonable to the class and adequate compensation for the class members' losses.

I am familiar with the long history of the litigation, having ruled on various motions previously, so I appreciate the strengths and weaknesses of the case, its complexity, and believe that, under the circumstances, the settlement proposed is fair and adequate in that the various risks that are involved here relating to issues such as reliance on damages and loss causation and certification of class and appeals all present risks and circumstances that would not be in the interests of the class to prolong the litigation.

The amount of the settlement of 6 million, I note, is above the average of 15 to 20 percent of comparable settlements of class actions.

For all of these reasons, I am persuaded that the

plaintiffs have made a sufficient showing that this settlement meets the *Grinnell* factors and warrants approval by the Court.

Similarly, I am persuaded that, for much of the same basis, the attorneys' fees application should be granted, given the amount of time that was expended, the complexity of the litigation, and the various risks issues that created a need for adequate representation. So I am persuaded that the attorneys' fees application meets the *Goldberger* factors and warrants approval.

The application for costs, similarly, I find are reasonable under the circumstances and that the request for reimbursement of the expenses of the litigation and of the lead plaintiff should also be granted.

Is there anything else, Mr. Schwartz?

MR. SCHWARTZ: No, your Honor. Thank you very much.

THE COURT: Thank you. I will consider the request made by the plaintiff that we hold an issuance of the order pending the other proceedings. So upon being informed that the appropriate time has arrived to file and docket the proposed order for approval, the Court will act accordingly.

MR. SCHWARTZ: Thank you, your Honor. We will inform you as soon as that motion is granted.

THE COURT: Yes. If there is nothing else, I thank you. Have a good day and a good weekend.

(Adjourned)